**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPARTAN EAGLE LEASING CAPITAL, LLC | **CASE NO.:** |
| Plaintiff, | **DECLARATION OF ELAN CHEN IN SUPPORT OF MOTION FOR WRIT OF POSSESSION AND INJUNCTIVE RELIEF** |
| v. | |
| BRYCE EGBERT, ET. AL., | |
| Defendants. | |

I, Elan Chen, declare:

1.      I have personal knowledge of the underlying facts stated herein, concerning the equipment lease between Spartan Eagle Leasing, LLC, and Deeper Dive LA Management, LLC.  I could and would competently testify in a court of law to the following if called upon to do so.

2.      I was a former consultant who was retained by Deeper Dive LA Management, LLC, Deeper Dive LA, and its owner, Bryce Egbert, to provide equipment leasing as well as operations services at the Deeper Dive business, located at 2936 E. 11th Street, Los Angeles, California 90023. Attached is my lease agreement, where I own over $200,000 worth of equipment that remains inside DDLA's 11th Street facility.

3.      I was aware that some of Deeper Dive's equipment was leased from Spartan Eagle Leasing, LLC, an equipment leasing company.  When I worked at DDLA, I was not provided a copy of the equipment lease, but have since reviewed this lease to see exactly what was truly leased.

4.      I have reviewed the Lease Agreement between Plaintiff Spartan Eagle and Defendant Deeper Dive LA Management, LLC. (**Exhibit B**), whereby Plaintiff leased Defendant the following equipment:

   (a) Two (2) Delta Separation Cup-30 Centrifuge Collection Extraction systems;

(b) Delta Separation Rolled Film Distillation ("RFD")

(c) Perma Cool System

(d) Two (2) Perma Cool Condensers

5.      I testify that all my equipment, as well as all of Spartan Eagle's equipment listed above in the Spartan Eagle lease was delivered, installed, operational, and utilized in the Deeper Dive 11th Street business in the summer through the early fall of 2023.

6.      In August of 2023, Egbert did transfer and sell Spartan Eagle's RFD Machine to Heritage Missouri and its representatives, even though it was not owed by Egbert or the DDLA companies.  At the time of this sale, I knew Spartan Eagle had a lease for some equipment in the building, but did not know that this RFD machine was under the lease to Spartan Eagle.

7.      Egbert, on his own, and without my involvement, negotiated the sale of this RFD machine in August and we shipped it out in late September to Heritage Missouri. My staff and I participated in discussions with Heritage Missouri group, including Gary Rivera, who instructed us to box and ship this RFD machine to Heritage Missouri.  We did as Heritage Missouri instructed. Attached is the shipping receipt of Spartan Eagle's RFD machine being sent to Gary Rivera and Heritage Missouri. (**Ex. E**, Shipping Receipt).  Gary Rivera also was a resident of California, and did business in California for himself and for Heritage Missouri group, including negotiating the transfer of the RFD machine.

8.      Egbert then told me he received $100,000 for this sale from this Heritage Missouri group.  After the sale, I discovered that this RFD Machine was still owned by Spartan Eagle, not DDLA.   I also discovered that none of the proceeds from the sale of the RFD to Heritage Missouri group were paid to Spartan Eagle, which I confirmed with Spartan Eagle.  Egbert should not have sold this RFD machine without Spartan Eagle's knowledge or consent, especially since it was not paid for.

9.      I also am owed money from Egbert and DDLA, as I have an equipment lease agreement that is in default and remains unpaid, despite my attempts to recover the equipment back from Egbert and DDLA.

10.      I have authored two default letters,  one January 28, 2024, and the other in March of

2024, demanding the return of my company Hera Farms' equipment, where I am owed over $150,000, which is a true and accurate description of facts that I know and am competent to testify to.

11.    Egbert also sold my Cryometrix machine valued at over $20,000, without my knowledge or consent, to a third party, and did not pay back me back.   This too is an aspect of my lease default.

12.    I have repeatedly asked to get my equipment back, and despite Egbert and his staff telling me to come get it, when I tried, I was denied physical access despite trying repeatedly without reason or justification.

