## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SPARTAN EAGLE LEASING CAPITAL, LLC

Plaintiff,

v.

BRYCE EGBERT, Et Al,

Defendants.

CASE NO.:

**DECLARATION OF SHANE CAVER IN SUPPORT OF MOTION FOR WRIT OF POSSESSION AND INJUNCTIVE RELIEF**

I, Shane Caver, declare:

1. I have personal knowledge of the underlying facts stated herein, concerning the attempted recovery and repossession of equipment of lessor, Spartan Eagle Leasing, LLC, and leased to Deeper Dive LA Management, LLC. I could and would competently testify in a court of law to the following if called upon to do so.

2. Plaintiff Spartan Eagle Leasing, LLC, is an equipment leasing company that provides leasing options to manufacturing and industrial users across the country.

3. I have reviewed the Lease Agreement between Plaintiff Spartan Eagle and Defendant Deeper Dive LA Management, LLC., whereby Plaintiff leased Defendant the following equipment:

(a) Two (2) Delta Separation Cup-30 Centrifuge Collection Extraction systems;

(b) Delta Separation Rolled Film Distillation ("RFD")

(c) Perma Cool System

(d) Two (2) Perma Cool Condensers

DECLARATION OF SHANE CAVER

4.    We also were directed to recover Elan Chen and his company, Hera Farm's equipment, as well, and his lease is also in default with DDLA, and his equipment includes RFD-27, Cascade Oven, 20 liter Decarb Unit, Ethanol Still, High Tide Shredder, vacuum pumps, pallet jack, kegs, A1 chiller and various miscellaneous items as outlined in the Hera Farms lease.

5.    The above leased equipment was delivered to and installed at the Defendant's address, located at 2936 E. 11th Street, Los Angeles, CA 90023.

6.    I was contracted by Plaintiff to retrieve the above equipment due to lease defaults for nonpayment, and charged approximately $12,590 to bring trailers, staff and hire a crane to repossess Plaintiff's equipment from Defendants.

7.    I arrived to retrieve the Plaintiff's equipment at Defendant's address of 2936 E. 11th Street, Los Angeles, California, on Thursday morning, October 3, 2024, as was planned.

8.    We repeatedly and peacefully sought to get the equipment, but were not allowed entry, access or the ability to recover Plaintiff's equipment.

9.    When we first knocked, a man named Alex came to the door, met us outside and shut the door behind him. When we told him we were here to pickup Plaintiff Spartan Eagle's equipment, he said he had to call his boss, Ali Gawari to see if we were allowed to retrieve it. Alex then went back inside and shut the exterior door.

10.    We could not see anything inside the building.

11.    About 10-20 minutes later, Alex came back outside, and told us his employer, Ali Gawari, said not to allow us entry or access to pick up or even see the Plaintiff's equipment. It was clear in these conversations that Alex was aware that there was an outstanding request of Plaintiff to retrieve the equipment. He did not disclaim that Plaintiff's equipment was inside. Nor did he say that there was a question as to what was owned.

12.    Approximately 45 minutes later, went back and again knocked on the 11th street door to see if we could get entry to retrieve Plaintiff equipment.

13.    Alex came back outside with another staff member. We were again told that Ali would not allow us to remove the equipment, and we were instructed to leave.

2

DECLARATION OF SHANE CAVER

14.  I asked for Alex's last name, as well as the company he worked for, but he declined to give us further information. He simply repeated that Ali told him not to let us inside, or to let us get the Plaintiff's equipment.

15.  I also asked him to call Ali Gawari, or the other owners, Tom Fortinelli or Bryce Egbert, to allow us to get access, but he refused to contact anyone else other than Ali Gawari.

16.  We were told by Alex that Ali Gawari said not to let us in, nor take any equipment, and said and did nothing more.

17.  From this interaction, the person who was in control and making decisions of that 11th street location is Ali Gawari.

18.  Defendants are refusing to allow Plaintiff to retrieve Plaintiff's equipment.

19.  I incurred over $12,000 in wage, travel, storage and equipment expenses in seeking to retrieve Plaintiff's equipment from this 11th Street location.

I declare under penalty of perjury that the foregoing is true and correct and executed on October 12 , 2024, in Los Angeles County, California.

Shane Caver

DECLARATION OF SHANE CAVER

Scanned with CamScanner