**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPARTAN EAGLE LEASING CAPITAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BRYCE EGBERT, ET. AL., <br><br> Defendants. | **CASE NO. 24-cv-88960** <br><br> **[Proposed] ORDER ON PLAINTIFF'S EX PARTE MOTION FOR WRIT OF POSSESSION, AND ALTERNATIVELY, TEMPORARY RESTRAINING ORDER FOR INJUNCTIVE RELIEF** <br><br> Date: <br> Courtroom: |

On the above date, this Court held a hearing on Plaintiff Spartan Eagle Leasing Capital, LLC's ("Plaintiff") Ex Parte Motion pursuant to Fed. R. Civ. P. 64 for a Writ of Possession, and alternatively, under Fed. R. Civ. P. 65 for an immediate Temporary Restraining Order and injunctive relief to reclaim possession of Plaintiff's leased equipment wrongfully in the possession of Defendants, Bryce Egbert, Taisiia Popova, Egbert Enterprises; LLC; Egbert Enterprise, LLC, Deeper Dive La Management, LLC, Deeper Dive La, LLC, Ali Garawi, Green Acre Management, Inc., Thomas Fortinelli, and Final Bell Corp ("Defendants"). For good cause shown, it is ordered:

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff has established the probable validity of the Plaintiff's claim of possession, and therefore, Plaintiffs' Ex Parte Motion and Application for a Writ of Possession is GRANTED;

2. Alternatively, Plaintiff has also established the likelihood of success on the merits and other factors sufficient factors on the motion for TRO/Injunctive relief, and therefore, Plaintiff's Ex Parte Motion for TRO and injunctive relief is GRANTED;

3. The Clerk of this Court shall issue a Writ of Possession directing a law enforcement officer as the levying officer, as necessary, to assist Plaintiff in entering Defendants' leased location located at 2938 E. 11th Street, Los Angeles, California 90023, or other locations, to seize and immediately turn over to Plaintiff, or Plaintiff's representatives, the equipment and property described in Plaintiff's Lease Agreement, and listed as Exhibit B to the Plaintiff's Motion, which consists of the following:

   a. Two (2) Delta Separation Cup-30 Centrifuge Collection Extraction systems;

   b. Delta Separation Rolled Film Distillation ("RFD")

   c. Perma Cool System

   d. Two (2) Perma Cool Condensers.

4. The Defendants initially acquired possession of the Plaintiff's equipment in the ordinary course of business for commercial purposes, and (1) the property is not necessary for the support of the defendant or defendants' family, (2) there is an immediate danger that the property will become unavailable to levy by reason of being transferred, concealed or removed from the state, or will become substantially impaired in value, and (3) this ex parte issuance of a writ of possession is necessary to protect the Plaintiff's property.

5. The levying officer shall additionally seize any and all books and records related to, reflecting, or associated with any sale, transfer or disposition of the above-specified property if it is not present within the location above.

6. Concerning the need for posting a bond, Plaintiff established evidence that the Defendants have no claim to any ownership of any of the equipment of the Lease

Agreement, as referenced above.  Given this, Plaintiff does not need to post a bond, undertaking or any similar security.

7. Defendants are directed to fully cooperate with this order, including allowing Plaintiff and/or Plaintiff's representatives the ability to enter the 2936 E. 11th Street, Los Angeles, California facility, or other location where Plaintiff's equipment is stored or located, to retrieve, disassemble, disconnect, and remove Plaintiff's equipment from inside this building, and Defendants also are required to transfer possession of the equipment owned by Plaintiff to Plaintiff. Failure to turn over possession of such property, or failure to comply with a reasonable cooperation effort, may subject defendants to being held in contempt of court.

8. Plaintiff is also entitled to recover fees and costs incurred in having to remove the Plaintiff's property from Defendants' premises, valued at $17,650.00, owed to Plaintiff within thirty (30) days from issuance of this Order.

So Ordered.


Dated:                                      _____

                                            UNITED STATES DISTRICT JUDGE