13.    On July 25, 2024, I was added to text correspondence where Ali Garawi was stepping in as new ownership of the 11th Street LA facility where mine and Spartan Eagle's equipment was located.   On this text chain, there were videos that showed all of my equipment (minus the Cryometrix), as well as the equipment listed above owned by Spartan Eagle (excluding the now missing RFD machine referenced above) being inside the DDLA 11th Street facility.

14.    I was lead to believe that this new group text was done to seek to coordinate a method for myself and Spartan Eagle to retrieve our equipment from the 11th Street facility, since new ownership was taking over.

15.    I was never contacted by Garawi prior to receiving this text.

16.    On this text chain, new owners Tom Fornitelli and Ali Gawari made initial promises that third party equipment in this 11th street facility would be safe and securely kept for the proper ownership.   Gawari said that the equipment is "100% safe and isn't going anywhere", and that "you can come see/check equipment anytime You'd like".  (Exhibit __, July Text Chain).

17.    This was followed up by Fortinelli and Gawari creating a framework where myself and Spartan Eagle would work with Gawari to establish returning the equipment to its proper owner, as they recognized that the bulk of these items were not owned by DDLA/DDM, but were owned by third parties, including Spartan Eagle and myself and my company, Hera Farms.

18.    I then provided a detail their list and proof of ownership of my equipment and Spartan Eagle's equipment on this text chain.  This list was then confirmed by a member of DDLA/DDM that

the equipment listed was Spartan Eagle's and Hera Farms, establishing that the equipment listed was the property of Spartan Eagle and Hera Farms, not DDLA/DDM.  In response, Fortinelli promised that they would go through the equipment within the next 3-4 days "to tag it all to ensure it all goes back to its rightful owner.  Talk by Tuesday morning Elan.  All good. It will get worked out".  (**Ex. K**, July Text Chain).

19.    Per the outline proposed by Fortinelli and Gawari, I then talked with Gawari and Fortinelli about provide copies of my lease and proof of ownership, which I did in August of 2024.  I had multiple discussions with both, and was told that they would provide me with the right to retrieve my equipment after I provided proof of ownership.  At no point did they tell me they disputed any aspect of what was my equipment, or Spartan Eagle's whatsoever.  Our discussions indicated a simple method to retrieve it, which I believed would be honored.

20.    Given the default, and my repeated demands, neither the prior ownership of DDLA nor the new owners, including Gawari, have documented any rights to keep possession and control of my equipment, as it is mine.

21.    In August and September, I told Gawari that Spartan Eagle can take possession of my equipment from the 11th Street Facility, and I worked with Spartan Eagle to coordinate the removal.

22.    Within the past few weeks, I again had discussions with Gawari and Fortinelli, and again was told that they were new owners of this operation, and were taking over the business from Egbert and DDLA/DDM.  They both then claimed that they would allow me, through, Spartan Eagle, to retrieve all of our equipment.

23.    In September, Spartan Eagle then coordinated crews to secure the equipment, however, these initial plans were unexpectedly postponed due to Gawari's requests for more time, and claiming he had to locate the equipment that was removed from the 11th street location.  This was extremely surprising.  At no point did he document any objection or reason for the inability to retrieve, other than indicating some items were not there, but he was not clear as to what items were not present any further.

24.    Gawari's claims that he is unsure if the equipment is still in the facility is very

4

concerning, since it all should still be there and was promised to not have been removed.

25.     Given these statements that some equipment is not in the facility, coupled with the history of Egbert and DDLA selling my Cryometrix machine as well as selling Spartan Eagle's RFD macine, I am very concerned that our collective equipment is at serious risk if it is left inside of DDLA's facility.

26.     I have no agreement or contract with either Gawari or Fortinelli to allow them to maintain possession, and want my equipment back.  I also believe that the equipment is being damaged, ruined or run improperly.  I believe that I may never recover my equipment if a court does not require these defendants from acting.

I declare under penalty of perjury that the foregoing is true and correct and executed on October 13, 2024, in Phoenix, Arizona.

_Elan Chen_
Elan Chen