Christian J. Albut, Esq. (SBN 283257)
**ALBUT LAW, P.C.**
11622 El Camino Real, Suite 100
San Diego, CA 92130
Telephone: (619) 375-0241
Facsimile: (858) 764-2501
E-Mail: calbut@albutlaw.com

Attorneys for Defendants, Bryce Egbert, Ali Garawi, Deeper Dive LA Management, LLC, Final Bell Corp.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPARTAN EAGLE LEASING CAPITAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BRYCE EGBERT, TAISIIA POPOVA, EGBERT ENTERPRISES LLC; EGBERT ENTERPRISE, LLC, DEEPER DIVE LA MANAGEMENT, LLC; DEEPER DIVE LA, LLC, ALI GARAWI, GREEN ACRE MANAGEMENT, INC., THOMAS FORINELLI, FINAL BELL CORP., GARRY RIVERA, ALAN MAO, JAMES ESPOSITO, HERITAGE MISSOURI, LLC, and DOES 1-100, Inclusive,<br><br>Defendants. | Case No.: 2:24-CV-08896-JAK-JC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR AN INFORMAL DISCOVERY CONFERENCE** |

///

///

///

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

Pursuant to Local Rule 37-2, Plaintiff Spartan Eagle Leasing Capital, LLC ("Plaintiff" or "Spartan Eagle") and Defendants Bryce Egbert, Ali Garawi, Deeper Dive LA Management, LLC, and Final Bell Corp. (collectively, "Defendants"), by and through their respective counsel of record, submit this Joint Stipulation regarding Plaintiff's motion to compel further responses to Plaintiff's Requests for Production of Documents, Set One; further production of documents; compliance with a reasonable protocol for electronically stored information ("ESI"); and supplementation of Defendants' Rule 26(a)(1) initial disclosures.

This Joint Stipulation is submitted following the pre-filing conference of counsel required by Local Rule 37-1. On June 8, 2026, Plaintiff served Defendants' counsel with a letter identifying each disputed request, stating Plaintiff's position and supporting authority, and requesting a conference of counsel. Because counsel for the parties are not located in the same county Plaintiff's lead counsel maintains his office in Boulder, Colorado, and Defendants' counsel maintains his office in San Diego, California — the conference properly proceeded by telephone. See L.R. 37-1. Counsel conferred telephonically on June 18, 2026, after Defendants' June 16, 2026 written response, and were unable to resolve the disputes set forth below; Plaintiff confirmed the substance of the conference in a June 19, 2026, letter. Each issue, the discovery request and response at issue, and each party's contentions are stated separately below. Plaintiff's portion was served on Defendants' counsel pursuant to Local Rule 37-2.2, and Defendants' portion has been inserted following each issue.

## I. INTRODUCTORY STATEMENTS

### A. Plaintiff's Introductory Statement

This is a commercial dispute over high-value cannabis-manufacturing equipment that Defendants leased, never paid for, and (with respect to certain equipment) sold to third parties or never returned — including by shipping the "RFD" machine out of state and selling it for $100,000. Plaintiff's claims sound in breach of contract, conversion, and civil theft.

Plaintiff served its first set of document requests in February 2026. Those requests were

directed to the heart of the claims and issues in the proceeding: the identity of the individuals who were in control of the equipment, their intent in keeping the equipment after receiving a demand for its return, and Plaintiff's actual and punitive damages from Defendants' refusal to return the equipment.

Even though Plaintiffs granted Defendants substantial additional time to respond to the Requests, Defendants have essentially refused to participate in discovery or to look for documents responsive to these Requests.

First, Defendants have produced nothing of substance. Defendants have produced a total of 208 pages, yet every page is either a document Plaintiff itself attached to the Complaint, a document Plaintiff itself authored (including Plaintiff's own settlement communication), or a 168-page declaration lifted from an unrelated state-court case. Setting those aside, the operators of an active cannabis business that ran for years on the leased Equipment produced a single bill of lading and a handful of text messages. Defendants have promised a supplemental production for some time, but no supplemental production has followed and they appear determined to shirk their discovery obligations.

Second, Defendants refuse to conduct any ESI search at all. At the conference, defense counsel candidly stated that the search for responsive documents was left entirely to the clients, that counsel did not know how the clients collected documents, and that counsel had not supervised the effort. Defendants did not respond to Plaintiff's proposed ESI protocol — a defined custodian list, date range, and neutral search terms — by the June 24, 2026, date Plaintiff requested, and have not agreed to run a single search term. Unsupervised client self-collection, including by one convicted of felony fraud (Garawi),
does not satisfy Rule 26(g). Absent a Court Order, Defendants will not fulfill their obligations.

Third, Defendants refuse outright to produce any documents in response to entire categories of plainly relevant requests — financial distributions to the individuals who controlled the operation while the lease went unpaid (Nos. 34, 35, 37), records bearing on control and credibility (Nos. 27, 46), and the involvement of a central percipient witness (No. 53) — on

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

relevance and "privacy" grounds that do not survive scrutiny, and that confidentiality and a stipulated protective order fully address.

Fourth, Defendants have not supplemented their Rule 26(a)(1) initial disclosures. They identified only party witnesses — and Plaintiff's own principal — while omitting the employees, contractors, and third parties through whom the alleged conversion occurred (including the staff who shipped the RFD, the employee who refused Plaintiff's crew access, the Heritage parties, and percipient witness Elan Chen), and they have not provided the names or last-known contact information they promised at the conference. Compounding the omission, Defendants' disclosures affirmatively claim possession of broad document categories — equipment, financial, corporate, and communications records — that their Request responses then withhold or deny, confirming that no reasonable, attorney-supervised search was performed.

Plaintiff asks the Court to order Defendants to (1) serve rule-compliant supplemental responses and produce all responsive, non-privileged documents by a date certain; (2) run the proposed ESI search terms across the identified custodians under attorney supervision, or meet and confer in good faith on a protocol; (3) produce the categories they have refused outright, subject to the protective order; and (4) supplement their initial disclosures. Given the September 28, 2026 non-expert discovery cut-off, prompt relief is warranted.

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

**B. Defendants' Introductory Statement**

Defendants oppose Plaintiff's motion to compel because Plaintiff's motion overstates the discovery record, ignores Defendants' supplemental responses and production, and seeks categories of documents that exceed the scope of proportional discovery under Federal Rule of Civil Procedure 26(b)(1).

This case is, at its core, a commercial equipment lease dispute involving alleged lease obligations, alleged nonpayment, alleged demand for return of equipment, and disputed damages. Plaintiff attempts to recast the dispute as a broad-ranging inquiry into Defendants' personal finances, criminal/probation history, unrelated business operations, cannabis licensing records, third-party transactions, employee information, compensation records, METRC data,

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

and private financial records. The Federal Rules do not permit discovery into every aspect of a party's personal, business, or financial affairs merely because Plaintiff alleges conversion or civil theft. Discovery must be relevant to a claim or defense and proportional to the needs of the case. Plaintiff has not made that showing for the sweeping categories it seeks.

Defendants have not refused to participate in discovery. Defendants served written responses, met and conferred with Plaintiff, reviewed Plaintiff's concerns, served supplemental responses, and produced responsive documents within their possession, custody, or control. Defendants also agreed to supplement where appropriate and to meet and confer regarding a reasonable ESI protocol and protective order. Plaintiff's assertion that Defendants "refuse to conduct any ESI search at all" is incorrect. Defendants objected to Plaintiff's proposed ESI protocol as overbroad, disproportionate, and insufficiently tailored, but Defendants remain willing to conduct reasonable, proportional searches of reasonably accessible ESI sources for appropriate custodians, date ranges, and search terms. Plaintiff's proposed ESI protocol seeks all ESI across broad sources, including text, email, WhatsApp, Signal, Word, Excel, PDF, and "any other form of communication and electronic documents," from January 1, 2023 to the present, using broad terms such as "Eagle," "Lease," "Equipment," and "Delta." That proposal is facially overbroad and likely to capture large volumes of irrelevant material. Defendants are willing to meet and confer on a narrower protocol directed to the lease agreements, the equipment at issue, alleged payment obligations, alleged defaults, possession or control of the equipment, communications concerning return or transfer of the equipment, and claimed damages.

Plaintiff's motion also seeks highly private and prejudicial materials, including criminal/probation-related materials and personal financial or compensation records of individuals and non-parties. Those categories are not automatically discoverable because Plaintiff has pleaded inflammatory tort theories. Plaintiff has not shown that Ali Garawi's probation communications, criminal-file materials, or unrelated government submissions have any direct bearing on contract formation, payment obligations, equipment possession, alleged refusal to return equipment, or damages. Nor has Plaintiff shown that broad personal compensation records, distributions, unrelated financial statements, or third-party payment

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

information are proportional to the needs of the case. Defendants maintain their objections to producing criminal-history, plea, probation, investigative, personal background, private financial, or unrelated business materials absent a specific showing of relevance and proportionality or a Court order.

Plaintiff further mischaracterizes Defendants' objections as "boilerplate." Defendants' supplemental responses clarify the documents being produced, the objections being maintained, and whether documents are being withheld based on those objections. To the extent the Court determines any response requires additional clarification under Rule 34(b)(2)(C), Defendants are willing to provide further clarification. To the extent privileged materials are withheld, Defendants will log privileged documents as required by Rule 26(b)(5)(A). Defendants do not seek to withhold relevant, nonprivileged, proportional discovery based merely on confidentiality, but production of confidential financial, proprietary, regulatory, or business information should not and does not need to occur.

Plaintiff's motion should therefore be denied or substantially narrowed. At most, the Court should order the parties to meet and confer on a proportional ESI protocol and permit Defendants a reasonable period to complete any additional production required under such protocol. The Court should deny Plaintiff's request for criminal/probation materials, unrelated individual financial records, broad cannabis licensing and METRC records, unrelated business records, and private third-party payment information. Plaintiff's request for sanctions should also be denied as Defendants' objections were substantially justified, Defendants participated in meet-and-confer efforts, and the discovery disputes concern legitimate disagreements over scope, proportionality, privacy, and ESI methodology.

## II. THE REQUESTS, RESPONSES, AND PLAINTIFF'S POSITION

Each disputed Request for Production and Defendants' verified April 8, 2026, response are set forth verbatim below, followed by Plaintiff's position and a space for Defendants' position, as required by L.R. 37-2.1. The recurring legal standards, and Plaintiff's positions on the requested ESI search (Nos. 24–26), the unsupervised client self-collection, and Defendants'

failure to supplement their Rule 26(a)(1) initial disclosures, are stated where they first arise — principally in Plaintiff's position on Request No. 9 — and are incorporated by reference thereafter.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications relating to the negotiation, execution, or performance of any lease agreement between Plaintiff and any Defendant concerning the Equipment, including the Interim Lease, Master Lease, and any amendments or schedules thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: Interim Lease dated Interim Lease dated March 20, 2023, and Master Lease dated April 1, 2023. For this Request the responsive documents include Document No. DDLA000001 through DDLA000016. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: Interim Lease dated Interim Lease dated March 20, 2023, Master Lease dated April 1, 2023, and text chains of March 9, 2023, March 12, 2023, March 15, 2023, Marach 16, 2023, March 18, 2023, March 20, 2023, March 21, 2023, March 29, 2023, April 20, 2023, April 30, 2023, May 1, 2023, May 5, 2023, and May 9, 2023. For this Request the responsive documents include Document No. DDLA000001 through DDLA000016, DDLA000218, DDLA000222 through DDLA0002223, DDLA000227 through DDLA000238, DDLA000249, DDLA000258 through DDLA000259, DDLA000265 through DDLA000267. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

Plaintiff's Position:

Defendants do not object to the Request, nor could they. The Request seeks documents

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

that go to the heart of the case. These documents are important not only to establish liability but also establish intent for purposes of the civil theft and conversion claims, the individuals who had control over the equipment that was stolen by Defendants, damages, and also a rebuttal to any defenses that Defendants may raise.

Defendants identified only the Interim Lease and the Master Lease (DDLA000001–000016) — the very documents Plaintiff attached to its Complaint as Exhibits A and B. That is not a response to a request for "all documents and communications relating to the negotiation, execution, or performance" of the leases, which reaches the parties' communications about equipment selection, delivery, amendments, and performance. In their June 16, 2026 letter Defendants agreed to conduct a "further reasonable search" for this request and Requests Nos. 10–21, but no supplemental production has followed, and an agreement to "search" does not cure three defects that recur throughout Defendants' responses and that Plaintiff raised at the conference.

First, the responsive materials are overwhelmingly electronic communications — texts, emails, and messaging-application threads among the custodians — that can be located only through the ESI search Plaintiff has requested and Defendants refuse to run. Defendants' responses to the ESI requests (Nos. 24–26) confirm that they will not search electronically stored information at all. A promise to "search" for documents while refusing to search the custodians' devices and accounts is not a good-faith response and will not surface the communications this request seeks.

Following the June 18, 2026 conference, Plaintiff requested that Defendants use the following protocol to search for identify responsive documents to this and the other Requests: In terms of a protocol for an initial collection and review, all ESI (text, email, WhatsApp, Signal, word, excel, pdf, and any other form of communication and electronic documents) sent/received/created from January 1, 2023 to today for the following custodians should be searched for relevant and responsive communications: Bryce Egbert, Ali Garawi, and Tom Fornarelli. This custodian list should be supplemented with additional individuals identified by your clients with the initial disclosures.

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

From this ESI collection, you or your clients should review identify ESI containing one or more of the following terms as potentially responsive to the Requests:

Jim w/2 Lake

James w/2 Lake

"spartan-eagle.com"

Spartan

Eagle

Lease

Equipment

Permacool

"Perma cool"

Heritage

RFD

"Delta"

Centrifuge

"Rolled Film"

Rivera

Mao

Esposito

"green acre"

"muha meds"

In addition, in Mr. Garawi's ESI, you should run the terms "deeper dive," "DDLA," "Foranelli," and "Egbert"; in Mr. Egbert's ESI you should run the terms, "Foranelli" and "garawi," and in Mr. Foranelli's email, you should run the terms "deeper dive," "DDLA," "garawi" and "Egbert".

Defendants have not responded. We do not understand thme to have undertaken any search at all to respond to the Requests, and absent Court Order, they are unlikely to do so.

Second, at the June 18, 2026 conference, defense counsel stated that the search had been

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

left entirely to the clients, that counsel did not know how the clients had collected documents, and that counsel had not supervised the collection. Rule 26(g) requires an attorney to certify, after reasonable inquiry, that a discovery response is complete and correct. Counsel cannot make that certification where counsel does not know what was searched, by whom, or how — particularly where one responding party (Mr. Garawi) has a felony fraud conviction. Defendants' "agreement to search" is therefore unverified and unreliable.

Third, Defendants have not supplemented their Rule 26(a)(1) initial disclosures to identify the witnesses who hold this information. See Ex. 1 (Defendants' Initial Disclosures). Defendants disclosed only the individual Defendants and Plaintiff's own principal (James Lake) as having information; they did not identify the employees, contractors, and third parties through whom the leases were negotiated and performed and through whom the Equipment was later removed and sold. Plaintiff cannot test the completeness of any "search" while Defendants withhold the identities of the very custodians and percipients who possess the responsive materials. Defendants promised supplementation at the conference and have provided none.

These three threads — no ESI search, no attorney-supervised collection, and no supplementation of the initial disclosures — recur across Requests Nos. 9–21. More broadly, the bulk of Defendants' responses consist of unsupported, formulaic objections that a request is "overbroad, unduly burdensome, and not proportional," often coupled with "confidential and proprietary." Rule 34(b)(2)(B) requires objections to be stated with specificity, and the objecting party bears the burden of substantiating each one; generalized, copy-and-paste objections are improper and are treated as waived. See A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006). Where a response asserts that "documents are being withheld," Rule 34(b)(2)(C) requires the responding party to state whether responsive materials are in fact being withheld on the basis of a stated objection; Defendants' responses do not. And to the extent anything is withheld as privileged, Rule 26(b)(5)(A) requires a privilege log, and none has been served; a blanket assertion of privilege without a timely log risks waiver. See Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir. 2005). These standards apply throughout and are not repeated in full below.

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

At the conference, Plaintiff proposed that Defendants (i) produce all responsive non-privileged documents and communications by a date certain; (ii) run Plaintiff's proposed ESI search terms across the identified custodians under attorney supervision; and (iii) supplement their initial disclosures to identify the witnesses with responsive information. Defendants did not agree to a production deadline, to any ESI search, or to supplement their disclosures.

Defendants' Position:

Defendants oppose Plaintiff's motion as to Request No. 9 to the extent Plaintiff seeks an order compelling an unlimited search and production beyond documents within Defendants' possession, custody, or control. Defendants have produced the lease documents and, through supplemental responses and production, have identified and produced responsive communications located after a reasonable search, including text chains and communications concerning negotiation, execution, and performance of the lease agreements.

Plaintiff's request for a Court-ordered ESI search using Plaintiff's proposed protocol should be denied as overbroad and disproportionate. Plaintiff's proposal seeks all ESI from multiple broad sources and platforms from January 1, 2023, to the present and includes search terms such as "Eagle," "Lease," "Equipment," and "Delta," which are not reasonably tailored and would likely capture substantial irrelevant material. Defendants are willing to meet and confer regarding a reasonable ESI protocol limited to relevant custodians, reasonable date ranges, and targeted search terms directed to the lease agreements, equipment, payment obligations, default notices, possession or control of equipment, return of equipment, and claimed damages.

Defendants dispute Plaintiff's claim that counsel did not supervise discovery. Defendants have reviewed Plaintiff's concerns, conferred with clients, served supplemental responses, and produced documents. Defendants will continue to supplement as required by Rule 26(e). The motion should be denied or limited to requiring the parties to meet and confer regarding a proportional ESI protocol.

///

///

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

**REQUEST FOR PRODUCTION NO. 10:**

All documents evidencing, referring to, or constituting any payment, attempted payment, or promise of payment by any Defendant to Plaintiff for the Equipment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

After a reasonable search and diligent inquiry, Responding Party has located no responsive, nonprivileged documents currently in its possession, custody, or control; no documents are being withheld on the basis of this response. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: email chain of May 23, 2023, and text chains of June 19, 2023, June 26, 2023, June 28, 2023, July 9, 2023, July 11, 2023, July 17, 2023, July 21, 2023, July 27, 2023, October 4, 2023, October 17, 2023, October 23, 2023. For this Request the responsive documents include Document No. DDLA000212 through DDLA000215, DDLA000277 through DDLA000279, DDLA000282 through DDLA000284, DDLA000287 through DDLA000288, DDLA000290, DDLA000292 through DDLA000295. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

Plaintiff's Position:

Defendants first represented that no responsive documents exist. That representation is not credible on this record – there are examples of Egbert, for example, promising that he will pay Plaintiff or that he had paid Plaintiff (though he never did so). Plaintiff's December 15, 2023 default notice and the parties' communications reflect repeated promises to pay and purported "wires," and a request for documents "evidencing, referring to, or constituting any payment, attempted payment, or promise of payment" necessarily reaches those communications. For the reasons stated in Plaintiff's Position on Request No. 9, a "no documents" representation is unreliable where Defendants performed no attorney-supervised search, refuse to search ESI, and

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

have not identified the custodians who would hold these communications. Defendants must confirm in writing the custodians, devices, sources, and search terms used (Rule 26(g)), run the requested ESI search, and produce any responsive materials. Defendants should be required to run the same protocol identified in regard to Request 9; to date, they have refused to do so.

Defendants' Position:

Defendants have served supplemental responses and produced responsive nonprivileged documents located after reasonable inquiry concerning payments, attempted payments, or alleged promises of payment. To the extent no additional responsive documents exist within Defendants' possession, custody, or control, Defendants have so stated or will clarify that position in supplemental responses.

Plaintiff's disbelief that a party may have limited responsive documents is not grounds to compel nonexistent documents. Rule 34 requires production of documents within a party's possession, custody, or control; it does not require a party to create documents or produce materials that do not exist. Defendants oppose any order requiring narrative search descriptions for each response, but are willing to provide reasonable clarification concerning custodians and sources searched if the Court believes such clarification is necessary.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications concerning any default, alleged default, or notice of default under any lease agreement with Plaintiff, including but not limited to the December 2023 and April 2024 default notices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

After a reasonable search and diligent inquiry, Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: Notice of Default and Demand dated December 15, 2023, Second Notice of Default and Demand dated April 9, 2024, Notice and Demand for Immediate Access dated September 29, 2024, and July 2024 text chain. For this Request the responsive documents include Document No. DDLA000017 through DDLA000031. Discovery is ongoing, and

Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

After a reasonable search and diligent inquiry, Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: Notice of Default and Demand dated December 15, 2023, Second Notice of Default and Demand dated April 9, 2024, Notice and Demand for Immediate Access dated September 29, 2024, and July 2024 text chain. For this Request the responsive documents include Document No. DDLA000017 through DDLA000031. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

Plaintiff's Position:

Defendants produced only Plaintiff's own default notices and demand and the July 2024 text chain (DDLA000017–000031) — documents already in the case as they are attached to the Complaint. The request seeks Defendants' internal communications about the defaults and their responses to Plaintiff's notices, which have not been produced. For the reasons stated as to Request No. 9, the agreement to "search further" is insufficient without an attorney-supervised ESI search and supplementation of the initial disclosures. Defendants should be required to supplement after they conduct the search set out in regards to Request No. 9; Defendants have not agreed to do so.

Defendants' Position:

Defendants have produced the default notices, demand communications, and responsive text communications located after reasonable inquiry. Defendants are not withholding known responsive nonprivileged documents concerning default notices except as stated in their objections or supplemental responses.

Plaintiff seeks to convert this request into a broad ESI dispute. Defendants are willing to

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

search reasonably accessible ESI using appropriate custodians and search terms, but Plaintiff's proposed protocol is overbroad. The Court should deny Plaintiff's request for an unlimited ESI search and instead direct the parties to meet and confer regarding reasonable ESI parameters.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications concerning the removal, transfer, sale, or attempted sale of any of the Equipment, including the RFD machine referenced in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

After a reasonable search and diligent inquiry, Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: Declaration of Egbert dated January 5, 2024. For this Request the responsive documents include Document No. DDLA000032 through DDLA000199. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

After a reasonable search and diligent inquiry, Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: Declaration of Egbert dated January 5, 2024. For this Request the responsive documents include Document No. DDLA000032 through DDLA000199. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

<u>Plaintiff's Position:</u>

This request goes to the core of the conversion and civil-theft claims — the removal, transfer, and sale of the RFD machine, and any other equipment leased by Plaintiff to Defendants. Defendants' only cited document is the 168-page Declaration of Bryce Egbert from the unrelated Herbert Capital action (DDLA000032–000199), which does not address the removal, transfer, or sale of the RFD at all; a declaration from another case is non-responsive padding, not a response. Ex. 2 (copy of declaration referenced by Defendants). The allegations are that Egbert directed staff to load the RFD into a box truck and ship it to Missouri, that the

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

sale was negotiated with the Heritage parties, and that approximately $100,000 changed hands. The internal directives, sale negotiations, shipping arrangements, and payment records reflecting those events exist as electronic communications that Defendants have not produced and that the refused ESI search would likely surface. For the reasons stated as to Request No. 9, the promise to "search" is hollow absent that search, attorney supervision, and identification of the witnesses — including the staff who loaded and shipped the machine. Plaintiff's proposed production, the ESI search, and disclosure supplementation should be ordered.

Defendants' Position:

Defendants have produced responsive documents located after reasonable inquiry, including documents concerning the movement or transfer of the equipment. Defendants dispute Plaintiff's characterization that the Egbert declaration is "padding" or that all communications Plaintiff speculates "must exist" are necessarily within Defendants' possession, custody, or control.

To the extent additional nonprivileged documents concerning removal, transfer, sale, or attempted sale of equipment are located through reasonable searches, Defendants will produce them. Defendants oppose Plaintiff's demand for broad ESI searches untethered to proportional limits. Defendants also dispute Plaintiff's unsupported assertion that Defendants sold the RFD machine for $100,000 as though that fact were established.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications concerning the shipment of the RFD machine or any other Equipment to any location outside California, including but not limited to Missouri.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

After a reasonable search and diligent inquiry, Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: Bill of Landing dated September 26, 2023. For this Request the responsive documents include Document No. DDLA000200. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

After a reasonable search and diligent inquiry, Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: Bill of Landing dated September 26, 2023. For this Request the responsive documents include Document No. DDLA000200. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

Plaintiff's Position:

Defendants produced a single bill of lading dated September 26, 2023 (DDLA000200), which was previously filed by Plaintiff at Docket No. 1-5 (Exhibit E to initial complaint). Indeed, this document has the Pacer Docket header on top of it. See Exhibit 3. The request seeks "all documents and communications" concerning the shipment, including communications with the carrier and the Missouri recipients and internal logistics communications — materials that exist as electronic communications the refused ESI search would surface. For the reasons stated as to Requests Nos. 9 and 12, a single bill of lading is not a complete response, and the agreement to "search" does not cure the absence of an ESI search or disclosure of the witnesses involved. Defendants must supplement, using the ESI protocol that Plaintiff requested.

Defendants' Position:

Defendants produced the bill of lading and will produce any additional nonprivileged documents located after reasonable inquiry concerning shipment of the RFD machine or other equipment outside California. Defendants do not oppose reasonable discovery concerning shipment of the equipment at issue.

Defendants object to Plaintiff's proposed ESI order because it is not limited to targeted custodians, sources, and search terms. The proper remedy, if any, is a proportional ESI protocol, not a blanket order adopting Plaintiff's unilateral proposal.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications with any third party, including Heritage Missouri,

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

LLC, Garry Rivera, Alan Mao, or James Esposito, regarding the purchase, transfer, or possession of any of the Equipment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

After a reasonable search and diligent inquiry, Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: Bill of Landing dated September 26, 2023. For this Request the responsive documents include Document No. DDLA000200. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

After a reasonable search and diligent inquiry, Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: Bill of Landing dated September 26, 2023. For this Request the responsive documents include Document No. DDLA000200. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

Plaintiff's Position:

Defendants again produced only the same bill of lading (DDLA000200), that was previously filed by Plaintiff. The request expressly reaches communications with Heritage Missouri, Garry Rivera, Alan Mao, and James Esposito regarding the purchase, transfer, or possession of the Equipment. The record reflects that Egbert negotiated the RFD sale with the Heritage parties and that Rivera directed the machine be boxed and shipped, with Rivera as recipient — so communications negotiating an approximately $100,000 purchase and arranging the transfer necessarily exist. These are precisely the third-party communications the refused ESI search would surface, and the Heritage parties are among the witnesses Defendants have failed to identify in their initial disclosures. For the reasons stated as to Requests Nos. 9 and 12, Defendants must produce these communications, run the ESI search, and supplement their disclosures.

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

Defendants' Position:

Defendants have produced responsive documents located after reasonable inquiry concerning third-party communications regarding purchase, transfer, or possession of the equipment. Defendants will supplement if additional responsive nonprivileged documents are located.

Plaintiff's assertion that communications "necessarily exist" is speculative. Defendants cannot be compelled to produce documents not located after reasonable inquiry or documents outside their possession, custody, or control. Defendants remain willing to meet and confer regarding targeted searches for communications with Heritage Missouri, Garry Rivera, Alan Mao, and James Esposito concerning the equipment at issue.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications concerning the failure to pay Plaintiff for the Equipment, including internal communications, board minutes, and correspondence with investors or creditors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

After a reasonable search and diligent inquiry, Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: Update settlement offer letter from Jim Lake dated January 11, 2025. For this Request the responsive documents include Document No. DDLA000201. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

After a reasonable search and diligent inquiry, Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: Update settlement offer letter from Jim Lake dated January 11, 2025, email chain dated May 23, 2023 and text chains of June 1, 2023, June 26, 2023, July 9, 2023, July 17, 2023, October 12, 2023, October 17, 2023, October 23, 2023. For this Request the responsive documents include Document No. DDLA000201, DDLA000212 through

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

DDLA000215, DDLA000274, DDLA000278, DDLA000282, DDLA000284, DDLA000291 through DDLA000295. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

<u>Plaintiff's Position:</u>

Defendants produced only Plaintiff's principal's own January 11, 2025 settlement-offer letter (DDLA000201) (Ex. 4) — a Plaintiff-side settlement communication that is non-responsive to a request for Defendants' internal communications, minutes, and investor or creditor correspondence concerning the failure to pay. Those are Defendants' own electronic records and communications, reachable through the ESI search Defendants refuse. For the reasons stated as to Request No. 9, the agreement to "search" does not cure the missing ESI search or the failure to identify the relevant witnesses. Defendants must supplement with the materials requested in the ESI protocol set forth in regard to Request No. 9, and any other documents that might be relevant (including non-ESI documents).

<u>Defendants' Position:</u>

Defendants have produced responsive documents located after reasonable inquiry concerning the alleged failure to pay. Defendants object to the extent the request seeks broad internal financial, investor, creditor, or board materials unrelated to the lease agreements, equipment, alleged payment obligations, default, or claimed damages.

Plaintiff is not entitled to all investor or creditor communications merely because payment is disputed. The Court should limit any further production to nonprivileged documents directly concerning Plaintiff's lease, alleged payment obligations, alleged defaults, and Defendants' communications with Plaintiff regarding payment.

**<u>REQUEST FOR PRODUCTION NO. 16:</u>**

All documents and communications concerning the possession, custody, or control of the Equipment at any time from January 1, 2023, to the present, including records identifying all individuals or entities who had possession, custody, or control of the Equipment.

///

///

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

After a reasonable search and diligent inquiry, Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: text chain of July 2024. For this Request the responsive documents include Document No. DDLA000017 through DDLA000020. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

After a reasonable search and diligent inquiry, Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: email chain dated June 19, 2023 and text chains of July 2024, March 29, 2023, April 5, 2023, April 13, 2023, April 25, 2023, May 1, 2023, May 5, 2023, May 10, 2023, May 11, 2023, and May 24, 2023. For this Request the responsive documents include Document No. DDLA000017 through DDLA000020, DDLA000216 through DDLA000217, DDLA000238 through DDLA000241, DDLA000256 through DDLA000257, DDLA000259, DDLA000262, DDLA000265 through DDLA000266, DDLA000269 through DDLA000271. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

Plaintiff's Position:

This request is central to the conversion claim — who exercised dominion over the Equipment, and when. Defendants produced only the July 2024 text chain (DDLA000017–000020) (Ex. 5), which again was attached to Plaintiff's complaint, as reflected by the Pacer header at the top of each page. Defendants did not produce the records "identifying all individuals or entities who had possession, custody, or control" that the request expressly requires. Those individuals are among the witnesses Defendants have not disclosed under Rule 26(a)(1), and the responsive communications are reachable only through the refused ESI search, as well as additional non-ESI documents identifying the equipment at the facility. For the

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

reasons stated as to Requests Nos. 9 and 14, Defendants must supplement, run the ESI search, and identify the custodians.

Defendants' Position:

Defendants have produced responsive communications concerning possession, custody, or control of the equipment located after reasonable inquiry. Defendants will supplement if additional responsive nonprivileged documents are located.

Plaintiff's request should be limited to the equipment at issue and to persons or entities who had possession, custody, or control of that equipment. Defendants oppose any order requiring broad disclosure of employee or contractor information unrelated to the equipment or the claims and defenses in this case. Defendants will supplement Rule 26(a)(1) disclosures as appropriate for individuals Defendants may use to support their claims or defenses.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications concerning any damage, loss, or repair of the Equipment, including maintenance records, repair invoices, and insurance claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

After a reasonable search and diligent inquiry, Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: text chains of April 13, 2023 and June 29, 2023. For this Request the responsive documents include Document No. DDLA000202 through DDLA000204. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

After a reasonable search and diligent inquiry, Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: email chain dated June 19, 2023 and text chains of April 5, 2023, April 13, 2023, April 18, 2023, May 10, 2023, May 11, 2023, May 24, 2023, May 25, 2023 and June 29, 2023, . For this Request the responsive documents include Document No. DDLA000202 through DDLA000204, DDLA000216 through DDLA000217, DDLA000239 through

DDLA000241, DDLA000243, DDLA000269 through DDLA000273. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

Plaintiff's Position:

Defendants produced only two brief excerpts of a text chain from April and June 2023 (DDLA000202–000204), Ex. 6. These do not appear to be responsive and in any event clearly are not all of the communications that Defendants have in their possession, custody or control that are responsive. The lease required insurance that Defendants never obtained, and Plaintiff incurred roughly $75,000 in repairs upon return of the Equipment; maintenance records, repair invoices, and insurance claims are responsive and have not been produced. For the reasons stated as to Request No. 9, the agreement to "search" is insufficient absent the ESI search and disclosure of the witnesses with this information. Defendants must produce these documents or confirm, after an attorney-supervised search.

Defendants' Position:

Defendants have produced responsive documents located after reasonable inquiry concerning damage, loss, repair, maintenance, or insurance of the equipment. To the extent no maintenance records, repair invoices, or insurance claims exist within Defendants' possession, custody, or control, Defendants cannot produce nonexistent documents.

Defendants do not object to producing nonprivileged documents concerning damage, loss, repair, maintenance, or insurance of Plaintiff's equipment, if such documents exist and are within Defendants' possession, custody, or control. Defendants oppose Plaintiff's broader request for attorney-supervised ESI searches under Plaintiff's overbroad protocol.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications concerning any assertion of ownership, security interest, or lien in the Equipment by any person or entity other than Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

After a reasonable search and diligent inquiry, Responding party is unable to specifically

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

comply with this Request as it does not possess, custody, or control any responsive, non-privileged documents other than those attached. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e). Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

After a reasonable search and diligent inquiry, Responding Party states that it has located no additional nonprivileged documents within its possession, custody, or control responsive to this Request other than documents already produced, if any, and identified by Bates number in response to other requests. Responding Party is not withholding responsive nonprivileged documents based on objections, except to the extent the Request seeks privileged materials or documents outside Responding Party's possession, custody, or control. Discovery is ongoing, and Responding Party will supplement this response as required by Federal Rule of Civil Procedure 26(e).

Plaintiff's Position:

Defendants' response that they were "unable to specifically comply … other than those attached" is evasive: it does not identify what is "attached," confirm the search performed, or state whether responsive documents are being withheld, as Rule 34(b)(2) requires. The Heritage parties' claimed "purchase" of the RFD and any competing ownership claims are directly relevant to conversion. For the reasons stated as to Request No. 9, a compliant response requires an attorney-supervised search, the ESI search Defendants refuse, and identification of the witnesses involved. Defendants must provide a complete, Rule 34-compliant response.

Defendants' Position:

Defendants have clarified or will clarify their supplemental response to remove any ambiguity from the phrase "unable to specifically comply." After reasonable inquiry, Defendants have not located additional nonprivileged documents within their possession, custody, or control concerning any assertion of ownership, security interest, or lien in the equipment by any person or entity other than Plaintiff, other than documents already produced or identified.

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

Defendants are not withholding known responsive nonprivileged documents based on objections except as expressly stated. To the extent Plaintiff seeks discovery concerning the Heritage parties' alleged ownership or purchase claims, Defendants are willing to meet and confer regarding targeted searches, but Defendants cannot produce documents in the possession of non-parties.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications concerning securing separate equipment to be returned to Plaintiff instead of the equipment that was provided, including the replacement Pope machine instead of the RFD, and the replacement Perma-Cool system, including ownership, payment and supporting information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

After a reasonable search and diligent inquiry, Responding party is unable to specifically comply with this Request as it does not possess, custody, or control any responsive, non-privileged documents other than those attached. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

After a reasonable search and diligent inquiry, Responding Party states that it has located no additional nonprivileged documents within its possession, custody, or control responsive to this Request other than documents already produced, if any, and identified by Bates number in response to other requests. Responding Party is not withholding responsive nonprivileged documents based on objections, except to the extent the Request seeks privileged materials or documents outside Responding Party's possession, custody, or control. Discovery is ongoing, and Responding Party will supplement this response as required by Federal Rule of Civil Procedure 26(e).

Plaintiff's Position:

Plaintiff came to learn after it had the equipment picked up that there were at least two "replacements" provided by Defendants – one for its RFD system and another for its Perma-Cool system. It is Plaintiff's understanding that despite the outstanding Court order, Defendants still

possess equipment in their possession custody or control belonging to Plaintiff. Documents and information about these so called “replacements” must exist and they must be produced in response to this Request.

The same evasive “unable to comply” response is inadequate for the reasons stated as to Request No. 18. The July 2024 text chain references the missing RFD as “alleged to have a beaker and wrench as replacement,” and documents concerning the substitution of equipment bear directly on the conversion claim and any attempt to paper over the missing RFD. These are electronic communications the refused ESI search would surface. Defendants must produce all responsive documents. Although Defendants have vaguely pledged to look for documents, there is no attorney supervision in this regard and they have not agreed to any ESI search or any other search.

<u>Defendants’ Position:</u>

Defendants have clarified or will clarify their supplemental response to state whether any responsive documents exist concerning alleged replacement equipment. After reasonable inquiry, Defendants have produced documents located within their possession, custody, or control and will supplement if additional nonprivileged responsive documents are located.

Plaintiff’s claim that replacement-equipment documents “must exist” is speculation. Defendants object to Plaintiff’s demand for a broad ESI protocol, but remain willing to conduct targeted searches concerning the alleged Pope machine, Perma-Cool system, and any alleged replacement equipment if the parties agree on reasonable custodians, date ranges, and search terms.

**<u>REQUEST FOR PRODUCTION NO. 20:</u>**

All documents and communication concerning damage, maintenance, and/or repairs to Plaintiff’s Equipment.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 20:</u>**

After a reasonable search and diligent inquiry, Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: text chain of April 13, 2023. For this Request the responsive

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

documents include Document No. DDLA000202 through DDLA000203. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

After a reasonable search and diligent inquiry, Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: email chain dated April 24, 2023 and June 19, 2023 and text chain of April 5, 2023, April 13, 2023, April 18, 2023, April 19, 2023, May 10, 2023, May 11, 2023, May 24, 2023, and May 25, 2023. For this Request the responsive documents include Document No. DDLA000202 through DDLA000203, DDLA000209 through DDLA000211, DDLA000216 through 217, DDLA000239 through 241, DDLA000243, DDLA000245 through 248, and DDLA000269 through DDLA000273. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

Plaintiff's Position:

Damage to the equipment is relevant both to claims and to defenses. Plaintiff asserts that it received equipment that had been damaged and had to pay for repair; Defendants have argued as a defense to the contract claims that they received damaged equipment.

Defendants however have not responded. The Defendants' response here is duplicative of Request No. 17 and they produced only the April 13, 2023 text chain in response (DDLA000202–000203). Ex. 6. This text largely predated the receipt of the equipment, and is not responsive. No maintenance, repair, or damage records from the relevant period were produced, nor any emails about the same. For the reasons stated as to Requests Nos. 9 and 17, Defendants must supplement their production, including through the refused ESI search and any other records that they may have.

Defendants' Position:

Defendants have produced responsive documents located after reasonable inquiry

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

concerning damage, maintenance, or repairs to Plaintiff's equipment. Defendants do not oppose producing nonprivileged documents concerning damage, maintenance, or repairs to the equipment at issue if such documents are located.

Plaintiff's motion should be denied to the extent it seeks an order compelling Defendants to produce records that do not exist or are outside Defendants' possession, custody, or control. Any additional ESI search should be governed by a proportional protocol.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications concerning any efforts by Plaintiff or its agents to retrieve, repossess, or inspect the Equipment, including correspondence among Defendants and/or others concerning whether to turn the Equipment over to Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

After a reasonable search and diligent inquiry, Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: text chain dated September 19, 2023 through September 24, 2023. For this Request the responsive documents include Document No. DDLA000205 through DDLA000208. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

After a reasonable search and diligent inquiry, Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: text chain dated September 19, 2023 through September 24, 2023. For this Request the responsive documents include Document No. DDLA000205 through DDLA000208. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

Plaintiff's Position:

Defendants produced only a September 2023 text chain (DDLA000205–000208), that again was also attached to the Complaint (as reflected in the Pacer header). Ex. 7. And it is not responsive: the retrieval dispute that matters occurred in 2024, whereas this text chain is from

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

2023. Further, the request expressly seeks correspondence (emphasis supplied) "among Defendants … concerning whether to turn the Equipment over," which would include internal communications reflecting Garawi's instruction in 2024 to refuse access — communications reachable only through the refused ESI search, and held by witnesses (including the facility employee who refused access) whom Defendants have not disclosed. For the reasons stated as to Requests Nos. 9 and 16, Defendants must supplement, run the ESI search requested, and identify the witnesses with relevant information in updated initial disclosures.

Defendants' Position:

Defendants have produced responsive communications located after reasonable inquiry concerning efforts by Plaintiff or its agents to retrieve, repossess, or inspect the equipment. Defendants will supplement if additional nonprivileged responsive documents are located.

Defendants dispute Plaintiff's assertion that internal communications reflecting an alleged "instruction" by Garawi to refuse access necessarily exist or were withheld. Plaintiff's characterization is disputed. Defendants oppose Plaintiff's request for a broad ESI order, but are willing to meet and confer regarding targeted searches for communications concerning Plaintiff's retrieval, repossession, or inspection efforts.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications concerning any revenues, profits, or other financial benefits derived from the use, operation, or sale of the Equipment by any Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

After a reasonable search and diligent inquiry, Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: Declaration of Egbert dated January 5, 2024. For this Request the responsive documents include Document No. DDLA000032 through DDLA000199. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

///

///

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

After a reasonable search and diligent inquiry, Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: Declaration of Egbert dated January 5, 2024. For this Request the responsive documents include Document No. DDLA000032 through DDLA000199. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

Plaintiff's Position:

Profits and revenues derived from the Equipment are squarely at issue. The Complaint alleges, and Egbert's own statements reflect, substantial revenue generated using the Equipment, with figures running into the millions; the request is tied to benefits "derived from the use, operation, or sale of the Equipment." Defendants' only cited document is the same non-responsive Egbert declaration from the Herbert Capital action (DDLA000032–000199) (Ex. 2), which says nothing about revenues or profits. The "overbroad, unduly burdensome, and not proportional" objection is boilerplate, unsupported by any burden showing, and therefore improper. A. Farber & Partners, 234 F.R.D. at 188.

The "confidential, proprietary, and private financial information" objection is not a basis to withhold. Financial information bearing on the revenues and profits generated using the converted property is directly relevant to Plaintiff's damages — including disgorgement and unjust enrichment — and to punitive damages, for which a defendant's financial condition is discoverable in this federal litigation. Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 286 (C.D. Cal. 1998).

For the confidentiality concern, Plaintiff provided Defendants with a proposed stipulation to be entered by the Court. Defendants never responded. Any confidentiality concern would be fully resolved by entering the order; Defendants cannot resist production when they will not participate in the process for protecting their confidentiality.

Defendants must produce the financial records, sales and production data, and related

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

communications reflecting revenues and profits derived from the Equipment, subject to the protective order.

Defendants' Position:

Defendants oppose Plaintiff's motion as to Request No. 22. The request seeks "all documents and communications concerning any revenues, profits, or other financial benefits derived from the use, operation, or sale of the Equipment by any Defendant." As drafted, the request is overbroad, unduly burdensome, invasive, and not proportional to the needs of the case.

Plaintiff is not entitled to broad financial, revenue, profit, sales, production, or business records merely by asserting conversion, civil theft, unjust enrichment, or punitive damages. Rule 26(b)(1) requires discovery to be relevant to a claim or defense and proportional to the needs of the case. Request No. 22 does not satisfy that standard. It is not limited to a specific Defendant, specific equipment, specific transaction, specific sale, specific payment, specific date of use, specific claimed benefit, or specific damages theory. Instead, it seeks broad financial and business records concerning any alleged "revenues, profits, or other financial benefits" supposedly "derived from" the use, operation, or sale of the Equipment by any Defendant.

The request also assumes a factual premise that Defendants dispute, namely, that any Defendant derived identifiable revenue, profit, or financial benefit from Plaintiff's Equipment. Plaintiff has not identified a workable method for separating revenue allegedly attributable to the Equipment from revenue, if any, attributable to general business operations, other equipment, labor, licensing, inventory, market conditions, overhead, financing, unrelated sales, unrelated business activities, or third-party conduct. Plaintiff's speculation that business revenues may have some connection to the Equipment does not justify a wholesale review of Defendants' financial and business records.

Plaintiff also has not established that the requested materials are necessary or proportional to any particular claim or defense. To the extent Plaintiff seeks damages, Plaintiff must first identify the damages it claims, the legal theory supporting those damages, the Defendant to whom the damages are attributed, and the factual basis for tying any alleged

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

revenue or benefit to the specific Equipment at issue. Plaintiff may not use Request No. 22 as a vehicle to conduct a general audit of Defendants' business operations.

The confidentiality and proprietary nature of the requested materials further weighs against production. Request No. 22 seeks commercially sensitive business information, revenue information, profit information, sales information, operational data, and potentially third-party business information. A protective order does not itself make irrelevant or disproportionate discovery discoverable. Confidentiality protections may address dissemination, but they do not eliminate Plaintiff's threshold burden to show relevance and proportionality.

Defendants will not produce broad financial, revenue, profit, sales, production, or business records in response to Request No. 22 as drafted. No documents will be produced in response to this Request as drafted, and documents, if any, are being withheld on the basis of the foregoing objections.

If the Court is inclined to permit any discovery into alleged revenues, profits, or financial benefits, Defendants respectfully request that any order be narrowly tailored and limited, if at all, to nonprivileged documents directly concerning an identified sale, transfer, or disposition of the specific Equipment at issue, or documents directly supporting a specific damages calculation Plaintiff has identified, and only after entry of an appropriate protective order. Plaintiff's motion to compel further production in response to Request No. 22 should be denied.

**REQUEST FOR PRODUCTION NO. 23:**

All financial statements, balance sheets, profit and loss statements, and other financial records of each Defendant from January 1, 2023, to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Responding party objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks all financial statements, balance sheets, profit and loss statements, and other financial records of each Defendant from January 1, 2023 to the present, without limitation to the leased Equipment, the Lease Agreement, alleged payments or defaults, alleged revenues derived from the Equipment,

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

or any claim or defense actually at issue in this action. Responding party further objects on the grounds that the Request seeks confidential, proprietary, and private financial information.

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Responding party objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks all financial statements, balance sheets, profit and loss statements, and other financial records of each Defendant from January 1, 2023 to the present, without limitation to the leased Equipment, the Lease Agreement, alleged payments or defaults, alleged revenues derived from the Equipment, or any claim or defense actually at issue in this action. Responding party further objects on the grounds that the Request seeks confidential, proprietary, and private financial information. No documents will be produced in response to this Request, and documents, if any, are being withheld on the basis of the foregoing objections.

Plaintiff's Position:

These records are relevant to unjust enrichment and disgorgement, the civil-theft damages measure, and Defendants' anticipated inability-to-pay position, particularly given the substantial member buy-outs reflected in the record. For the reasons stated as to Request No. 22, the overbreadth objection is unsupported boilerplate and the confidentiality objection is resolved by the protective order; financial condition is also discoverable on the punitive-damages claim. See Oakes, 179 F.R.D. at 286. Defendants produced nothing and must supplement, subject to the protective order. Plaintiff proposed this resolution at the conference; Defendants maintained their objections.

Defendants' Position:

Defendants oppose Plaintiff's motion as to Request No. 23. The request seeks "[a]ll financial statements, balance sheets, profit and loss statements, and other financial records of each Defendant from January 1, 2023, to the present." As drafted, the request is facially overbroad, unduly burdensome, invasive, and not proportional to the needs of the case.

Plaintiff is not entitled to complete financial records for every Defendant merely because

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

Plaintiff has asserted tort labels in what remains, at its core, a dispute concerning an alleged equipment lease, alleged nonpayment, alleged demand for return, disputed possession or control of equipment, and claimed damages. Rule 26(b)(1) limits discovery to nonprivileged matters relevant to a party's claim or defense and proportional to the needs of the case. Request No. 23 is not limited to the lease agreements, the equipment at issue, alleged payments, alleged defaults, alleged sale proceeds, alleged damage to equipment, mitigation, offsets, or any specific damages theory. Instead, it seeks every Defendant's complete financial records for more than three years.

Plaintiff's reliance on punitive damages does not justify the wholesale production of all personal and entity financial records at this stage. Even where financial-condition discovery may be permitted in some federal cases involving punitive damages, the discovery must still satisfy Rule 26(b)(1)'s relevance and proportionality requirements. Plaintiff has not shown that every Defendant's complete financial statements, balance sheets, profit-and-loss statements, and "other financial records" are necessary or proportional. Nor has Plaintiff shown that such broad financial discovery is tied to any specific Defendant's alleged conduct, any specific claim, or any specific measure of damages.

Plaintiff also has not established a basis to invade private personal financial information, confidential company financial records, proprietary business information, tax-sensitive records, banking materials, or unrelated financial statements. A protective order does not itself make irrelevant or disproportionate discovery discoverable. Confidentiality protections may address dissemination, but they do not eliminate Plaintiff's threshold burden to show relevance and proportionality.

Defendants will not produce complete financial records for each Defendant in response to Request No. 23. No documents will be produced in response to this Request as drafted, and documents, if any, are being withheld on the basis of the foregoing objections.

If the Court is inclined to permit any financial discovery, Defendants respectfully request that any order be narrowly tailored and limited, if at all, to nonprivileged documents directly tied to the specific equipment at issue, alleged lease payments, alleged sale proceeds of Plaintiff's

equipment, or a specific damages calculation, and only after entry of an appropriate protective order. The Court should deny Plaintiff's motion to compel as to Request No. 23.

**REQUEST FOR PRODUCTION NO. 24:**

All of Defendant DDLA's and Defendant Egbert's electronically stored information (ESI), including emails, text messages, and instant messages, sent, received or created between January 1, 2023 and December 31, 2025, containing one or more of the following terms: Spartan, Eagle, Heritage, "jim" w/3 "lake", "james" w/3 "lake," garawi, forinelli, and/or "final bell".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Responding Defendants DDLA and Egbert object to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks all ESI, including emails, text messages, and instant messages, over a three-year period based on broad search terms, without identifying custodians, data sources, search methodology, or reasonable limitations sufficient to make the request proportional. Responding Defendants further object that the Request is vague and ambiguous as to search syntax, including the phrase "w/3," and as to what constitutes responsive "ESI" for purposes of collection and production.

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

After a reasonable search and diligent inquiry, Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: email chain dated April 24, 2023, May 23, 2023 and June 19, 2023 and text chains of March 9, 2023 through October 23, 2023. For this Request the responsive documents include Document No. DDLA000209 through DDLA000295. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e)

Plaintiff's Position:

This request, with Requests Nos. 25 and 26, asks Defendants to do what their responses to Requests Nos. 9–21 promise but never deliver: search the custodians' electronically stored information for the communications at the heart of this case. Defendants refused to produce any ESI, objecting that the request lacks custodians and methodology and that "w/3" is vague. "w/3"

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

is a standard within-three-words proximity operator, and the listed terms are specific. A responding party that believes search parameters are overbroad must support the objection with particularized burden information and propose reasonable custodians, dates, and terms — not refuse to search at all. Defendants offered no burden data and no counterproposal.

Defendants' refusal is compounded by their collection method. At the June 18 conference, defense counsel stated that the search was left to the clients, that counsel did not know how the clients collected, and that counsel had not supervised the effort — which cannot satisfy the reasonable-inquiry certification Rule 26(g) requires, particularly for a party with a felony fraud conviction. To break the impasse, Plaintiff proposed a concrete protocol: a search of all ESI from January 1, 2023 to the present for custodians Egbert, Garawi, and Forinelli (supplemented by custodians identified in the initial disclosures), using a defined, neutral term list, and asked Defendants to confirm by June 24, 2026. Defendants did not respond and have not agreed to run a single term.

Plaintiff asks the Court to order Defendants to run the proposed search terms across the identified custodians, under attorney supervision, and produce non-privileged responsive ESI; or, in the alternative, to order the parties to finalize a protocol and to require Defendants to produce burden data for any term or custodian they contend is disproportionate.

<u>Defendants' Position:</u>

Defendants oppose Plaintiff's request for an order compelling Plaintiff's proposed ESI protocol. Request No. 24 seeks all ESI for DDLA and Egbert over a three-year period containing broad search terms without adequate limitations on data sources, custodians, search methodology, burden, duplication, privilege review, proportionality, or the actual claims and defenses at issue. Terms such as "Spartan," "Eagle," "Lease," "Equipment," and "Delta" are overbroad when applied across all ESI and are likely to capture substantial irrelevant material, including communications unrelated to the lease agreements, equipment at issue, alleged payment obligations, alleged default, alleged possession or control, alleged return or refusal, and claimed damages.

Plaintiff's assertion that Defendants refuse to conduct ESI discovery is incorrect. Defendants served a supplemental response to Request No. 24 after a reasonable search and diligent inquiry. In that supplemental response, Defendants stated that the responsive documents and communications within their possession, custody, or control include an email chain dated April 24, 2023, May 23, 2023, and June 19, 2023, and text chains from March 9, 2023 through October 23, 2023. Defendants produced those responsive documents at Bates Nos. DDLA000209 through DDLA000295. Discovery remains ongoing, and Defendants will supplement as required by Federal Rule of Civil Procedure 26(e).

The fact that Defendants objected to Plaintiff's unilateral ESI protocol does not mean Defendants refused to search for or produce responsive ESI. Defendants objected because Plaintiff's proposed protocol is disproportionate and not reasonably tailored. Rule 26(b)(1) does not permit a requesting party to impose a broad, one-sided search protocol untethered to the specific issues in dispute. Plaintiff must show that the requested discovery is relevant to a claim or defense and proportional to the needs of the case. Plaintiff has not made that showing for the sweeping ESI protocol it seeks to impose.

Defendants remain willing to meet and confer regarding a reasonable and proportional ESI protocol, including appropriate custodians, targeted date ranges, specific sources, targeted search terms, deduplication, form of production, metadata, privilege review, and clawback procedures. Any further ESI search should be limited to the lease agreements, the specific equipment at issue, alleged payment obligations, alleged defaults, possession or control of the equipment, communications concerning return or transfer of the equipment, and Plaintiff's claimed damages.

The Court should deny Plaintiff's request to impose its proposed ESI protocol. At most, the Court should order the parties to meet and confer further regarding a proportional ESI protocol and allow Defendants a reasonable period to complete any additional searches or production required under any agreed protocol or Court order.

///

///

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

**REQUEST FOR PRODUCTION NO. 25:**

All of Defendant Garawi's electronically stored information (ESI), including emails, text messages, and instant messages, sent, received or created between January 1, 2023 and December 31, 2025, containing one or more of the following terms: Spartan, Eagle, Heritage, "jim" w/3 "lake", "james" w/3 "lake," "deeper dive," "Egbert," "ddla," "forinelli," and/or "final bell".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Responding Defendant Garawi objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks all ESI over a three-year period based on broad search terms and without reasonable limitations as to custodians, sources, or methodology. Responding Defendant further objects that the Request is vague and ambiguous as to the phrase "w/3" and the term "deeper dive."

Subject to and without waiving these objections, Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: July 2024 text chain. For this Request the responsive documents include Document No. DDLA000017 through DDLA000031. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Responding Defendant Garawi objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks all ESI over a three-year period based on broad search terms and without reasonable limitations as to custodians, sources, or methodology. Responding Defendant further objects that the Request is vague and ambiguous as to the phrase "w/3" and the term "deeper dive."

Subject to and without waiving these objections, Responding Party states that the only documents and communications within its possession, custody, or control responsive to this request are the following: July 2024 text chain. For this Request the responsive documents include Document No. DDLA000017 through DDLA000031. Discovery is ongoing, and

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

Plaintiff's Position:

Defendants objected on the same grounds and then referred to a series of communications that were attached to the Complaint, as reflected by the Pacer header (DDLA000017–000031). (Ex. 8.) A keyword search spanning nearly three years of a key actor's communications cannot credibly yield only documents that were filed by Plaintiff. For the reasons stated as to Request No. 24, Defendants must run the requested terms under attorney supervision and supplement.

Defendants' Position:

Defendant Garawi opposes Plaintiff's request for an order compelling Plaintiff's proposed ESI protocol. Request No. 25 seeks all of Garawi's ESI, including emails, text messages, and instant messages, sent, received, or created over a three-year period containing broad search terms and without reasonable limitations as to sources, methodology, burden, duplication, privilege review, proportionality, or the actual claims and defenses at issue. The request is overbroad, unduly burdensome, vague, and not proportional to the needs of the case.

Plaintiff's assertion that Garawi refused to conduct any search or refused to produce responsive ESI is incorrect. Garawi served a supplemental response to Request No. 25. Subject to his objections, Garawi identified and produced the July 2024 text chain within his possession, custody, or control responsive to this request, Bates Nos. DDLA000017 through DDLA000031. Discovery remains ongoing, and Garawi will supplement as required by Federal Rule of Civil Procedure 26(e).

Garawi maintains his objections to Plaintiff's unilateral ESI protocol. The protocol is not reasonably tailored to the issues in dispute and improperly seeks broad personal ESI over an extended three-year period. Terms such as "Spartan," "Eagle," "Heritage," "deeper dive," "Egbert," "DDLA," "Forinelli," and "final bell," when applied broadly across personal email, text messages, instant messages, or other sources, are likely to capture significant irrelevant, private, confidential, and nonresponsive material. The phrase "w/3" is also vague and ambiguous as used in a Rule 34 request absent agreement on search platform, syntax, and methodology.

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

Rule 26(b)(1) does not permit a requesting party to impose a sweeping ESI search protocol merely because ESI may exist. Plaintiff must show that the requested discovery is relevant to a claim or defense and proportional to the needs of the case. Plaintiff has not shown that a broad search of Garawi's personal ESI over a three-year period using Plaintiff's proposed terms is proportional, particularly where the relevant issues are narrower: the lease agreements, the specific equipment at issue, alleged payment obligations, alleged defaults, possession or control of the equipment, communications concerning return or transfer of the equipment, and Plaintiff's claimed damages.

Garawi remains willing to meet and confer regarding a reasonable and proportional ESI protocol, including appropriate sources, targeted date ranges, specific search terms, deduplication, form of production, metadata, privilege review, and clawback procedures. Any further ESI search should be limited to nonprivileged materials within Garawi's possession, custody, or control that are directly related to the claims and defenses in this action.

The Court should deny Plaintiff's request to impose its proposed ESI protocol as to Garawi. At most, the Court should order the parties to meet and confer further regarding a proportional ESI protocol and allow Garawi a reasonable period to complete any additional searches or production required under any agreed protocol or Court order.

**REQUEST FOR PRODUCTION NO. 26:**

All of Defendant Final Bell's electronically stored information (ESI), including emails, text messages, and instant messages, sent, received or created between January 1, 2023 and December 31, 2025, containing one or more of the following terms: Spartan, Eagle, Heritage, "jim" w/3 "lake", "james" w/3 "lake," "deeper dive," "Egbert," "ddla," and/or "garawi".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Responding Defendant Final Bell objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks all ESI, including emails, text messages, and instant messages, over a three-year period based on broad search terms, without identifying custodians, data sources, search methodology, or reasonable limitations sufficient to make the request proportional. Responding Defendant further

objects that the Request is vague and ambiguous as to search syntax, including the phrase "w/3," and as to what constitutes responsive "ESI" for purposes of collection and production. Subject to and without waiving these objections, and after a reasonable search and diligent inquiry, Responding party is unable to specifically comply with this Request as it does not possess, custody, or control any responsive, non-privileged documents other than those attached. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Responding Defendant Final Bell objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks all ESI, including emails, text messages, and instant messages, over a three-year period based on broad search terms, without identifying custodians, data sources, search methodology, or reasonable limitations sufficient to make the request proportional. Responding Defendant further objects that the Request is vague and ambiguous as to search syntax, including the phrase "w/3," and as to what constitutes responsive "ESI" for purposes of collection and production. Subject to and without waiving these objections, and after a reasonable search and diligent inquiry, Responding party is unable to specifically comply with this Request as it does not possess, custody, or control any responsive, non-privileged documents other than those attached. Discovery is ongoing, and Responding party reserves the right to amend or supplement this response pursuant to FRCP 26(e).

Plaintiff's Position:

Defendants objected and then asserted the same evasive "unable to comply … other than those attached" formulation, identifying no responsive ESI and disclosing no search methodology. For the reasons stated as to Request No. 24, Defendants must confer on and run an ESI search on Final Bell's behalf, under attorney supervision, and provide a complete response identifying the custodians, sources, and terms searched. Final Bell, whose principal is Mr. Foranelli, has responsive communications but will not produce them.

Defendants' Position:

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

Defendant Final Bell opposes Plaintiff's request for an order compelling Plaintiff's proposed ESI protocol. Request No. 26 seeks all of Final Bell's ESI, including emails, text messages, and instant messages, sent, received, or created over a three-year period containing broad search terms and without adequate limitations on custodians, data sources, search methodology, burden, duplication, privilege review, proportionality, or the actual claims and defenses at issue. The request is overbroad, unduly burdensome, vague, and not proportional to the needs of the case.

Plaintiff's request is particularly improper as directed to Final Bell because Final Bell was not a party to the alleged equipment lease, did not negotiate the alleged lease, did not execute the alleged lease, did not guarantee the alleged lease, and did not operate the business location where Plaintiff contends the equipment was located. Plaintiff has not identified a specific factual basis showing that Final Bell had possession, custody, or control of the leased equipment, accepted delivery of the equipment, refused return of the equipment, sold the equipment, damaged the equipment, or received proceeds from any alleged sale or disposition of the equipment.

Plaintiff cannot justify a broad search of Final Bell's ESI based on generalized allegations or the mere fact that Final Bell has been named as a Defendant. Rule 26(b)(1) requires discovery to be relevant to a claim or defense and proportional to the needs of the case. Where Plaintiff has not established a specific nexus between Final Bell and the lease, the equipment, the location, the alleged default, the alleged refusal to return, or the claimed damages, a company-wide or broadly framed ESI search is disproportionate.

Plaintiff's assertion that Final Bell refused to conduct any search or refused to provide a response is incorrect. Final Bell served a supplemental response to Request No. 26. Subject to its objections, and after a reasonable search and diligent inquiry, Final Bell stated that it is unable to specifically comply with the request because it does not have possession, custody, or control of responsive, nonprivileged documents other than documents already produced or identified. Discovery remains ongoing, and Final Bell will supplement as required by Federal Rule of Civil Procedure 26(e).

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

Final Bell maintains its objections to Plaintiff's unilateral ESI protocol. Plaintiff's proposed search is not reasonably tailored to Final Bell's alleged role, if any, in this action and improperly seeks broad ESI across a three-year period using terms likely to capture substantial irrelevant, confidential, proprietary, privileged, or nonresponsive material. Terms such as "Spartan," "Eagle," "Heritage," "deeper dive," "Egbert," "DDLA," and "Garawi," when applied broadly across all Final Bell ESI, are not sufficiently tailored to any specific claim or defense against Final Bell.

Final Bell remains willing to meet and confer regarding a reasonable and proportional ESI protocol only to the extent Plaintiff can identify a specific factual basis connecting Final Bell to the equipment, alleged possession or control of the equipment, alleged transfer or sale of the equipment, alleged refusal to return the equipment, or claimed damages. Any further ESI search should be limited to nonprivileged materials within Final Bell's possession, custody, or control that are directly related to those specific issues.

The Court should deny Plaintiff's request to impose its proposed ESI protocol as to Final Bell. At most, the Court should require Plaintiff to identify the specific factual nexus it contends supports discovery from Final Bell before ordering any additional Final Bell ESI search.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and communications concerning the information and representations submitted by Ali Garawi to any agency of the U.S. Government (including without limitation the probation office and the U.S. Attorney's office) required under his plea agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Responding Defendant Garawi objects to this Request on the grounds that it seeks information that is not relevant to any claim or defense in this action and is not proportional to the needs of the case. Responding Defendant further objects that the Request seeks private, confidential, and potentially sensitive information concerning criminal or probation-related submissions to government agencies, including materials unrelated to the Equipment, the Lease Agreement, or the claims asserted in the Complaint. Responding Defendant further objects to the

extent the Request seeks documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Responding Defendant Garawi objects to this Request on the grounds that it seeks criminal-file materials, plea-related materials, probation-related materials, communications with government agencies, and private personal information that are not relevant to any claim or defense in this commercial lease and equipment dispute and are not proportional to the needs of the case. Plaintiff has not shown that the requested materials bear on the lease agreements, the equipment, alleged payment obligations, alleged defaults, possession or control of the equipment, or claimed damages. Responding Defendant further objects to the extent the Request seeks documents protected by the attorney-client privilege, work-product doctrine, privacy rights, or other applicable protections. No documents will be produced in response to this Request, and documents, if any, are being withheld on the basis of these objections.

Plaintiff's Position:

Defendants refuse to produce any documents, asserting relevance, "privacy," and privilege. The materials are relevant and the request is narrowly tailored: it is confined to the "information and representations submitted by Ali Garawi" to specified government agencies "required under his plea agreement" — not Mr. Garawi's entire criminal file. Mr. Garawi was on federal probation for fraud and prohibited from working in the cannabis industry, yet was controlling a cannabis operation (DDLA). His representations to the probation office and the U.S. Attorney — including whether he disclosed his involvement in a marijuana operation while on probation — bear directly on his control of DDLA, his credibility, and the knowledge and intent elements of the civil-theft claim.

"Privacy" is not a basis to withhold relevant, non-privileged evidence, and any sensitivity is addressed by the proposed protective order, on which Defendants have refused to act. To the extent Defendants assert privilege, they must serve a Rule 26(b)(5)(A) privilege log; a blanket assertion without a log risks waiver. Burlington N., 408 F.3d at 1149. A flat refusal to produce anything is improper — if Defendants contend the request reaches privileged material, they must

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

produce the non-privileged responsive documents and log the rest. Plaintiff proposed this resolution at the conference; Defendants declined.

Defendants' Position:

Defendant Ali Garawi opposes Plaintiff's motion as to Request No. 27. This request seeks "[a]ll documents and communications concerning the information and representations submitted by Ali Garawi to any agency of the U.S. Government (including without limitation the probation office and the U.S. Attorney's office) required under his plea agreement." As drafted, the request seeks criminal-file materials, plea-related materials, probation-related materials, communications with government agencies, and private personal information that are not relevant to any claim or defense in this commercial lease and equipment dispute and are not proportional to the needs of the case.

Plaintiff has not shown that any such materials bear on the lease agreements, the equipment, alleged payment obligations, alleged defaults, possession or control of the equipment, alleged refusal to return the equipment, or claimed damages. Plaintiff also has not shown that Garawi negotiated the lease, executed the lease, guaranteed the lease, accepted delivery of the equipment, owed lease payments, possessed the equipment, controlled the equipment, sold the equipment, damaged the equipment, or received proceeds from the equipment. Garawi's alleged criminal/probation history does not create a basis for broad discovery into private government communications unrelated to the specific claims and defenses in this action.

Rule 26(b)(1) requires discovery to be relevant to a claim or defense and proportional to the needs of the case. Plaintiff's request fails that standard. The request is not limited to the lease transaction, the equipment at issue, any alleged payment obligation, any alleged default, any alleged transfer or sale of equipment, or any specific damages calculation. Instead, Plaintiff seeks unrelated criminal/probation materials in an apparent attempt to attack Garawi's character, credibility, or background. That is not a proper basis for civil discovery in this case.

Plaintiff's argument that Garawi's probation status is relevant because Plaintiff believes

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

he was involved in a cannabis-related business is speculative and insufficient. Plaintiff has not identified any specific representation to a probation office, the U.S. Attorney's Office, or any government agency that concerns Plaintiff, the lease agreements, the equipment, delivery, acceptance, payment, default, return, possession, control, sale, transfer, or damages. Without that specific nexus, the request is nothing more than an overbroad attempt to obtain prejudicial and private criminal/probation materials.

The request is also disproportionate because it seeks sensitive personal materials and communications with government agencies that have no direct connection to the issues in dispute. The mere existence of a protective order would not make irrelevant or disproportionate discovery discoverable. Confidentiality protections may address dissemination, but they do not eliminate Plaintiff's burden to establish relevance and proportionality.

Garawi served a supplemental response to Request No. 27. In that response, Garawi objected that the request seeks criminal-file materials, plea-related materials, probation-related materials, communications with government agencies, and private personal information that are not relevant to any claim or defense and are not proportional to the needs of the case. Garawi further objected to the extent the request seeks documents protected by the attorney-client privilege, work-product doctrine, privacy rights, or other applicable protections. Garawi stated that no documents will be produced in response to this request and that documents, if any, are being withheld on the basis of those objections.

That response is proper. Plaintiff is not entitled to discovery into Garawi's criminal, plea, probation, or government-agency materials unless Plaintiff first establishes a specific, non-speculative nexus between those materials and a claim or defense in this case. Plaintiff has not done so. The Court should deny Plaintiff's motion to compel as to Request No. 27.

If the Court is inclined to permit any discovery in this area, Garawi respectfully requests that the Court first require Plaintiff to identify the specific representation, agency communication, or category of document it contends is relevant, the claim or defense to which it relates, and the factual basis for believing such material concerns the lease agreements, equipment, possession or control of the equipment, alleged transfer or sale, or claimed damages.

Any such discovery, if allowed at all, should be narrowly tailored, subject to appropriate privacy protections, and limited to nonprivileged materials directly concerning the specific claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 28:**

Documents sufficient to identify all members, directors, officers, employees, and any controlling persons or entities of DDLA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Responding Defendant DDLA objects to this Request on the grounds that it is overbroad and not proportional to the needs of the case to the extent it seeks documents identifying all "employees," as well as all "members, directors, officers, employees, and any controlling persons or entities," without limitation to persons relevant to the claims or defenses in this action. Responding Defendant further objects that the Request seeks private, confidential, and personnel-related information concerning employees and other individuals that is not relevant to the issues presented by the pleadings. To the extent the Request seeks documents concerning persons not alleged to have had involvement with the Equipment, the Lease Agreement, the alleged default, possession or control of the Equipment, or the transactions at issue, the Request exceeds the permissible scope of discovery. No documents will be produced in response to this Request, and documents are being withheld on the basis of these objections.

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Responding Defendant objects to this Request on the grounds that it is overbroad and not proportional to the needs of the case to the extent it seeks documents identifying all members, directors, officers, employees, and controlling persons or entities, regardless of whether they had any involvement with the equipment, lease agreements, alleged default, possession or control of the equipment, or claims and defenses in this action. Responding Defendant further objects that the Request seeks private, confidential, personnel-related, and personal identifying information concerning individuals not relevant to this action. Responding Defendant will not produce personnel files, employee information, personal background information, private financial

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

information, or criminal-history information. No documents will be produced in response to this Request as drafted, and documents, if any, are being withheld on the basis of these objections.

Plaintiff's Position:

Defendants' objections on the grounds of relevance and undue burden are meritless. This Request seeks only "documents sufficient to identify" the individuals at issue, which is narrowly tailored by design. The Request goes to a central issue: who owned and controlled DDLA. Control is dispositive of individual liability, alter-ego, and participation in the conversion and civil theft. These documents also go to Defendants' potential assertions (referenced in their answer) that there is insufficient diversity among the members and Plaintiffs. Defendants' overbreadth objection ignores the "sufficient to identify" limitation, and the "confidential" and "personnel" objections are resolved by the protective order.

Operating agreements, member and management records, and similar formation documents are readily identifiable and not burdensome to produce. Defendants produced nothing; they must produce documents sufficient to identify DDLA's members, managers, officers, and controlling persons, subject to the protective order.

Defendants' Position:

Defendant Deeper Dive LA Management, LLC opposes Plaintiff's motion as to Request No. 28. The request seeks documents sufficient to identify "all members, directors, officers, employees, and any controlling persons or entities of DDLA." As drafted, the request is overbroad, invasive, and not proportional to the needs of the case because it seeks identifying information for all employees and other individuals regardless of whether they had any involvement with the equipment, the lease agreements, alleged payment obligations, alleged default, alleged possession or control of the equipment, alleged return or refusal, alleged transfer or sale, or any claim or defense in this action.

Plaintiff has not shown that the identity of every DDLA employee is relevant to this commercial lease and equipment dispute. Rule 26(b)(1) does not permit discovery into personnel information or personal identifying information for uninvolved employees simply because they worked for an entity defendant. The relevant issues are limited to the lease agreements,

equipment, alleged payment obligations, alleged default, possession or control of the equipment, alleged refusal to return equipment, claimed damages, and any person with actual involvement in those issues. Request No. 28 is not limited in that manner.

The request is particularly improper to the extent Plaintiff seeks personnel files, employee lists, employee contact information, private personal information, personal background information, private financial information, or criminal-history information for individuals who are not parties and who are not shown to have relevant knowledge. Such information is private, sensitive, and disproportionate. A protective order does not convert irrelevant or disproportionate personnel discovery into discoverable material. Confidentiality protections may address dissemination, but they do not eliminate Plaintiff's burden to show relevance and proportionality in the first instance.

DDLA served a supplemental response to Request No. 28. In that response, DDLA objected that the request is overbroad and not proportional to the extent it seeks documents identifying all members, directors, officers, employees, and controlling persons or entities regardless of whether they had any involvement with the equipment, lease agreements, alleged default, possession or control of the equipment, or claims and defenses in this action. DDLA further objected that the request seeks private, confidential, personnel-related, and personal identifying information concerning individuals not relevant to this action. DDLA stated that it will not produce personnel files, employee information, personal background information, private financial information, or criminal-history information, and that no documents will be produced in response to the request as drafted.

That response is proper. Plaintiff is not entitled to use Request No. 28 as a vehicle to obtain broad personnel, employee, personal identifying, background, financial, or criminal-history information. Nor is Plaintiff entitled to discovery concerning all DDLA employees without first showing that those employees had involvement in the lease agreements, equipment, alleged default, possession or control of equipment, alleged refusal to return, alleged transfer or sale, or claimed damages.

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

To the extent Plaintiff seeks information about persons with relevant knowledge, that issue is properly addressed through Rule 26(a)(1) disclosures and targeted discovery directed to individuals likely to have discoverable information concerning the actual claims and defenses. DDLA is not required to disclose every employee or produce personnel-related documents merely because Plaintiff speculates that some unidentified employee may have relevant information.

The Court should deny Plaintiff's motion to compel as to Request No. 28. If the Court is inclined to permit any discovery in this area, DDLA respectfully requests that any order be narrowly limited to documents sufficient to identify members, managers, officers, or controlling persons who had actual involvement in the lease agreements, equipment, alleged payment obligations, alleged default, possession or control of the equipment, alleged return or refusal, alleged transfer or sale, or claimed damages. Any such production should exclude personnel files, employee lists unrelated to the dispute, personal background information, private financial information, criminal-history information, and personal identifying information for uninvolved employees or non-parties.

**REQUEST FOR PRODUCTION NO. 29:**

Documents sufficient to identify all members, shareholders, directors, officers, employees and controlling persons or entities of Final Bell.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Responding Defendant Final Bell objects to this Request on the grounds that it is overbroad and not proportional to the needs of the case because it seeks documents sufficient to identify all members, shareholders, directors, officers, employees, and controlling persons or entities of Final Bell, regardless of whether such persons have any connection to the Equipment, the Lease Agreement, possession or control of the Equipment, or the transactions at issue in this action. Responding Defendant further objects that the Request seeks private, confidential, and personnel-related information concerning employees and other individuals that is not relevant to the claims and defenses in this case. No documents will be produced in response to this Request, and documents are being withheld on the basis of these objections.

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Responding Defendant objects to this Request on the grounds that it is overbroad and not proportional to the needs of the case to the extent it seeks documents identifying all members, directors, officers, employees, and controlling persons or entities, regardless of whether they had any involvement with the equipment, lease agreements, alleged default, possession or control of the equipment, or claims and defenses in this action. Responding Defendant further objects that the Request seeks private, confidential, personnel-related, and personal identifying information concerning individuals not relevant to this action. Responding Defendant will not produce personnel files, employee information, personal background information, private financial information, or criminal-history information. No documents will be produced in response to this Request as drafted, and documents, if any, are being withheld on the basis of these objections.

Plaintiff's Position:

The same analysis applies as to Request No. 28. This tailored "sufficient to identify" request goes to Final Bell's ownership and control, which bear on its role in the operation and possession of the Equipment. Confidentiality is resolved by the proposed protective order, on which Defendants have refused to provide comments. Defendants produced nothing and should be ordered to produce documents responsive to this Request.

Defendants' Position:

Defendant Final Bell Corp. opposes Plaintiff's motion as to Request No. 29. The request seeks documents sufficient to identify "all members, shareholders, directors, officers, employees and controlling persons or entities of Final Bell." As drafted, the request is overbroad, invasive, and not proportional to the needs of the case because it seeks identifying information for all Final Bell personnel and corporate stakeholders regardless of whether they had any involvement with the equipment, the lease agreements, alleged payment obligations, alleged default, alleged possession or control of the equipment, alleged return or refusal, alleged transfer or sale, or any claim or defense in this action.

This request is especially improper as directed to Final Bell. Final Bell was not a party to

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

the alleged equipment lease, did not execute the alleged lease, did not guarantee the alleged lease, did not negotiate the alleged lease, did not operate the business location where Plaintiff contends the equipment was located, and did not have possession, custody, or control of the equipment. Plaintiff has not identified a specific factual basis showing that Final Bell accepted delivery of the equipment, controlled the equipment, refused return of the equipment, sold the equipment, damaged the equipment, received proceeds from the equipment, or otherwise had a direct role in the lease transaction.

Rule 26(b)(1) does not permit discovery into a company's entire ownership, shareholder, director, officer, employee, or personnel structure merely because the company has been named as a Defendant. Plaintiff must show a specific nexus between the information requested and the claims or defenses at issue. Plaintiff has not done so. The relevant inquiry, if any, would be limited to persons at Final Bell who allegedly had actual involvement in the specific equipment, alleged possession or control of the equipment, alleged transfer or sale, alleged refusal to return, or claimed damages. Request No. 29 is not limited in that manner.

The request is also improper to the extent Plaintiff seeks personnel files, employee lists, employee contact information, personal identifying information, personal background information, private financial information, criminal-history information, or confidential corporate ownership information for individuals who are not parties and who are not shown to have relevant knowledge. Such information is private, sensitive, and disproportionate. A protective order does not convert irrelevant or disproportionate personnel or corporate-ownership discovery into discoverable material.

Final Bell served a supplemental response to Request No. 29. In that response, Final Bell objected that the request is overbroad and not proportional to the needs of the case to the extent it seeks documents identifying all members, directors, officers, employees, and controlling persons or entities regardless of whether they had any involvement with the equipment, lease agreements, alleged default, possession or control of the equipment, or claims and defenses in this action. Final Bell further objected that the request seeks private, confidential, personnel-related, and personal identifying information concerning individuals not relevant to this action. Final Bell

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

stated that it will not produce personnel files, employee information, personal background information, private financial information, or criminal-history information, and that no documents will be produced in response to the request as drafted.

That response is proper. Plaintiff is not entitled to use Request No. 29 as a vehicle to obtain broad personnel, employee, personal identifying, shareholder, director, officer, ownership, background, financial, or criminal-history information from Final Bell. Plaintiff's generalized allegations do not justify discovery into Final Bell's internal corporate structure or employees, particularly where Plaintiff has not shown that Final Bell was part of the lease transaction or had possession or control of the equipment.

The Court should deny Plaintiff's motion to compel as to Request No. 29. If the Court is inclined to permit any discovery in this area, Final Bell respectfully requests that any order be narrowly limited to documents sufficient to identify persons at Final Bell, if any, who had actual involvement in the specific equipment at issue, alleged possession or control of the equipment, alleged transfer or sale of the equipment, alleged refusal to return the equipment, or claimed damages. Any such production should exclude personnel files, employee lists unrelated to the dispute, personal background information, private financial information, criminal-history information, confidential ownership information unrelated to the claims or defenses, and personal identifying information for uninvolved employees, shareholders, officers, directors, or non-parties.

**REQUEST FOR PRODUCTION NO. 30:**

All documents and communications provided to potential investors, future partners, or purchasers in Deeper Dive LA Management concerning the company's financial performance and/or management projections, as well as marketing or sales materials, regarding the same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Responding Defendants object to this Request on the grounds that it is overbroad, seeks information not relevant to any claim or defense to the extent it seeks materials provided to any potential investors, future partners, or purchasers unrelated to the Equipment, the Lease Agreement, alleged default, alleged transfer of the Equipment, or ownership and management

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

issues actually at issue in this action, and is not proportional to the needs of the case. Responding Defendants further object that the Request seeks confidential and proprietary commercial information, including business plans, projections, marketing materials, and investor-related communications. No documents will be produced in response to this Request as presently drafted, and documents are being withheld on the basis of these objections.

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Responding Defendants object to this Request on the grounds that it is overbroad, seeks information not relevant to any claim or defense to the extent it seeks materials provided to any potential investors, future partners, or purchasers unrelated to the Equipment, the Lease Agreement, alleged default, alleged transfer of the Equipment, or ownership and management issues actually at issue in this action, and is not proportional to the needs of the case. Responding Defendants further object that the Request seeks confidential and proprietary commercial information, including business plans, projections, marketing materials, and investor-related communications. No documents will be produced in response to this Request as presently drafted, and documents are being withheld on the basis of these objections.

Plaintiff's Position:

The Complaint relies on Defendants' own statements to investors reflecting profits, making these materials directly relevant to unjust enrichment, the profits measure of damages, and punitive damages. Oakes, 179 F.R.D. at 286. For the reasons stated as to Request No. 22, the overbreadth objection is unsupported and the confidentiality objection is resolved by the protective order. Defendants must produce, subject to the protective order.

Defendants' Position:

Defendants oppose Plaintiff's motion as to Request No. 30. The request seeks "all documents and communications provided to potential investors, future partners, or purchasers in Deeper Dive LA Management concerning the company's financial performance and/or management projections, as well as marketing or sales materials, regarding the same." As drafted, the request is overbroad, unduly burdensome, invasive, and not proportional to the needs of the case.

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

Plaintiff is not entitled to obtain investor materials, partner communications, purchaser materials, financial projections, management projections, marketing materials, sales materials, business plans, or confidential commercial materials merely because Plaintiff has asserted tort claims or seeks punitive damages. Rule 26(b)(1) still requires discovery to be relevant to a claim or defense and proportional to the needs of the case. Even where a defendant's financial condition may be discoverable in some federal cases involving punitive damages, that principle does not authorize wholesale discovery into every investor presentation, projection, marketing document, sales material, or third-party business communication unrelated to the claims and defenses in this action.

Request No. 30 is not a targeted request for current financial-condition information relevant to punitive damages. It is a broad request for historical investor-facing and business-development materials concerning DDLA's financial performance, projections, marketing, and sales. The request is not limited to Plaintiff, the lease agreements, the specific equipment at issue, alleged payment obligations, alleged default, alleged transfer or sale of equipment, alleged possession or control of equipment, claimed damages, mitigation, or any specific punitive-damages issue. Plaintiff's cited authority concerning financial-condition discovery for punitive damages does not make unrelated investor materials and business projections discoverable.

Plaintiff also has not shown that these materials are tied to any specific damages theory. To the extent Plaintiff claims revenues, profits, unjust enrichment, disgorgement, or punitive damages, Plaintiff must identify the particular Defendant, claim, damages category, and factual nexus that supposedly makes the requested materials relevant. Plaintiff may not use Request No. 30 to conduct a broad audit of DDLA's investor communications, projections, business plans, sales strategies, marketing materials, or confidential commercial information.

The request also seeks highly confidential and proprietary commercial information, including business plans, projections, marketing materials, sales materials, investor communications, partner communications, and potential-purchaser materials. A protective order does not itself make irrelevant or disproportionate discovery discoverable. Confidentiality

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

protections may address dissemination, but they do not eliminate Plaintiff's threshold burden to show relevance and proportionality.

Defendants served a supplemental response to Request No. 30. In that response, Defendants objected that the request is overbroad, seeks information not relevant to any claim or defense to the extent it seeks materials provided to potential investors, future partners, or purchasers unrelated to the equipment, the lease agreement, alleged default, alleged transfer of the equipment, or ownership and management issues actually at issue in this action, and is not proportional to the needs of the case. Defendants further objected that the request seeks confidential and proprietary commercial information, including business plans, projections, marketing materials, and investor-related communications. Defendants stated that no documents will be produced in response to the request as presently drafted and that documents, if any, are being withheld on the basis of those objections.

That response is proper. Plaintiff has not shown that all investor, partner, purchaser, projection, marketing, or sales materials are relevant or proportional. Nor has Plaintiff shown that such materials are necessary to evaluate punitive damages. Current financial-condition discovery, if appropriate at all, is different from the broad historical business-development discovery Plaintiff seeks here.

The Court should deny Plaintiff's motion to compel as to Request No. 30. If the Court is inclined to permit any discovery in this area, Defendants respectfully request that any order be narrowly limited to nonprivileged documents, if any, that specifically reference Plaintiff, the lease agreements, the specific equipment at issue, alleged payments to Plaintiff, alleged default, alleged transfer or sale of the equipment, alleged possession or control of the equipment, or a specific damages calculation Plaintiff has identified, and only after entry of an appropriate protective order. The Court should not compel production of general investor materials, business plans, financial projections, management projections, marketing materials, sales materials, or third-party business-development communications unrelated to those specific issues.

///

///

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

**REQUEST FOR PRODUCTION NO. 31:**

All documents and communications concerning how, beginning no later than July 2023, Ali Garawi and Thomas Forinelli became involved in, and participated in discussions and correspondence with Plaintiff concerning ownership changes, management changes, and retrieval of Plaintiff's Equipment, including all separate communications (texts and emails), draft or finalized purchase agreements, employment agreements, management agreements, licensing agreements or otherwise.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Responding Party object to this Request to the extent it is overbroad and seeks all documents and communications concerning how Ali Garawi and Thomas Forinelli became involved with DDLA, without limitation to matters bearing on the Equipment, the Lease Agreement, ownership changes, management changes, or retrieval of the Equipment. Responding Defendants further object that the phrase "or otherwise" is vague, ambiguous, and renders the Request open-ended and not proportional to the needs of the case. No documents will be produced in response to this Request as presently drafted, and documents are being withheld on the basis of these objections.

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Responding Party object to this Request to the extent it is overbroad and seeks all documents and communications concerning how Ali Garawi and Thomas Forinelli became involved with DDLA, without limitation to matters bearing on the Equipment, the Lease Agreement, ownership changes, management changes, or retrieval of the Equipment. Responding Defendants further object that the phrase "or otherwise" is vague, ambiguous, and renders the Request open-ended and not proportional to the needs of the case. After a reasonable search and diligent inquiry, Responding Party has not located nonprivileged documents within its possession, custody, or control responsive to this Request that concern the equipment, lease agreements, alleged payment obligations, alleged defaults, possession or control of the equipment, or Plaintiff's retrieval efforts. No documents will be produced in response to this

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

Request as drafted, and documents, if any, are being withheld on the basis of the foregoing objections.

Plaintiff's Position:

As reflected in the Amended Complaint, Plaintiff came to learn in 2024 that it would have to deal directly with Garawi and Foranelli in order to get back its equipment. It also was those two (with Foranelli acting on behalf of Final Bell Corp.) who retained certain equipment even after the Court order to allow their removal. Thus, the manner in which Garawi and Forinelli took over and controlled DDLA and the Equipment is central to their conversion and civil-theft liability. Defendants assertion that there are "no documents presently" is not credible given the documented 2024 ownership and management transition. Further, for the reasons stated as to Request No. 9, such an assertion is unreliable absent an attorney-supervised ESI search and identification of the witnesses involved. The responsive purchase, employment, management, and licensing agreements and the related communications must be produced, subject to the protective order.

Defendants' Position:

Defendants oppose Plaintiff's motion as to Request No. 31. The request seeks "all documents and communications concerning how, beginning no later than July 2023, Ali Garawi and Thomas Forinelli became involved in, and participated in discussions and correspondence with Plaintiff concerning ownership changes, management changes, and retrieval of Plaintiff's Equipment, including all separate communications (texts and emails), draft or finalized purchase agreements, employment agreements, management agreements, licensing agreements or otherwise." As drafted, the request is overbroad, vague, ambiguous, assumes disputed facts, and is not proportional to the needs of the case.

Request No. 31 improperly assumes that Garawi and Forinelli "became involved" in DDLA and participated in ownership, management, or retrieval discussions concerning Plaintiff's equipment. Defendants do not concede that premise. Garawi and Forinelli were not parties to the alleged lease agreements, did not execute the alleged lease agreements, did not guarantee the alleged lease agreements, and Plaintiff has not shown that either of them accepted

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

delivery of the equipment, possessed the equipment, controlled the equipment, refused return of the equipment, sold the equipment, damaged the equipment, or received proceeds from the equipment.

Plaintiff cannot use a document request to assume disputed facts and then compel broad discovery into alleged involvement that Plaintiff has not established. Rule 26(b)(1) requires discovery to be relevant to a claim or defense and proportional to the needs of the case. Plaintiff must first identify a specific factual nexus between Garawi or Forinelli and the lease agreements, the equipment, alleged payment obligations, alleged default, alleged possession or control of the equipment, Plaintiff's retrieval efforts, or claimed damages. Request No. 31 is not limited in that manner.

The request is also vague and open-ended because it seeks "purchase agreements, employment agreements, management agreements, licensing agreements or otherwise." The phrase "or otherwise" provides no meaningful limitation and leaves Defendants to guess what additional categories of documents Plaintiff seeks. Rule 34 requires a request to describe the documents sought with reasonable particularity. Request No. 31 does not do so as drafted.

Defendants served a supplemental response to Request No. 31. In that response, Defendants objected that the request is overbroad to the extent it seeks all documents and communications concerning how Garawi and Forinelli allegedly became involved with DDLA without limitation to matters bearing on the equipment, the lease agreement, ownership changes, management changes, or retrieval of the equipment. Defendants further objected that the phrase "or otherwise" is vague, ambiguous, and renders the request open-ended and not proportional. After a reasonable search and diligent inquiry, Defendants stated that they have not located nonprivileged documents within their possession, custody, or control responsive to the request that concern the equipment, lease agreements, alleged payment obligations, alleged defaults, possession or control of the equipment, or Plaintiff's retrieval efforts. Defendants further stated that no documents will be produced in response to the request as drafted, and documents, if any, are being withheld on the basis of the stated objections.

That supplemental response is proper. Defendants have searched for documents within the relevant scope and have not located nonprivileged responsive documents within their possession, custody, or control concerning the equipment, lease agreements, alleged payment obligations, alleged defaults, possession or control of the equipment, or Plaintiff's retrieval efforts. Plaintiff's speculation that Garawi or Forinelli must have been involved, or that documents must exist, is not a basis to compel production of documents that have not been located after reasonable inquiry or that are outside Defendants' possession, custody, or control.

Plaintiff's motion should also be denied to the extent it seeks documents concerning alleged general business relationships with DDLA, ownership discussions unrelated to Plaintiff or the equipment, employment or management arrangements unrelated to the claims and defenses, licensing matters unrelated to Plaintiff's equipment or retrieval efforts, or other private business materials unrelated to the alleged lease and equipment dispute. Those materials are not proportional to the needs of this case.

The Court should deny Plaintiff's motion to compel as to Request No. 31. If the Court is inclined to permit any further discovery in this area, Defendants respectfully request that any order be narrowly limited to nonprivileged documents, if any, within Defendants' possession, custody, or control that specifically concern the lease agreements, the specific equipment at issue, alleged payment obligations, alleged defaults, alleged possession or control of the equipment, or Plaintiff's retrieval efforts. Any order should exclude general employment, management, licensing, ownership, investment, or business-relationship materials unrelated to Plaintiff, the lease agreements, the equipment, or the claims and defenses in this action.

**<u>REQUEST FOR PRODUCTION NO. 32:</u>**

All documents and communications concerning Ali Garawi, Thomas Forinelli and Final Bell's relationship with Deeper Dive LA Management LLC.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 32:</u>**

Responding Party object to this Request on the grounds that it is overbroad and seeks all documents and communications concerning the relationship among Ali Garawi, Thomas Forinelli, and Final Bell, without limitation to matters relevant to the Equipment, the Lease

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

Agreement, possession or control of the Equipment, or the claims and defenses in this action. No documents will be produced in response to this Request as presently drafted, and documents are being withheld on the basis of these objections.

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Responding Party object to this Request on the grounds that it is overbroad and seeks all documents and communications concerning the relationship among Ali Garawi, Thomas Forinelli, and Final Bell, without limitation to matters relevant to the Equipment, the Lease Agreement, possession or control of the Equipment, or the claims and defenses in this action. After a reasonable search and diligent inquiry, Responding Party has not located nonprivileged documents within its possession, custody, or control responsive to this Request that concern the equipment, lease agreements, alleged payment obligations, alleged defaults, possession or control of the equipment, or Plaintiff's retrieval efforts. No documents will be produced in response to this Request as drafted, and documents, if any, are being withheld on the basis of the foregoing objections.

Plaintiff's Position:

The relationship among these parties and DDLA goes directly to who controlled the Equipment and is central to the individual-liability theories. For the reasons stated as to Requests Nos. 28 and 31, the overbreadth objection is unsupported and any confidentiality is resolved by the protective order. Defendants produced nothing and must supplement.

Defendants' Position:

Defendants oppose Plaintiff's motion as to Request No. 32. The request seeks "all documents and communications concerning Ali Garawi, Thomas Forinelli and Final Bell's relationship with Deeper Dive LA Management LLC." As drafted, the request is overbroad, vague, assumes disputed facts, and is not proportional to the needs of the case.

Request No. 32 improperly assumes that Garawi, Forinelli, and Final Bell had a relationship with DDLA that is relevant to the claims and defenses in this action. Defendants do not concede that premise. Garawi, Forinelli, and Final Bell were not parties to the alleged lease agreements, did not execute the alleged lease agreements, did not guarantee the alleged lease

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

agreements, and Plaintiff has not shown that any of them accepted delivery of the equipment, possessed the equipment, controlled the equipment, refused return of the equipment, sold the equipment, damaged the equipment, or received proceeds from the equipment.

Plaintiff cannot use a broad document request to obtain discovery into alleged relationships untethered to the lease agreements, the equipment, alleged payment obligations, alleged defaults, alleged possession or control of the equipment, Plaintiff's retrieval efforts, or claimed damages. Rule 26(b)(1) requires discovery to be relevant to a claim or defense and proportional to the needs of the case. Plaintiff must identify a specific factual nexus between the requested materials and the issues actually in dispute. Request No. 32 is not limited in that manner.

The request also lacks reasonable particularity. It does not define the "relationship" at issue, does not identify any specific transaction, agreement, communication, role, event, or time period, and does not limit the request to documents concerning Plaintiff, the alleged lease agreements, the equipment, alleged possession or control, alleged return or refusal, or damages. A request for "all documents and communications concerning" a general "relationship" is not proportional and is not reasonably tailored to the claims and defenses.

Defendants served a supplemental response to Request No. 32. In that response, Defendants objected that the request is overbroad and seeks all documents and communications concerning the relationship among Ali Garawi, Thomas Forinelli, and Final Bell, without limitation to matters relevant to the equipment, the lease agreement, possession or control of the equipment, or the claims and defenses in this action. After a reasonable search and diligent inquiry, Defendants stated that they have not located nonprivileged documents within their possession, custody, or control responsive to this request that concern the equipment, lease agreements, alleged payment obligations, alleged defaults, possession or control of the equipment, or Plaintiff's retrieval efforts. Defendants further stated that no documents will be produced in response to this request as drafted, and documents, if any, are being withheld on the basis of the stated objections.

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

That supplemental response is proper. Defendants have searched for documents within the relevant scope and have not located nonprivileged responsive documents within their possession, custody, or control concerning the equipment, lease agreements, alleged payment obligations, alleged defaults, possession or control of the equipment, or Plaintiff's retrieval efforts. Plaintiff's speculation that there must be some relevant relationship among Garawi, Forinelli, Final Bell, and DDLA is not a basis to compel broad relationship discovery or production of documents that have not been located after reasonable inquiry.

Plaintiff's motion should also be denied to the extent it seeks documents concerning general business relationships, employment arrangements, management arrangements, ownership discussions, licensing matters, investment discussions, financing, operations, or private business communications unrelated to Plaintiff, the lease agreements, the equipment, alleged possession or control, alleged return or refusal, or claimed damages. Those materials are not relevant or proportional.

The Court should deny Plaintiff's motion to compel as to Request No. 32. If the Court is inclined to permit any further discovery in this area, Defendants respectfully request that any order be narrowly limited to nonprivileged documents, if any, within Defendants' possession, custody, or control that specifically concern Plaintiff, the lease agreements, the specific equipment at issue, alleged payment obligations, alleged defaults, alleged possession or control of the equipment, Plaintiff's retrieval efforts, or claimed damages. Any order should exclude general relationship, employment, management, ownership, licensing, investment, financing, or business-operation materials unrelated to the claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 33:**

All documents and communications concerning Ali Garawi, Thomas Forinelli, and Final Bell's role, employment, management and/or operation of Deeper Dive LA Management LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Responding Party object to this Request on the grounds that it is overbroad and seeks all documents and communications concerning Ali Garawi's, Thomas Forinelli's, and Final Bell's role, employment, management, and/or operation of DDLA without limitation to matters relevant

to the claims and defenses in this action. No documents will be produced in response to this Request as presently drafted, and documents are being withheld on the basis of these objections.

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Responding Party object to this Request on the grounds that it is overbroad and seeks all documents and communications concerning Ali Garawi's, Thomas Forinelli's, and Final Bell's role, employment, management, and/or operation of DDLA without limitation to matters relevant to the claims and defenses in this action. After a reasonable search and diligent inquiry, Responding Party has not located nonprivileged documents within its possession, custody, or control responsive to this Request that concern the equipment, lease agreements, alleged payment obligations, alleged defaults, possession or control of the equipment, or Plaintiff's retrieval efforts. No documents will be produced in response to this Request as drafted, and documents, if any, are being withheld on the basis of the foregoing objections.

Plaintiff's Position:

This Request bears directly on the control of the operation and the Equipment and on the defendants' participation in the conversion and civil theft of the Equipment. For the reasons stated as to Request No. 32, Defendants must supplement, subject to the protective order.

Defendants' Position:

Defendants oppose Plaintiff's motion as to Request No. 33. The request seeks "all documents and communications concerning Ali Garawi's, Thomas Forinelli's, and Final Bell's role, employment, management and/or operation of Deeper Dive LA Management LLC." As drafted, the request is overbroad, vague, assumes disputed facts, and is not proportional to the needs of the case.

Request No. 33 improperly assumes that Garawi, Forinelli, or Final Bell had a relevant role in, employment with, management of, or operation of DDLA connected to the claims and defenses in this action. Defendants do not concede that premise. Garawi, Forinelli, and Final Bell were not parties to the alleged lease agreements, did not execute the alleged lease agreements, did not guarantee the alleged lease agreements, and Plaintiff has not shown that any of them accepted delivery of the equipment, possessed the equipment, controlled the equipment, refused

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

return of the equipment, sold the equipment, damaged the equipment, or received proceeds from the equipment.

Plaintiff cannot use Request No. 33 to obtain broad discovery into alleged roles, employment, management, or operations untethered to the lease agreements, the specific equipment at issue, alleged payment obligations, alleged defaults, alleged possession or control of the equipment, Plaintiff's retrieval efforts, or claimed damages. Rule 26(b)(1) requires discovery to be relevant to a claim or defense and proportional to the needs of the case. Plaintiff must identify a specific factual nexus between the requested materials and the actual claims and defenses. Request No. 33 is not limited in that manner.

The request is also not described with reasonable particularity. It does not identify any specific role, employment arrangement, management function, operational act, transaction, communication, time period, or connection to Plaintiff's equipment. Instead, it broadly seeks "all documents and communications" concerning alleged roles, employment, management, and operation of DDLA. That type of unrestricted business-operations discovery is disproportionate, particularly where Plaintiff has not established that Garawi, Forinelli, or Final Bell had any direct involvement in the lease agreements or equipment at issue.

Defendants served a supplemental response to Request No. 33. In that response, Defendants objected that the request is overbroad and seeks all documents and communications concerning Ali Garawi's, Thomas Forinelli's, and Final Bell's role, employment, management, and/or operation of DDLA without limitation to matters relevant to the claims and defenses in this action. After a reasonable search and diligent inquiry, Defendants stated that they have not located nonprivileged documents within their possession, custody, or control responsive to this request that concern the equipment, lease agreements, alleged payment obligations, alleged defaults, possession or control of the equipment, or Plaintiff's retrieval efforts. Defendants further stated that no documents will be produced in response to this request as drafted, and documents, if any, are being withheld on the basis of the stated objections.

That supplemental response is proper. Defendants have searched for documents within

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

the relevant scope and have not located nonprivileged responsive documents within their possession, custody, or control concerning the equipment, lease agreements, alleged payment obligations, alleged defaults, possession or control of the equipment, or Plaintiff's retrieval efforts. Plaintiff's speculation that Garawi, Forinelli, or Final Bell must have had some relevant role in DDLA does not justify broad discovery into business operations, employment, management, ownership, licensing, or internal company matters unrelated to Plaintiff's equipment or claims.

Plaintiff's motion should also be denied to the extent it seeks documents concerning general business operations, employment arrangements, management arrangements, licensing, investment, ownership, financing, internal communications, corporate governance, or private business matters unrelated to Plaintiff, the lease agreements, the equipment, alleged possession or control, alleged return or refusal, or claimed damages. Such discovery is not relevant or proportional under Rule 26(b)(1).

The Court should deny Plaintiff's motion to compel as to Request No. 33. If the Court is inclined to permit any further discovery in this area, Defendants respectfully request that any order be narrowly limited to nonprivileged documents, if any, within Defendants' possession, custody, or control that specifically concern Plaintiff, the lease agreements, the specific equipment at issue, alleged payment obligations, alleged defaults, alleged possession or control of the equipment, Plaintiff's retrieval efforts, or claimed damages. Any order should exclude general employment, management, operational, ownership, licensing, investment, financing, or corporate-governance materials unrelated to the claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 34:**

All documents and communications concerning wages, fees, distributions or payments made by Deeper Dive LA Management to Ali Garawi.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Responding Party object to this Request on the grounds that it is overbroad, seeks private and confidential financial and compensation information, and is not proportional to the needs of the case to the extent it seeks all wages, fees, distributions, or payments made by DDLA to Ali

Garawi without limitation. No documents will be produced in response to this Request, and documents are being withheld on the basis of these objections.

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Responding Party object to this Request on the grounds that it is overbroad, seeks private and confidential financial and compensation information, and is not proportional to the needs of the case to the extent it seeks all wages, fees, distributions, or payments made by DDLA to Ali Garawi without limitation. No documents will be produced in response to this Request, and documents are being withheld on the basis of these objections. Plaintiff's claims arise from alleged lease obligations and equipment-related issues. The personal compensation, wages, distributions, or private financial information of individual Defendants or non-parties is not relevant to any claim or defense and is not proportional to the needs of the case.

<u>Plaintiff's Position:</u>

This Request is narrowly tailored to a single payor (DDLA) and a single payee (Mr. Garawi). Distributions and payments to Mr. Garawi while the lease went unpaid are relevant to whether he was employed by and controlled DDLA and whether he controlled the Equipment after Plaintiff demanded its return — core questions on individual liability, conversion, and civil theft — and are discoverable on disgorgement and punitive damages. Oakes, 179 F.R.D. at 286. For the reasons stated as to Requests Nos. 22 and 27, "private and confidential" is not a basis to withhold and is resolved by the protective order, and a flat refusal is improper. Defendants must produce, subject to the protective order.

<u>Defendants' Position:</u>

Defendants oppose Plaintiff's motion as to Request No. 34. The request seeks "all documents and communications concerning wages, fees, distributions or payments made by Deeper Dive LA Management to Ali Garawi." As drafted, the request is overbroad, invasive, seeks private and confidential financial and compensation information, and is not proportional to the needs of the case.

Plaintiff's claims arise from alleged lease obligations, alleged equipment-related issues,

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

alleged demand for return, alleged refusal, and disputed damages. Plaintiff has not shown that Garawi's personal compensation, wages, fees, distributions, payments, or private financial information from DDLA are relevant to any claim or defense in this action. Plaintiff also has not shown that Garawi was a party to the lease agreements, executed the lease agreements, guaranteed the lease agreements, accepted delivery of the equipment, owed lease payments, possessed or controlled the equipment, refused return of the equipment, sold the equipment, damaged the equipment, or received proceeds from the equipment.

Rule 26(b)(1) requires discovery to be relevant to a claim or defense and proportional to the needs of the case. Request No. 34 does not satisfy that standard. It is not limited to payments connected to Plaintiff, the lease agreements, the equipment, alleged payment obligations, alleged default, alleged sale or transfer of equipment, alleged proceeds from equipment, or any specific damages calculation. Instead, it seeks all wages, fees, distributions, or payments made by DDLA to Garawi without limitation. That is improper financial discovery and is not proportional to the needs of this case.

Plaintiff's theory that payments to Garawi might show "control" or "benefit" is speculative and insufficient. Plaintiff cannot use a commercial equipment lease dispute to conduct discovery into Garawi's private compensation or financial information absent a specific factual nexus between the requested information and a claim or defense. Plaintiff has not identified any payment, distribution, transfer, or compensation item that it contends was derived from Plaintiff's equipment, traceable to any alleged sale of equipment, or otherwise connected to Plaintiff's claimed damages.

The request also seeks sensitive personal financial and compensation information. A protective order does not itself make irrelevant or disproportionate financial discovery discoverable. Confidentiality protections may address dissemination, but they do not eliminate Plaintiff's threshold burden to show relevance and proportionality.

Defendants served a supplemental response to Request No. 34. In that response, Defendants objected that the request is overbroad, seeks private and confidential financial and compensation information, and is not proportional to the needs of the case to the extent it seeks

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

all wages, fees, distributions, or payments made by DDLA to Garawi without limitation. Defendants further stated that Plaintiff's claims arise from alleged lease obligations and equipment-related issues, and that the personal compensation, wages, distributions, or private financial information of individual Defendants or non-parties is not relevant to any claim or defense and is not proportional to the needs of the case. Defendants stated that no documents will be produced in response to the request and that documents are being withheld on the basis of those objections.

That response is proper. Plaintiff is not entitled to all records of wages, fees, distributions, payments, compensation, or private financial information concerning Garawi. The Court should deny Plaintiff's motion to compel as to Request No. 34.

If the Court is inclined to permit any discovery in this area, Defendants respectfully request that any order be narrowly limited, if at all, to nonprivileged documents directly showing a specific payment or transfer that Plaintiff first identifies as being directly tied to Plaintiff's equipment, an alleged sale or disposition of Plaintiff's equipment, or a specific damages calculation. Any such production should occur only after entry of an appropriate protective order and should exclude general wages, compensation records, private financial information, bank records, tax records, personnel records, unrelated distributions, and payments unrelated to Plaintiff, the lease agreements, the equipment, or the claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and communications concerning wages, fees, distributions or payments made by Deeper Dive LA Management to Thomas Forinelli.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Responding Party object to this Request on the grounds that it is overbroad, seeks private and confidential financial and compensation information, and is not proportional to the needs of the case to the extent it seeks all wages, fees, distributions, or payments made by DDLA to Thomas Forinelli without limitation. No documents will be produced in response to this Request, and documents are being withheld on the basis of these objections.

///

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Responding Party object to this Request on the grounds that it is overbroad, seeks private and confidential financial and compensation information, and is not proportional to the needs of the case to the extent it seeks all wages, fees, distributions, or payments made by DDLA to Thomas Forinelli without limitation. No documents will be produced in response to this Request, and documents are being withheld on the basis of these objections. Plaintiff's claims arise from alleged lease obligations and equipment-related issues. The personal compensation, wages, distributions, or private financial information of individual Defendants or non-parties is not relevant to any claim or defense and is not proportional to the needs of the case.

Plaintiff's Position:

Identically tailored to a single payor (DDLA) and payee (Mr. Forinelli), this request is relevant for the same reasons stated as to Request No. 34 — Mr. Forinelli's position with DDLA and his control of the Equipment after demand — and confidentiality is resolved by the protective order. Mr. Forinelli is the principal of Defendant Final Bell Corporation. Defendants should produce these documents.

Defendants' Position:

Defendants oppose Plaintiff's motion as to Request No. 35. The request seeks "all documents and communications concerning wages, fees, distributions or payments made by Deeper Dive LA Management to Thomas Forinelli." As drafted, the request is overbroad, invasive, seeks private and confidential financial and compensation information, and is not proportional to the needs of the case.

Plaintiff's claims arise from alleged lease obligations, alleged equipment-related issues, alleged demand for return, alleged refusal, and disputed damages. Plaintiff has not shown that Forinelli's personal compensation, wages, fees, distributions, payments, or private financial information from DDLA are relevant to any claim or defense in this action. Plaintiff also has not shown that Forinelli was a party to the lease agreements, executed the lease agreements, guaranteed the lease agreements, accepted delivery of the equipment, owed lease payments,

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

possessed or controlled the equipment, refused return of the equipment, sold the equipment, damaged the equipment, or received proceeds from the equipment.

Rule 26(b)(1) requires discovery to be relevant to a claim or defense and proportional to the needs of the case. Request No. 35 does not satisfy that standard. It is not limited to payments connected to Plaintiff, the lease agreements, the equipment, alleged payment obligations, alleged default, alleged sale or transfer of equipment, alleged proceeds from equipment, or any specific damages calculation. Instead, it seeks all wages, fees, distributions, or payments made by DDLA to Forinelli without limitation. That is improper private financial discovery and is not proportional to the needs of this case.

Plaintiff's theory that payments to Forinelli might show "control," "benefit," or some relationship with DDLA is speculative and insufficient. Plaintiff cannot use a commercial equipment lease dispute to conduct discovery into Forinelli's private compensation or financial information absent a specific factual nexus between the requested information and a claim or defense. Plaintiff has not identified any payment, distribution, transfer, or compensation item that it contends was derived from Plaintiff's equipment, traceable to any alleged sale or disposition of Plaintiff's equipment, or otherwise connected to Plaintiff's claimed damages.

The request also seeks sensitive personal financial and compensation information. A protective order does not itself make irrelevant or disproportionate financial discovery discoverable. Confidentiality protections may address dissemination, but they do not eliminate Plaintiff's threshold burden to show relevance and proportionality.

Defendants served a supplemental response to Request No. 35. In that response, Defendants objected that the request is overbroad, seeks private and confidential financial and compensation information, and is not proportional to the needs of the case to the extent it seeks all wages, fees, distributions, or payments made by DDLA to Thomas Forinelli without limitation. Defendants further stated that Plaintiff's claims arise from alleged lease obligations and equipment-related issues, and that the personal compensation, wages, distributions, or private financial information of individual Defendants or non-parties is not relevant to any claim or defense and is not proportional to the needs of the case. Defendants stated that no documents

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

will be produced in response to the request and that documents are being withheld on the basis of those objections.

That response is proper. Plaintiff is not entitled to all records of wages, fees, distributions, payments, compensation, or private financial information concerning Forinelli. The Court should deny Plaintiff's motion to compel as to Request No. 35.

If the Court is inclined to permit any discovery in this area, Defendants respectfully request that any order be narrowly limited, if at all, to nonprivileged documents directly showing a specific payment or transfer that Plaintiff first identifies as being directly tied to Plaintiff's equipment, an alleged sale or disposition of Plaintiff's equipment, or a specific damages calculation. Any such production should occur only after entry of an appropriate protective order and should exclude general wages, compensation records, private financial information, bank records, tax records, personnel records, unrelated distributions, and payments unrelated to Plaintiff, the lease agreements, the equipment, or the claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 36:**

All documents and communications concerning the relationship, as well as financial information, sales records, purchase orders or otherwise, between Deeper Dive LA Management LLC and Final Bell.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional because it seeks all documents and communications concerning the relationship between DDLA and Final Bell, including unspecified "financial information, sales records, purchase orders or otherwise," without reasonable limitation. Responding Defendants further object that the phrase "or otherwise" is vague and ambiguous and renders the Request open-ended. Responding Party also objects to the extent the Request seeks confidential and proprietary business information unrelated to the claims and defenses in this action. No documents will be produced in response to this Request as presently drafted, and documents are being withheld on the basis of these objections.

///

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional because it seeks all documents and communications concerning the relationship between DDLA and Final Bell, including unspecified "financial information, sales records, purchase orders or otherwise," without reasonable limitation. Responding Defendants further object that the phrase "or otherwise" is vague and ambiguous and renders the Request open-ended. Responding Party also objects to the extent the Request seeks confidential and proprietary business information unrelated to the claims and defenses in this action. No documents will be produced in response to this Request as presently drafted, and documents are being withheld on the basis of these objections.

Plaintiff's Position:

The financial and operational relationship between DDLA and Final Bell bears on control, possession, and profits derived from the Equipment. For the reasons stated as to Requests Nos. 22 and 32, the overbreadth and "or otherwise" vagueness objections are unsupported and any confidentiality is resolved by the protective order. Defendants should produce these documents, subject to the protective order.

Defendants' Position:

Defendants oppose Plaintiff's motion as to Request No. 36. The request seeks "all documents and communications concerning the relationship, as well as financial information, sales records, purchase orders or otherwise, between Deeper Dive LA Management LLC and Final Bell." As drafted, the request is overbroad, vague, ambiguous, invasive, and not proportional to the needs of the case.

Request No. 36 improperly seeks broad discovery into the general business relationship between DDLA and Final Bell without limiting the request to the alleged lease agreements, the specific equipment at issue, alleged payment obligations, alleged default, alleged possession or control of the equipment, alleged return or refusal, alleged transfer or sale, or claimed damages. Plaintiff is not entitled to all documents concerning DDLA's and Final Bell's business relationship merely because Plaintiff has named Final Bell as a Defendant.

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

The request is particularly improper because Final Bell was not a party to the alleged equipment lease, did not execute the alleged lease, did not guarantee the alleged lease, did not operate the business location where Plaintiff contends the equipment was located, and Plaintiff has not shown that Final Bell possessed, controlled, accepted, refused to return, sold, damaged, or received proceeds from the equipment. Plaintiff must identify a specific factual nexus between Final Bell and the lease, equipment, alleged possession or control, alleged transfer or sale, or damages before seeking broad business and financial discovery from Final Bell.

Rule 26(b)(1) requires discovery to be relevant to a claim or defense and proportional to the needs of the case. Request No. 36 does not satisfy that standard. The request seeks unspecified "financial information, sales records, purchase orders or otherwise," without identifying any relevant transaction, date range, equipment, payment, sale, invoice, purchase order, damages category, or claim-specific connection. The phrase "or otherwise" is vague and open-ended and fails to describe the requested documents with reasonable particularity as required by Rule 34.

The request also seeks confidential and proprietary business information unrelated to the claims and defenses in this action. A protective order does not itself make irrelevant or disproportionate business or financial discovery discoverable. Confidentiality protections may address dissemination, but they do not eliminate Plaintiff's threshold burden to show relevance and proportionality.

Defendants served a supplemental response to Request No. 36. In that response, Defendants objected that the request is overbroad, unduly burdensome, and not proportional because it seeks all documents and communications concerning the relationship between DDLA and Final Bell, including unspecified "financial information, sales records, purchase orders or otherwise," without reasonable limitation. Defendants further objected that the phrase "or otherwise" is vague and ambiguous and renders the request open-ended. Defendants also objected to the extent the request seeks confidential and proprietary business information unrelated to the claims and defenses in this action. Defendants stated that no documents will be

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

produced in response to the request as presently drafted and that documents are being withheld on the basis of those objections.

That response is proper. Plaintiff has not shown that broad discovery into the DDLA-Final Bell business relationship, financial information, sales records, purchase orders, or other business records is relevant or proportional. Plaintiff's speculation that Final Bell may have some relationship with DDLA does not justify a broad review of business, financial, sales, purchase, or operational records unrelated to Plaintiff, the lease agreements, the equipment, or the claims and defenses.

The Court should deny Plaintiff's motion to compel as to Request No. 36. If the Court is inclined to permit any discovery in this area, Defendants respectfully request that any order be narrowly limited, if at all, to nonprivileged documents within Defendants' possession, custody, or control that specifically concern Plaintiff, the lease agreements, the specific equipment at issue, alleged possession or control of the equipment, alleged transfer or sale of the equipment, alleged refusal to return the equipment, or a specific damages calculation identified by Plaintiff. Any order should exclude general business-relationship materials, financial information, sales records, purchase orders, proprietary commercial information, and documents unrelated to Plaintiff, the lease agreements, the equipment, or the claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and communications concerning wages, fees, distributions or payments made by Deeper Dive LA Management to Bryce Egbert and/or Egbert Enterprise/Enterprises.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Responding Party object to this Request on the grounds that it is overbroad, seeks private and confidential financial and compensation information, and is not proportional to the needs of the case to the extent it seeks all wages, fees, distributions, or payments made by DDLA to Bryce Egbert and/or Egbert Enterprises without limitation. No documents will be produced in response to this Request, and documents are being withheld on the basis of these objections.

///

///

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Responding Party object to this Request on the grounds that it is overbroad, seeks private and confidential financial and compensation information, and is not proportional to the needs of the case to the extent it seeks all wages, fees, distributions, or payments made by DDLA to Bryce Egbert and/or Egbert Enterprises without limitation. No documents will be produced in response to this Request, and documents are being withheld on the basis of these objections. Plaintiff's claims arise from alleged lease obligations and equipment-related issues. The personal compensation, wages, distributions, or private financial information of individual Defendants or non-parties is not relevant to any claim or defense and is not proportional to the needs of the case.

Plaintiff's Position:

Narrowly tailored to a single payor (DDLA) and the Egbert payees, this request is central to the civil-theft and conversion claims and to tracing the proceeds of the operation that were derived from the Equipment. Whether and what DDLA paid these individuals is important for determining their control over the enterprise, and also goes to whether these payees should be liable for punitive damages for enjoying the fruits of the stolen equipment. For the reasons stated as to Request No. 34, these matters are discoverable, and the flat refusal to produce is improper.

Defendants' Position:

Defendants oppose Plaintiff's motion as to Request No. 37. The request seeks "all documents and communications concerning wages, fees, distributions or payments made by Deeper Dive LA Management to Bryce Egbert and/or Egbert Enterprise/Enterprises." As drafted, the request is overbroad, invasive, seeks private and confidential financial and compensation information, and is not proportional to the needs of the case.

Plaintiff's claims arise from alleged lease obligations, alleged equipment-related issues, alleged demand for return, alleged refusal, and disputed damages. Plaintiff has not shown that all wages, fees, distributions, payments, compensation, or private financial information concerning Bryce Egbert or Egbert Enterprise/Enterprises are relevant to any claim or defense. Rule 26(b)(1) requires discovery to be relevant to a claim or defense and proportional to the needs of the case. Request No. 37 does not satisfy that standard.

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

The request is not limited to payments connected to Plaintiff, the lease agreements, the specific equipment at issue, alleged payment obligations, alleged default, alleged sale or transfer of equipment, alleged proceeds from equipment, alleged refusal to return equipment, or any specific damages calculation. Instead, it seeks all wages, fees, distributions, and payments made by DDLA to Bryce Egbert and/or Egbert Enterprise/Enterprises without limitation. That is improper private financial discovery and is not proportional to the needs of this case.

Plaintiff's theory that such records may show "control," "benefit," or "profits" is speculative and insufficient. Plaintiff cannot use a commercial equipment lease dispute to conduct broad discovery into personal compensation, entity compensation, distributions, or private financial records absent a specific factual nexus between the requested information and a claim or defense. Plaintiff has not identified any particular wage payment, fee, distribution, transfer, or compensation item that it contends was derived from Plaintiff's equipment, traceable to any alleged sale or disposition of Plaintiff's equipment, or otherwise connected to Plaintiff's claimed damages.

The request also seeks sensitive personal and business financial information. A protective order does not itself make irrelevant or disproportionate financial discovery discoverable. Confidentiality protections may address dissemination, but they do not eliminate Plaintiff's threshold burden to establish relevance and proportionality.

Defendants served a supplemental response to Request No. 37. In that response, Defendants objected that the request is overbroad, seeks private and confidential financial and compensation information, and is not proportional to the needs of the case to the extent it seeks all wages, fees, distributions, or payments made by DDLA to Bryce Egbert and/or Egbert Enterprise/Enterprises without limitation. Defendants further stated that Plaintiff's claims arise from alleged lease obligations and equipment-related issues, and that personal compensation, wages, distributions, or private financial information of individual Defendants or non-parties is not relevant to any claim or defense and is not proportional to the needs of the case. Defendants stated that no documents will be produced in response to the request and that documents are being withheld on the basis of those objections.

That response is proper. Plaintiff is not entitled to all records of wages, fees, distributions, payments, compensation, or private financial information concerning Bryce Egbert or Egbert Enterprise/Enterprises. Plaintiff's request is not tailored to the equipment lease, the specific equipment, alleged payments to Plaintiff, alleged proceeds, alleged damages, or any claim-specific theory.

The Court should deny Plaintiff's motion to compel as to Request No. 37. If the Court is inclined to permit any discovery in this area, Defendants respectfully request that any order be narrowly limited, if at all, to nonprivileged documents directly showing a specific payment or transfer that Plaintiff first identifies as being directly tied to Plaintiff's equipment, an alleged sale or disposition of Plaintiff's equipment, or a specific damages calculation. Any such production should occur only after entry of an appropriate protective order and should exclude general wages, compensation records, private financial information, bank records, tax records, personnel records, unrelated distributions, and payments unrelated to Plaintiff, the lease agreements, the equipment, or the claims and defenses in this action.

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

**REQUEST FOR PRODUCTION NO. 38:**

All documents and communications concerning changes, proposed or actual, to the ownership and management of Deeper Dive LA Management LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Responding Party objects to this Request on the grounds that it is overbroad in seeking all documents and communications concerning any proposed or actual changes to DDLA ownership and management, without limitation to changes relevant to the Equipment, the Lease Agreement, possession or control of the Equipment, or the claims and defenses in this action. No documents will be produced in response to this Request as presently drafted, and documents are being withheld on the basis of these objections.

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Responding Party objects to this Request on the grounds that it is overbroad in seeking all documents and communications concerning any proposed or actual changes to DDLA ownership and management, without limitation to changes relevant to the Equipment, the Lease Agreement,

possession or control of the Equipment, or the claims and defenses in this action. No documents will be produced in response to this Request as presently drafted, and documents are being withheld on the basis of these objections.

Plaintiff's Position:

The 2024 ownership and management transition by which the Garawi and Final Bell took over DDLA is central to control of the Equipment and to the conversion and civil-theft claims. Responsive operating agreements, loan and investment documents, board minutes, resolutions, and member-ownership records are readily identifiable. For the reasons stated as to Requests Nos. 28 and 31, Defendants must produce, subject to the protective order.

Defendants' Position:

Defendants oppose Plaintiff's motion as to Request No. 38. The request seeks "all documents and communications concerning changes, proposed or actual, to the ownership and management of Deeper Dive LA Management LLC." As drafted, the request is overbroad, vague, invasive, and not proportional to the needs of the case.

Request No. 38 is not limited to Plaintiff, the alleged lease agreements, the specific equipment at issue, alleged payment obligations, alleged defaults, alleged possession or control of the equipment, alleged return or refusal, alleged transfer or sale, or claimed damages. Instead, Plaintiff seeks all documents and communications concerning any proposed or actual ownership or management changes at DDLA, without regard to whether those alleged changes have any connection to the claims or defenses in this action.

Plaintiff cannot use this commercial lease and equipment dispute to obtain broad discovery into DDLA's internal ownership, management, corporate governance, investment discussions, financing discussions, business restructuring, member issues, employment matters, or private business communications unrelated to the specific lease and equipment issues in dispute. Rule 26(b)(1) requires discovery to be relevant to a claim or defense and proportional to the needs of the case. Request No. 38 does not satisfy that standard as drafted.

Plaintiff also appears to assume that all ownership or management changes at DDLA are

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

relevant to possession or control of the equipment. Defendants do not concede that premise. Plaintiff must identify a specific factual nexus between any alleged ownership or management change and the lease agreements, the equipment, alleged default, possession or control of the equipment, Plaintiff's retrieval efforts, or claimed damages. Generalized allegations of "control" do not justify unrestricted discovery into DDLA's internal ownership or management records.

Defendants served a supplemental response to Request No. 38. In that response, Defendants objected that the request is overbroad because it seeks all documents and communications concerning any proposed or actual changes to DDLA ownership and management, without limitation to changes relevant to the equipment, the lease agreement, possession or control of the equipment, or the claims and defenses in this action. Defendants stated that no documents will be produced in response to the request as presently drafted, and that documents are being withheld on the basis of those objections.

That response is proper. Plaintiff has not shown that all proposed or actual changes to DDLA ownership or management are relevant or proportional. Nor has Plaintiff shown that broad discovery into DDLA's internal ownership, management, governance, investment, financing, or restructuring matters is necessary to resolve the issues in this case.

The Court should deny Plaintiff's motion to compel as to Request No. 38. If the Court is inclined to permit any discovery in this area, Defendants respectfully request that any order be narrowly limited, if at all, to nonprivileged documents within Defendants' possession, custody, or control that specifically concern ownership or management changes directly related to Plaintiff, the alleged lease agreements, the specific equipment at issue, alleged possession or control of the equipment, Plaintiff's retrieval efforts, or a specific damages theory identified by Plaintiff. Any order should exclude general ownership, management, governance, investment, financing, restructuring, employment, licensing, or internal business materials unrelated to Plaintiff, the lease agreements, the equipment, or the claims and defenses in this action.

///

///

///

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

**REQUEST FOR PRODUCTION NO. 39:**

All documents and communications concerning the licensing status, including updates and filings, changes/modifications to the license or to management/ownership, of Deeper Dive LA Management LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Responding Party objects to this Request on the grounds that it is overbroad and seeks all documents and communications concerning DDLA's licensing status, including matters unrelated to the Equipment, the Lease Agreement, or the ownership and management changes at issue in this action. Responding Party further objects to the extent the Request seeks confidential regulatory or licensing materials not proportional to the needs of the case. No documents will be produced in response to this Request as presently drafted, and documents are being withheld on the basis of these objections.

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Responding Party objects to this Request on the grounds that it is overbroad and seeks all documents and communications concerning DDLA's licensing status, including matters unrelated to the Equipment, the Lease Agreement, or the ownership and management changes at issue in this action. Responding Party further objects to the extent the Request seeks confidential regulatory or licensing materials not proportional to the needs of the case. No documents will be produced in response to this Request as presently drafted, and documents are being withheld on the basis of these objections.

Plaintiff's Position:

Licensing changes — and Mr. Garawi's prohibition from the cannabis industry — tie directly to who operated and controlled DDLA. For the reasons stated as to Requests Nos. 28 and 38, the overbreadth and confidentiality objections do not justify withholding, and any sensitivity is resolved by the protective order. Defendants should produce these documents, subject to the protective order.

///

///

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

Defendants' Position:

Defendants oppose Plaintiff's motion as to Request No. 39. The request seeks "all documents and communications concerning the licensing status, including updates and filings, changes/modifications to the license or to management/ownership, of Deeper Dive LA Management LLC." As drafted, the request is overbroad, invasive, seeks confidential regulatory and licensing materials, and is not proportional to the needs of the case.

Request No. 39 is not limited to Plaintiff, the alleged lease agreements, the specific equipment at issue, alleged payment obligations, alleged defaults, alleged possession or control of the equipment, alleged return or refusal, alleged transfer or sale, or claimed damages. Instead, Plaintiff seeks all documents and communications concerning DDLA's licensing status, updates, filings, license changes, management modifications, and ownership modifications, regardless of whether those materials have any connection to the claims or defenses in this action.

Plaintiff appears to argue that DDLA's licensing materials are relevant because Plaintiff assumes that Ali Garawi was restricted or banned from participating in the cannabis industry. That argument does not establish relevance or proportionality. Plaintiff has not shown that any alleged restriction involving Garawi bears on the lease agreements, the equipment, alleged payment obligations, alleged default, delivery, acceptance, possession or control of the equipment, Plaintiff's retrieval efforts, alleged refusal to return the equipment, alleged transfer or sale of the equipment, or Plaintiff's claimed damages.

Even if Plaintiff contends that Garawi was subject to some restriction relating to the cannabis industry, that does not make DDLA's entire licensing file, regulatory submissions, ownership disclosures, management disclosures, compliance materials, or communications with licensing authorities discoverable. Plaintiff must identify a specific factual nexus between the alleged restriction and a claim or defense in this case. Generalized allegations about cannabis licensing or Garawi's alleged background do not justify broad discovery into confidential regulatory and licensing materials.

Plaintiff also has not shown that Garawi was a party to the alleged lease agreements,

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

executed the alleged lease agreements, guaranteed the alleged lease agreements, accepted delivery of the equipment, possessed or controlled the equipment, refused return of the equipment, sold the equipment, damaged the equipment, or received proceeds from the equipment. Without such a nexus, Plaintiff's theory regarding an alleged cannabis-industry restriction is collateral, prejudicial, and disproportionate to this commercial lease and equipment dispute.

Rule 26(b)(1) requires discovery to be relevant to a claim or defense and proportional to the needs of the case. Request No. 39 does not satisfy that standard as drafted. Plaintiff's claims arise from alleged lease obligations and equipment-related issues. Plaintiff has not shown that DDLA's general licensing status, regulatory filings, license updates, cannabis compliance materials, ownership disclosures, management disclosures, or licensing communications are relevant to any claim or defense.

The request also seeks confidential regulatory and licensing materials that may include sensitive business information, proprietary operational information, personal identifying information, ownership disclosures, management disclosures, compliance submissions, and communications with licensing authorities. A protective order does not itself make irrelevant or disproportionate licensing and regulatory discovery discoverable. Confidentiality protections may address dissemination, but they do not eliminate Plaintiff's threshold burden to show relevance and proportionality.

Defendants served a supplemental response to Request No. 39. In that response, Defendants objected that the request is overbroad and seeks all documents and communications concerning DDLA's licensing status, including matters unrelated to the equipment, the lease agreement, or the ownership and management changes at issue in this action. Defendants further objected to the extent the request seeks confidential regulatory or licensing materials not proportional to the needs of the case. Defendants stated that no documents will be produced in response to the request as presently drafted and that documents are being withheld on the basis of those objections.

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

That response is proper. Plaintiff has not shown that all licensing, regulatory, ownership, management, update, filing, or modification materials concerning DDLA are relevant or proportional. Nor has Plaintiff shown that broad discovery into DDLA's cannabis licensing status or regulatory submissions is necessary to resolve the issues in this case. Plaintiff's assumption regarding Garawi's alleged restriction from the cannabis industry does not change that analysis.

The Court should deny Plaintiff's motion to compel as to Request No. 39. If the Court is inclined to permit any discovery in this area, Defendants respectfully request that any order be narrowly limited, if at all, to nonprivileged documents within Defendants' possession, custody, or control that specifically concern Plaintiff, the alleged lease agreements, the specific equipment at issue, alleged possession or control of the equipment, Plaintiff's retrieval efforts, or a specific damages theory identified by Plaintiff. Any order should exclude general licensing materials, regulatory filings, cannabis compliance records, ownership disclosures, management disclosures, confidential business records, personal identifying information, and communications with licensing authorities unrelated to Plaintiff, the lease agreements, the equipment, or the claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 45:**

Any and all documents and communications concerning the METRC transactions of Deeper Dive LA Management LLC from May of 2023 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks any and all documents and communications concerning DDLA's METRC transactions from May 2023 to the present, without limitation to transactions involving the Equipment or any issue actually raised in the pleadings. Responding Party further objects that the Request seeks confidential, proprietary, and commercially sensitive business information. No documents will be produced in response to this Request as presently drafted, and documents are being withheld on the basis of these objections.

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks any and all documents and communications concerning DDLA's METRC transactions from May 2023 to the present, without limitation to transactions involving the Equipment or any issue actually raised in the pleadings. Responding Party further objects that the Request seeks confidential, proprietary, and commercially sensitive business information. No documents will be produced in response to this Request as presently drafted, and documents are being withheld on the basis of these objections.

Plaintiff's Position:

METRC track-and-trace data is the best evidence of production and output generated using the Equipment and is directly relevant to profits, unjust enrichment, and actual and punitive damages. For the reasons stated as to Request No. 22, the boilerplate overbreadth and confidentiality objections do not justify withholding and are resolved by the protective order. Defendants should produce this data, subject to the protective order.

Defendants' Position:

Defendants oppose Plaintiff's motion as to Request No. 45. The request seeks "[a]ny and all documents and communications concerning the METRC transactions of Deeper Dive LA Management LLC from May of 2023 to the present." As drafted, the request is overbroad, unduly burdensome, invasive, commercially sensitive, and not proportional to the needs of the case.

Plaintiff's request is not limited to the alleged lease agreements, the specific equipment at issue, alleged payment obligations, alleged defaults, alleged possession or control of the equipment, alleged return or refusal, alleged transfer or sale, or any specific damages calculation. Instead, Plaintiff seeks all METRC transactions for DDLA from May 2023 to the present, which would encompass broad cannabis track-and-trace data, inventory data, production records, sales-related records, customer or third-party information, regulatory compliance information, and commercially sensitive business information unrelated to Plaintiff's claims or defenses.

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

Plaintiff's assertion that METRC data is the "best evidence" of production and output allegedly generated using the equipment does not make the entire universe of DDLA's METRC transactions discoverable. Plaintiff has not shown that METRC data can reliably isolate output generated by the specific equipment at issue, as opposed to output attributable to other equipment, labor, inventory, raw materials, processes, licensing, customer demand, market conditions, third-party activity, or general business operations. Plaintiff's assumption that all or any METRC transactions reflect use of Plaintiff's equipment is speculative and disputed.

Rule 26(b)(1) requires discovery to be relevant to a claim or defense and proportional to the needs of the case. Request No. 45 does not satisfy that standard. If Plaintiff seeks profits, unjust enrichment, actual damages, or punitive damages, Plaintiff must first identify the specific damages theory, the particular Defendant, the relevant time period, the specific equipment, and the factual basis for tying any alleged production or output to that equipment. Plaintiff may not use Request No. 45 to conduct a wholesale audit of DDLA's cannabis operations.

Plaintiff's punitive-damages argument does not justify broad METRC discovery. Even where financial-condition discovery may be permitted in some federal cases involving punitive damages, that principle does not authorize discovery into all business operations, track-and-trace data, inventory movements, production records, sales records, or regulatory compliance materials. Punitive-damages discovery, if appropriate at all, must still satisfy relevance and proportionality under Rule 26(b)(1). Request No. 45 is not a targeted request for financial-condition information and is not limited to a specific punitive-damages issue.

The requested information is also highly confidential and proprietary. METRC data may include sensitive operational data, inventory information, production information, product movement information, regulatory compliance information, customer or third-party information, and other commercially sensitive cannabis-business information. A protective order does not itself make irrelevant or disproportionate discovery discoverable. Confidentiality protections may address dissemination, but they do not eliminate Plaintiff's threshold burden to show relevance and proportionality.

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

Defendants served a supplemental response to Request No. 45. In that response, Defendants objected that the request is overbroad, unduly burdensome, and not proportional because it seeks any and all documents and communications concerning DDLA's METRC transactions from May 2023 to the present, without limitation to transactions involving the equipment or any issue actually raised in the pleadings. Defendants further objected that the request seeks confidential, proprietary, and commercially sensitive business information. Defendants stated that no documents will be produced in response to the request as presently drafted, and that documents are being withheld on the basis of those objections.

That response is proper. Plaintiff has not shown that all METRC transactions from May 2023 to the present are relevant or proportional. Nor has Plaintiff shown that the requested METRC data is the "best evidence" of profits, unjust enrichment, actual damages, or punitive damages, or that such data can be tied to Plaintiff's specific equipment without sweeping in unrelated operations and confidential business information.

The Court should deny Plaintiff's motion to compel as to Request No. 45. If the Court is inclined to permit any discovery in this area, Defendants respectfully request that any order be narrowly limited, if at all, to nonprivileged documents or data within Defendants' possession, custody, or control that Plaintiff can specifically tie to the use, transfer, sale, or disposition of the particular equipment at issue and to a specific damages calculation Plaintiff has identified. Any such production should occur only after entry of an appropriate protective order and should exclude general METRC transactions, inventory records, production data, regulatory compliance materials, third-party information, customer information, sales data, and business-operation records unrelated to Plaintiff, the lease agreements, the equipment, or the claims and defenses in this action.

**<u>REQUEST FOR PRODUCTION NO. 46:</u>**

Any and all documents and communications concerning license, state or federal investigations, charges and/or pleadings made against Deeper Dive LA Management LLC, as well as Bryce Egbert, Ali Garawi and/or Thomas Forinelli.

///

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Responding Party objects to this Request on the grounds that it is overbroad, seeks information not relevant to any claim or defense in this action, and is not proportional to the needs of the case because it seeks any and all documents and communications concerning license, state, or federal investigations, charges, and/or pleadings made against multiple persons and entities, whether or not related to the Equipment, the Lease Agreement, or the claims asserted in this case. Responding Party further objects that the Request seeks private, confidential, and potentially prejudicial information. No documents will be produced in response to this Request, and documents are being withheld on the basis of these objections.

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Responding Party objects to this Request on the grounds that it is overbroad, seeks information not relevant to any claim or defense in this action, and is not proportional to the needs of the case because it seeks any and all documents and communications concerning license, state, or federal investigations, charges, and/or pleadings made against multiple persons and entities, whether or not related to the Equipment, the Lease Agreement, or the claims asserted in this case. Responding Party further objects that the Request seeks private, confidential, and potentially prejudicial information. No documents will be produced in response to this Request, and documents are being withheld on the basis of these objections.

Plaintiff's Position:

"Prejudice" is not a discovery objection. The request is tied to the named entity and individuals at the center of this case and is relevant to credibility, conversion, and the knowledge and intent elements of civil theft; Mr. Garawi's federal fraud case and probation status are squarely relevant to control, credibility, and knowledge of the use of the converted Equipment. For the reasons stated as to Request No. 27, any "privacy" or sensitivity is addressed by the protective order, and to the extent Defendants contend the phrasing sweeps too broadly the proper course is a narrowing proposal, not a flat refusal.

Defendants' Position:

Defendants oppose Plaintiff's motion as to Request No. 46. The request seeks "[a]ny and

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

all documents and communications concerning license, state or federal investigations, charges and/or pleadings made against Deeper Dive LA Management LLC, as well as Bryce Egbert, Ali Garawi and/or Thomas Forinelli." As drafted, the request is facially overbroad, invasive, prejudicial, and not proportional to the needs of the case.

Plaintiff's claims arise from alleged lease obligations and equipment-related issues, including alleged payment obligations, alleged default, alleged possession or control of equipment, alleged demand for return, alleged refusal, and disputed damages. Request No. 46 is not limited to Plaintiff, the alleged lease agreements, the specific equipment at issue, alleged payment obligations, alleged default, possession or control of the equipment, alleged transfer or sale of equipment, alleged refusal to return equipment, or claimed damages. Instead, Plaintiff seeks any and all documents and communications concerning any license, state, or federal investigations, charges, or pleadings involving multiple persons and entities, regardless of whether those matters have anything to do with this case.

Plaintiff's assertion that "prejudice" is not a discovery objection misses the point. Defendants' objections are based on relevance, proportionality, privacy, confidentiality, and the improper breadth of the request under Rule 26(b)(1). The fact that responsive materials may also be prejudicial underscores why Plaintiff must show a specific factual nexus to the claims and defenses before obtaining criminal, regulatory, licensing, investigative, or litigation-related materials concerning parties and non-parties.

Plaintiff has not made that showing. Plaintiff has not identified any specific investigation, charge, pleading, licensing matter, or regulatory matter that concerns Plaintiff, the alleged lease agreements, the equipment, delivery, acceptance, payment, default, possession or control, return, refusal, transfer, sale, or damages. Plaintiff's generalized assertion that such materials may bear on "credibility," "control," "knowledge," or "intent" is not sufficient to justify broad discovery into unrelated investigations, charges, pleadings, licensing matters, criminal matters, or regulatory matters.

Plaintiff also improperly relies on Garawi's alleged federal fraud case and probation

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

status as a basis to obtain broad discovery concerning multiple persons and entities. Plaintiff has not shown that Garawi negotiated the alleged lease, executed the alleged lease, guaranteed the alleged lease, accepted delivery of the equipment, owed lease payments, possessed or controlled the equipment, refused return of the equipment, sold the equipment, damaged the equipment, or received proceeds from the equipment. Nor has Plaintiff shown that any alleged probation status or cannabis-industry restriction has any bearing on the lease agreements, the equipment, possession or control, alleged refusal to return, alleged transfer or sale, or damages. Without that specific nexus, Plaintiff's request is collateral, speculative, and disproportionate.

Plaintiff's "credibility" argument is also not a basis to compel the request as drafted. Discovery may not be used to conduct a broad character investigation or to obtain every investigation, charge, pleading, licensing issue, or government-related communication involving a party or non-party. If Plaintiff contends that a specific conviction or specific adjudicated matter is admissible for impeachment, that issue is governed by the Federal Rules of Evidence and does not justify wholesale production of criminal-file materials, probation materials, government communications, licensing records, unrelated pleadings, or unrelated investigations.

Nor does a protective order cure the problem. A protective order may address dissemination of confidential information, but it does not make irrelevant or disproportionate discovery discoverable. Plaintiff must first establish relevance and proportionality under Rule 26(b)(1). Plaintiff has not done so.

Defendants served a supplemental response to Request No. 46. In that response, Defendants objected that the request is overbroad, seeks information not relevant to any claim or defense, and is not proportional because it seeks any and all documents and communications concerning license, state, or federal investigations, charges, and/or pleadings made against multiple persons and entities, whether or not related to the equipment, the lease agreement, or the claims asserted in this case. Defendants further objected that the request seeks private, confidential, and potentially prejudicial information. Defendants stated that no documents will be produced in response to the request and that documents are being withheld on the basis of those objections.

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

That response is proper. Plaintiff is not entitled to broad discovery into license matters, state or federal investigations, charges, pleadings, criminal-history materials, probation-related materials, regulatory materials, or unrelated litigation materials concerning DDLA, Egbert, Garawi, or Forinelli. Plaintiff's motion should be denied as to Request No. 46.

If the Court is inclined to permit any discovery in this area, Defendants respectfully request that Plaintiff first be required to identify the specific investigation, charge, pleading, licensing matter, or regulatory matter it contends is relevant; the claim or defense to which it allegedly relates; and the factual basis for connecting that matter to Plaintiff, the lease agreements, the specific equipment at issue, alleged possession or control of the equipment, Plaintiff's retrieval efforts, alleged transfer or sale, or claimed damages. Any order should be narrowly limited to nonprivileged documents directly concerning those specific issues and should exclude criminal-file materials, probation materials, government communications, licensing materials, unrelated pleadings, unrelated investigations, personal background information, and materials concerning non-parties or unrelated matters.

**REQUEST FOR PRODUCTION NO. 48:**

All documents and communications concerning sales records of Deeper Dive LA Management LLC from May of 2023 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks all sales records of DDLA from May 2023 to the present, without limitation to sales derived from the use or operation of the Equipment at issue. Responding Party further objects that the Request seeks confidential, proprietary, and commercially sensitive business information. No documents will be produced in response to this Request as presently drafted, and documents are being withheld on the basis of these objections.

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks all sales records of

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

DDLA from May 2023 to the present, without limitation to sales derived from the use or operation of the Equipment at issue. Responding Party further objects that the Request seeks confidential, proprietary, and commercially sensitive business information. No documents will be produced in response to this Request as presently drafted, and documents are being withheld on the basis of these objections.

<u>Plaintiff's Position:</u>

Sales records go to revenues and profits derived from the Equipment and are highly relevant to actual and punitive damages. For the reasons stated as to Requests Nos. 22 and 45, the boilerplate overbreadth and confidentiality objections do not justify withholding and are resolved by the protective order. Defendants must produce, subject to the protective order.

<u>Defendants' Position:</u>

Defendants oppose Plaintiff's motion as to Request No. 48. The request seeks "[a]ll documents and communications concerning sales records of Deeper Dive LA Management LLC from May of 2023 to the present." As drafted, the request is overbroad, unduly burdensome, invasive, commercially sensitive, and not proportional to the needs of the case.

Plaintiff's claims arise from alleged lease obligations and equipment-related issues, including alleged payment obligations, alleged default, alleged demand for return, alleged refusal, and disputed damages. Request No. 48 is not limited to Plaintiff, the alleged lease agreements, the specific equipment at issue, alleged payment obligations, alleged default, alleged possession or control of the equipment, alleged transfer or sale of equipment, alleged refusal to return equipment, or any specific damages calculation. Instead, Plaintiff seeks all sales records of DDLA from May 2023 to the present, regardless of whether those sales have any connection to Plaintiff, the lease agreements, the equipment, or the claims and defenses in this action.

Plaintiff's assertion that all DDLA sales records are relevant to revenues or profits allegedly derived from the equipment is speculative and overbroad. Plaintiff has not shown that DDLA's sales records can reliably isolate revenue allegedly attributable to Plaintiff's specific equipment, as opposed to revenue attributable to other equipment, other business operations, labor, inventory, licensing, raw materials, customer demand, market conditions, overhead,

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

financing, unrelated sales, or third-party conduct. Plaintiff's assumption that sales records generally reflect use of Plaintiff's equipment does not justify a wholesale audit of DDLA's business operations.

Rule 26(b)(1) requires discovery to be relevant to a claim or defense and proportional to the needs of the case. Request No. 48 does not satisfy that standard. If Plaintiff seeks actual damages, lost value, unjust enrichment, disgorgement, or punitive damages, Plaintiff must first identify the specific damages theory, the Defendant against whom the damages are sought, the relevant time period, the specific equipment, and the factual basis for tying any alleged sales to the specific equipment at issue. Plaintiff may not use Request No. 48 to obtain all sales records of DDLA based on generalized allegations that the equipment may have contributed to revenue.

Plaintiff's punitive-damages argument also does not justify the request as drafted. Even where financial-condition discovery may be permitted in some federal cases involving punitive damages, that principle does not authorize discovery into all sales records, customer information, product records, invoices, business operations, or commercially sensitive transaction data. Punitive-damages discovery, if appropriate at all, must still be relevant and proportional. Request No. 48 is not a targeted request for current financial-condition information and is not limited to a specific punitive-damages issue.

The requested materials are also highly confidential and proprietary. DDLA's sales records may include sensitive operational data, customer information, pricing information, product information, transaction history, inventory information, regulatory information, and third-party business information. A protective order does not itself make irrelevant or disproportionate discovery discoverable. Confidentiality protections may address dissemination, but they do not eliminate Plaintiff's threshold burden to show relevance and proportionality.

Defendants served a supplemental response to Request No. 48. In that response, Defendants objected that the request is overbroad, unduly burdensome, and not proportional because it seeks all sales records of DDLA from May 2023 to the present without limitation to sales derived from the use or operation of the equipment at issue. Defendants further objected that the request seeks confidential, proprietary, and commercially sensitive business information.

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

Defendants stated that no documents will be produced in response to the request as presently drafted and that documents are being withheld on the basis of those objections.

That response is proper. Plaintiff has not shown that all DDLA sales records from May 2023 to the present are relevant or proportional. Nor has Plaintiff shown that the requested sales records are necessary to establish actual damages, punitive damages, unjust enrichment, or profits attributable to Plaintiff's equipment.

The Court should deny Plaintiff's motion to compel as to Request No. 48. If the Court is inclined to permit any discovery in this area, Defendants respectfully request that any order be narrowly limited, if at all, to nonprivileged documents within Defendants' possession, custody, or control that Plaintiff can specifically tie to the use, transfer, sale, or disposition of the particular equipment at issue and to a specific damages calculation Plaintiff has identified. Any such production should occur only after entry of an appropriate protective order and should exclude general sales records, customer information, pricing information, transaction data, product information, regulatory information, inventory records, and business-operation records unrelated to Plaintiff, the lease agreements, the equipment, or the claims and defenses in this action.

**REQUEST FOR PRODUCTION NO. 50:**

Security video footage of Deeper Dive LA Management LLC from May of 2023 to the present sufficient to identify when and where the Equipment was placed within the facility, and any instance documenting the Equipment being moved into, out of, or within the DDLA Facility.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks security video footage from May 2023 to the present, which may encompass a substantial volume of surveillance data, much of which is unrelated to the Equipment at issue. Responding Party further objects to the extent the Request seeks footage that no longer exists, was not preserved, or is not reasonably accessible in the ordinary course. No documents or video will be produced in response to this

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

Request as presently drafted, and responsive materials are being withheld on the basis of these objections.

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Responding Party objects to this Request on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks security video footage from May 2023 to the present, much of which would be unrelated to the equipment at issue. After reasonable inquiry, Responding Party states that it has not located responsive security footage showing the equipment being moved into, out of, or within the DDLA facility. To the extent any such footage once existed, Responding Party is informed and believes it is no longer available in the ordinary course. No documents or video will be produced in response to this Request. Responding Party is not withholding known, existing responsive footage based on objections.

Plaintiff's Position:

Such footage existed: stills from it were taken for another purpose and attached to a declaration by Defendant Egbert (Ex. 2, DDLA00180-186), which establishes that responsive footage existed at the DDLA facility. The request is already narrowed to footage "sufficient to identify" the placement and movement of the Equipment, so the burden objection fails.

Defendants' assertion that footage "no longer exists," "was not preserved," or is "not reasonably accessible" raises a serious preservation concern. Given Defendants' duty to preserve once litigation was reasonably anticipated, Defendants must state plainly what footage existed, what was preserved, when any litigation hold issued, and whether, when, and why any responsive footage was lost or destroyed. Plaintiff proposed this resolution at the conference; Defendants maintained their objections and did not provide that information.

Defendants' Position:

Defendants oppose Plaintiff's motion as to Request No. 50. The request seeks "security video footage of Deeper Dive LA Management LLC from May of 2023 to the present sufficient to identify when and where the Equipment was placed within the facility, and any instance documenting the Equipment being moved into, out of, or within the DDLA Facility." As drafted,

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

the request is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks security footage over an extended period of time, much of which would be unrelated to the equipment at issue.

Defendants served a supplemental response to Request No. 50. In that response, Defendants objected that the request is overbroad, unduly burdensome, and not proportional because it seeks security video footage from May 2023 to the present, much of which would be unrelated to the equipment at issue. After reasonable inquiry, Defendants stated that they have not located responsive security footage showing the equipment being moved into, out of, or within the DDLA facility. To the extent any such footage once existed, Defendants are informed and believe it is no longer available in the ordinary course. Defendants further stated that no documents or video will be produced in response to this request, and that Defendants are not withholding known, existing responsive footage based on objections.

That response is proper. Rule 34 requires production of documents and ESI within a party's possession, custody, or control; it does not require a party to produce video footage that has not been located after reasonable inquiry, is no longer available in the ordinary course, or does not presently exist within the responding party's possession, custody, or control. Plaintiff cannot obtain an order compelling production of nonexistent footage.

Plaintiff's reliance on still images attached to a declaration does not establish that responsive video footage currently exists, that it remains available, that Defendants are withholding it, or that it shows the equipment being moved into, out of, or within the DDLA facility. At most, Plaintiff's argument suggests that some security-camera images may have existed at some point in time. That does not prove that the particular responsive footage Plaintiff seeks still exists, was preserved, remains accessible, or is within Defendants' possession, custody, or control.

Plaintiff's suggestion of a "serious preservation concern" is speculative and unsupported. Defendants have stated that, after reasonable inquiry, they have not located responsive footage and are not withholding known, existing responsive footage. Plaintiff has not shown that Defendants destroyed responsive footage, failed to preserve known responsive footage after a

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

preservation duty arose, or acted with any intent to deprive Plaintiff of evidence. Plaintiff also has not established that routine overwriting, recycling, or unavailability of ordinary-course surveillance footage constitutes sanctionable conduct.

Plaintiff's preservation argument is also unsupported. California cannabis regulations require surveillance recordings to be retained for a minimum period, not indefinitely. The applicable cannabis surveillance requirements provide for retention of surveillance recordings for a minimum of 90 calendar days. Thus, ordinary-course surveillance systems at cannabis facilities are not required by cannabis regulations to preserve all footage indefinitely. The fact that footage may no longer be available in the ordinary course is therefore not, by itself, evidence of spoliation or discovery misconduct.

Nor has Plaintiff established the prerequisites for any spoliation finding or sanctions. Plaintiff has not shown that Defendants destroyed responsive footage, failed to preserve known responsive footage after a preservation duty arose, acted with any intent to deprive Plaintiff of evidence, or that the specific footage Plaintiff seeks would have shown the movement of the equipment into, out of, or within the DDLA facility. Plaintiff's speculation that footage might have existed at some point does not establish that responsive footage currently exists or that Defendants are withholding it.

Plaintiff's request that Defendants be compelled to provide a detailed narrative concerning all footage that may have existed, what was preserved, when any litigation hold issued, and whether, when, and why any footage was lost or destroyed goes beyond Request No. 50 as drafted. If Plaintiff seeks discovery concerning preservation efforts, litigation holds, or alleged spoliation, Plaintiff must propound targeted discovery or establish a proper basis for such relief. Request No. 50 seeks video footage; Defendants responded that no responsive footage has been located and that no known, existing responsive footage is being withheld.

The Court should deny Plaintiff's motion to compel as to Request No. 50. If the Court is inclined to require any further response, Defendants respectfully request that any order be limited to a supplemental written statement confirming whether, after reasonable inquiry, Defendants have located any known, existing, responsive security footage showing the equipment being

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

moved into, out of, or within the DDLA facility. The Court should not order production of nonexistent footage or permit Plaintiff to convert this request into broad collateral discovery concerning surveillance systems, litigation holds, preservation practices, or speculative spoliation allegations.

**REQUEST FOR PRODUCTION NO. 51:**

The building lease for the property utilized by Deeper Dive LA Management LLC, located at 2936 11th Street, Los Angeles, California, including payments, and any amendments or modifications thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Responding Party objects to this Request on the grounds that it seeks confidential lease and payment information not relevant to the claims and defenses in this action to the extent it seeks all payment information and other unrelated financial terms concerning the building lease for the property utilized by DDLA. Responding Party further objects that the Request is overbroad and not proportional to the needs of the case as presently drafted. No documents will be produced in response to this Request as presently drafted, and documents are being withheld on the basis of these objections.

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Responding Party objects to this Request on the grounds that it seeks confidential lease and payment information concerning real property and is overbroad and not proportional to the needs of the case as drafted. The building lease is not the lease agreement at issue in this action. Responding Party further objects to the extent the Request seeks private financial terms, payment history, landlord communications, or other information unrelated to the equipment, the equipment lease agreements, possession or control of the equipment, or claimed damages. No documents will be produced in response to this Request as drafted, and documents, if any, are being withheld on the basis of these objections.

Plaintiff's Position:

The premises lease bears on who controlled the facility where the Equipment sat and who

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

controlled access during the repossession dispute — a single, identifiable document. It will also identify the individuals who signed or guaranteed the lease, which may include Mr. Garawi, Mr. Egbert, and/or Mr. Forinelli, which again goes to control of DDLA for purposes of the conversion and civil theft claims. For the reasons stated as to Request No. 28, the overbreadth and confidentiality objections do not justify withholding and are resolved by the protective order. Defendants must produce it (or provide the terms and parties), subject to the protective order. Plaintiff proposed this resolution at the conference; Defendants maintained their objections.

Defendants' Position:

Defendants oppose Plaintiff's motion as to Request No. 51. The request seeks "[t]he building lease for the property utilized by Deeper Dive LA Management LLC, located at 2936 11th Street, Los Angeles, California, including payments, and any amendments or modifications thereof." As drafted, the request is overbroad, invasive, seeks confidential real-property lease and payment information, and is not proportional to the needs of the case.

The building lease is not the equipment lease agreement at issue in this action. Plaintiff's claims arise from alleged equipment lease obligations, alleged payment obligations, alleged default, alleged possession or control of equipment, alleged demand for return, alleged refusal, and disputed damages. Request No. 51 is not limited to those issues. Instead, Plaintiff seeks the entire premises lease, payment terms, payment history, amendments, modifications, and potentially landlord-related information concerning real property that is not the subject of Plaintiff's claims.

Plaintiff's assertion that the premises lease may show who controlled the facility is speculative and insufficient to justify production of the entire building lease and related payment information. Plaintiff has not shown that the building lease bears on the alleged equipment lease, delivery or acceptance of the equipment, payment obligations to Plaintiff, alleged default, alleged refusal to return equipment, alleged transfer or sale of equipment, or Plaintiff's claimed damages. Nor has Plaintiff shown that the identity of any person who may have signed, guaranteed, paid, negotiated, or communicated about the real-property lease proves possession or control of Plaintiff's specific equipment.

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

Rule 26(b)(1) requires discovery to be relevant to a claim or defense and proportional to the needs of the case. Request No. 51 does not satisfy that standard as drafted. It seeks confidential lease terms, private payment information, landlord communications, real-property business terms, and amendments or modifications unrelated to the lease agreements and equipment at issue. The fact that equipment may have been located at a facility does not make the entire premises lease, payment history, landlord relationship, or amendments discoverable.

Plaintiff's argument that the building lease might identify Garawi, Egbert, Forinelli, or another person does not cure the overbreadth problem. Plaintiff is attempting to use a real-property lease request as a proxy for broad control discovery. If Plaintiff seeks documents showing who had authority over access to a particular area of the facility during a specific repossession dispute, Plaintiff must request that narrow category directly. Plaintiff is not entitled to the full premises lease and payment information based on speculation that the document "may" identify individuals relevant to Plaintiff's tort theories.

A protective order does not itself make irrelevant or disproportionate real-property lease and payment discovery discoverable. Confidentiality protections may address dissemination, but they do not eliminate Plaintiff's threshold burden to establish relevance and proportionality.

Defendants served a supplemental response to Request No. 51. In that response, Defendants objected that the request seeks confidential lease and payment information concerning real property and is overbroad and not proportional to the needs of the case as drafted. Defendants further objected that the building lease is not the lease agreement at issue in this action and that the request seeks private financial terms, payment history, landlord communications, or other information unrelated to the equipment, the equipment lease agreements, possession or control of the equipment, or claimed damages. Defendants stated that no documents will be produced in response to this request as drafted, and that documents, if any, are being withheld on the basis of those objections.

That response is proper. Plaintiff has not shown that the entire premises lease, payment

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

history, landlord communications, amendments, modifications, guaranties, or other real-property lease materials are relevant or proportional. Plaintiff's motion should be denied as to Request No. 51.

If the Court is inclined to permit any discovery in this area, Defendants respectfully request that any order be narrowly limited, if at all, to nonprivileged documents or information sufficient to identify who had authority to grant or deny access to the specific area where Plaintiff contends the equipment was located during the relevant retrieval period. Any such order should exclude lease payment terms, payment history, landlord communications, rent records, guaranty information, unrelated amendments or modifications, confidential real-property lease terms, and any information unrelated to possession or control of the specific equipment at issue.

**REQUEST FOR PRODUCTION NO. 53:**

All documents and communications concerning Elan Chen's involvement with or participation in Deeper Dive LA Management LLC, including payments made or between Mr. Chen and Deeper Dive LA Management LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Responding Party objects to this Request on the grounds that it is overbroad and seeks documents not relevant to any claim or defense in this action to the extent it seeks all documents and communications concerning Elan Chen's involvement with DDLA without limitation. Responding Party further objects that the Request seeks private financial information, including payments, without showing relevance or proportionality. No documents will be produced in response to this Request as presently drafted, and documents are being withheld on the basis of these objections.

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Responding Party objects to this Request on the grounds that it is overbroad and seeks documents not relevant to any claim or defense in this action to the extent it seeks all documents and communications concerning Elan Chen's involvement with DDLA without limitation. Responding Party further objects that the Request seeks private financial information, including payments, without showing relevance or proportionality. No documents will be produced in

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

response to this Request as presently drafted, and documents are being withheld on the basis of these objections.

Plaintiff's Position:

Mr. Chen is a central percipient witness whose declaration describes the RFD sale. The request is narrowly tailored to his "involvement with or participation in" DDLA and payments between him and DDLA — not his unrelated personal affairs. His involvement and any payments are relevant to the operation and control of DDLA and to the events underlying the conversion and civil-theft claims, and Mr. Chen is among the witnesses Defendants have failed to identify in their initial disclosures. For the reasons stated as to Request No. 27, the flat refusal is improper and any confidentiality is resolved by the protective order. Plaintiff proposed this resolution at the conference; Defendants declined.

Defendants' Position:

Defendants oppose Plaintiff's motion as to Request No. 53. The request seeks "all documents and communications concerning Elan Chen's involvement with or participation in Deeper Dive LA Management, including payments made or between Mr. Chen and Deeper Dive LA Management." As drafted, the request is overbroad, invasive, seeks private financial information concerning a third party, and is not proportional to the needs of the case.

Plaintiff's claims arise from alleged lease obligations and equipment-related issues, including alleged payment obligations, alleged default, alleged possession or control of the equipment, alleged demand for return, alleged refusal, alleged transfer or sale, and disputed damages. Request No. 53 is not limited to those issues. Instead, Plaintiff seeks all documents and communications concerning Elan Chen's "involvement with or participation in" DDLA, as well as payments between Mr. Chen and DDLA, without limitation to Plaintiff, the alleged lease agreements, the specific equipment at issue, alleged possession or control of the equipment, alleged transfer or sale of the equipment, alleged refusal to return the equipment, or claimed damages.

Plaintiff's assertion that Mr. Chen is a "central percipient witness" does not make all

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

documents concerning his involvement with DDLA or all payments between him and DDLA discoverable. At most, Plaintiff's position may support narrowly tailored discovery concerning nonprivileged documents, if any, directly related to the specific RFD machine, the alleged transfer or sale of that machine, communications concerning Plaintiff's equipment, or facts specifically described in any declaration Plaintiff relies upon. It does not justify broad discovery into Mr. Chen's general relationship with DDLA, business dealings, financial transactions, payment history, compensation, investments, loans, reimbursements, or other private financial matters.

Rule 26(b)(1) requires discovery to be relevant to a claim or defense and proportional to the needs of the case. Request No. 53 does not satisfy that standard as drafted. Plaintiff has not shown that all documents concerning Mr. Chen's involvement with DDLA, or all payments between Mr. Chen and DDLA, are relevant to any claim or defense. Nor has Plaintiff shown that such broad discovery is necessary to prove possession or control of the equipment, alleged conversion, alleged civil theft, or damages.

The request also improperly seeks private financial information of a third party. Plaintiff has not identified any specific payment to or from Mr. Chen that it contends was derived from Plaintiff's equipment, traceable to any alleged sale or disposition of Plaintiff's equipment, or included in any claimed damages calculation. Plaintiff's speculation that payment records may bear on "operation and control" of DDLA is insufficient to justify production of broad third-party financial information.

Plaintiff's reliance on a protective order does not cure the defect. A protective order may address dissemination of confidential information, but it does not make irrelevant or disproportionate discovery discoverable. Plaintiff must first establish a specific factual nexus between the requested documents and the claims or defenses. Plaintiff has not done so.

Defendants served a supplemental response to Request No. 53. In that response, Defendants objected that the request is overbroad and seeks documents not relevant to any claim or defense to the extent it seeks all documents and communications concerning Elan Chen's involvement with DDLA without limitation. Defendants further objected that the request seeks

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

private financial information, including payments, without showing relevance or proportionality. Defendants stated that no documents will be produced in response to the request as presently drafted, and that documents, if any, are being withheld on the basis of those objections.

That response is proper. Plaintiff is not entitled to broad discovery into Elan Chen's general involvement with DDLA or private payment information. Plaintiff's motion should be denied as to Request No. 53.

If the Court is inclined to permit any discovery in this area, Defendants respectfully request that any order be narrowly limited, if at all, to nonprivileged documents within Defendants' possession, custody, or control that specifically concern Elan Chen's communications or involvement regarding the particular RFD machine, the alleged transfer or sale of that machine, Plaintiff's specific equipment, Plaintiff's retrieval efforts, or a specific damages calculation Plaintiff has identified. Any order should exclude general DDLA relationship materials, unrelated business communications, third-party financial records, payment information, compensation records, investment records, loan records, reimbursements, and any documents unrelated to Plaintiff, the lease agreements, the equipment, or the claims and defenses in this action.

## III. RELIEF REQUESTED

For the reasons stated, Plaintiff respectfully requests that the Court enter an order compelling Defendants to:

Serve supplemental, code-compliant responses that withdraw the boilerplate objections and the Preliminary Statement's blanket reservations, and that, for each request, state whether responsive materials are being withheld pursuant to Rule 34(b)(2)(C);

Produce, by a date certain, all non-privileged responsive documents and communications, including the negotiation, performance, payment, default, removal/sale, shipment, possession, financial, ownership/control, and operational categories identified above;

Run the ESI search terms across the custodians identified above, as supplemented, under

attorney supervision, and produce non-privileged responsive ESI, or meet and confer in good faith on an ESI protocol supported by burden data;

Serve a privilege log complying with Rule 26(b)(5)(A) for anything withheld on privilege grounds;

For each "no documents" and "unable to comply" response, provide a written description of the custodians, devices, sources, and search terms used, consistent with Rule 26(g);

Supplement the Rule 26(a)(1)(A)(i) initial disclosures to identify, by name and last-known contact information, all non-party individuals likely to have discoverable information, with the subjects of that information, and produce the document categories the Disclosing Defendants identified in their initial disclosures, or state the basis for withholding any disclosed category; and

Award Plaintiff its reasonable expenses, including attorneys' fees, incurred in making this motion pursuant to Rule 37(a)(5).

<u>Defendants' statement of relief and position:</u>

Defendants respectfully request that Plaintiff's motion to compel be denied. Plaintiff seeks relief that is far broader than the discovery at issue and that would improperly convert this commercial lease and equipment dispute into broad discovery concerning Defendants' personal finances, unrelated business operations, confidential cannabis regulatory materials, private compensation records, criminal/probation materials, third-party financial information, and company-wide ESI.

Plaintiff's requested relief should be denied because Defendants have served supplemental responses, produced responsive nonprivileged documents located after reasonable inquiry, clarified whether documents are being withheld based on objections, and identified the bases for their objections. Defendants have not refused to participate in discovery. Rather, Defendants have objected to Plaintiff's overbroad, disproportionate, invasive, and insufficiently tailored discovery requests, while producing documents where responsive, nonprivileged materials were located and within Defendants' possession, custody, or control.

Plaintiff's request that the Court order Defendants to withdraw objections should be

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

denied. Defendants' objections are not boilerplate. They are directed to specific defects in Plaintiff's requests, including overbreadth, lack of proportionality, lack of relevance to the claims and defenses, privacy, confidentiality, proprietary business information, personal financial information, criminal/probation materials, third-party financial information, and ESI burden. Rule 26(b)(1) does not permit discovery merely because information may exist. The discovery must be relevant to a claim or defense and proportional to the needs of the case. Plaintiff's disputed requests fail that standard in multiple respects.

Plaintiff's request for an order compelling production of "all non-privileged responsive documents and communications" should also be denied because Plaintiff's formulation assumes that all categories it seeks are properly discoverable. They are not. Plaintiff seeks broad financial records, revenue and sales records, METRC data, compensation records, investor materials, licensing records, building lease records, criminal/probation materials, investigation materials, and non-party payment information without establishing a specific factual nexus to the lease agreements, the specific equipment at issue, alleged payment obligations, alleged default, alleged possession or control of the equipment, alleged refusal to return equipment, alleged transfer or sale of equipment, or claimed damages. A protective order does not make irrelevant or disproportionate discovery discoverable.

Plaintiff's request to impose its unilateral ESI protocol should be denied. Defendants do not refuse ESI discovery. Defendants object to Plaintiff's proposed protocol because it seeks broad ESI over a multi-year period using overbroad terms and insufficient limitations on custodians, sources, search methodology, burden, duplication, privilege review, proportionality, and the claims and defenses actually at issue. Defendants have produced ESI in response to supplemental responses, including responsive email chains and text chains where located. Defendants remain willing to meet and confer regarding a reasonable and proportional ESI protocol, including appropriate custodians, targeted date ranges, specific data sources, targeted search terms, deduplication, form of production, privilege review, and clawback procedures. The Court should not impose Plaintiff's unilateral protocol.

Plaintiff's request for a privilege log should be denied as unnecessary except to the extent

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

any responsive documents are actually withheld on the basis of privilege. Defendants do not dispute their obligations under Rule 26(b)(5)(A). If Defendants withhold responsive documents on the basis of attorney-client privilege, work product, or another applicable protection, Defendants will provide an appropriate privilege log. However, Plaintiff is not entitled to a privilege log for documents that do not exist, were not located after reasonable inquiry, are outside Defendants' possession, custody, or control, or are withheld solely on non-privilege objections such as relevance, proportionality, privacy, confidentiality, or burden.

Plaintiff's request that Defendants provide a written description of custodians, devices, sources, and search terms for each "no documents" or "unable to comply" response should be denied as overbroad and unsupported. Rule 26(g) requires a reasonable inquiry; it does not require a responding party to provide a full discovery-on-discovery narrative for every response absent a specific showing that such information is warranted. Defendants have served supplemental responses after reasonable search and diligent inquiry. Where no responsive nonprivileged documents were located, Defendants have stated so. Plaintiff's speculation that additional documents "must exist" is not a basis to impose broad discovery-on-discovery obligations. If the Court believes additional clarification is warranted for any particular request, Defendants respectfully request that such clarification be limited to the specific request and issue identified by the Court.

Plaintiff's request for supplementation of Rule 26(a)(1) initial disclosures should be denied to the extent Plaintiff seeks disclosure of every employee, contractor, third party, or person Plaintiff believes may have information. Rule 26(a)(1)(A)(i) requires a party to identify individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. It does not require Defendants to identify every person who may have some theoretical knowledge or to adopt Plaintiff's view of who is relevant. Defendants will supplement their initial disclosures as required by Rule 26(e) if additional individuals or categories of documents are identified that Defendants may use to support their claims or defenses. Plaintiff's broader request should be denied.

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

Plaintiff's request for expenses and attorneys' fees under Rule 37(a)(5) should be denied. Defendants' positions were substantially justified. The disputed issues involve legitimate disagreements regarding relevance, proportionality, privacy, confidentiality, proprietary business information, personal financial information, criminal/probation materials, third-party financial information, ESI scope, possession, custody, control, and the proper scope of discovery in a commercial equipment lease dispute. Defendants served supplemental responses, produced documents, and participated in meet-and-confer efforts. Sanctions are not warranted.

Accordingly, Defendants respectfully request that the Court deny Plaintiff's requested relief in its entirety.

In the alternative, if the Court is inclined to grant any relief, Defendants request that any order be narrowly tailored as follows:

1. The Court should not order withdrawal of Defendants' objections wholesale. Any further response should be limited to specific requests for which the Court finds supplementation necessary.
2. The Court should not order production of broad financial records, sales records, METRC data, compensation records, investor materials, licensing records, criminal/probation materials, investigation materials, building lease records, or third-party payment information unless Plaintiff first establishes a specific factual nexus to the lease agreements, the specific equipment at issue, alleged possession or control of the equipment, alleged transfer or sale, alleged refusal to return, or a specific damages calculation.
3. The Court should deny Plaintiff's request to impose its unilateral ESI protocol and instead, if necessary, order the parties to meet and confer further regarding a proportional ESI protocol addressing custodians, sources, date ranges, search terms, deduplication, form of production, privilege review, and clawback procedures.
4. Any privilege-log requirement should apply only to responsive documents withheld on the basis of privilege or work-product protection, not documents withheld based on

ALBUT LAW, P.C.
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

relevance, proportionality, privacy, confidentiality, burden, or documents not located after reasonable inquiry.

5. Any requirement for search descriptions should be limited to specific requests for which the Court finds that additional clarification is warranted, rather than imposed globally for every "no documents" response.
6. Any Rule 26(a)(1) supplementation should be limited to individuals and document categories Defendants may use to support their claims or defenses, as required by Rule 26(a)(1) and Rule 26(e), and should not require disclosure of uninvolved employees, non-parties, private personnel information, or persons not likely to have discoverable information relevant to the claims or defenses.
7. Any ordered production of confidential, proprietary, private, financial, regulatory, or commercially sensitive information should occur only after entry of an appropriate protective order.
8. Plaintiff's request for attorneys' fees and expenses should be denied because Defendants' objections and positions were substantially justified and the motion concerns legitimate discovery-scope disputes.

Respectfully submitted,

Dated: July 30, 2026

ALBUT LAW, P.C.

By: /s/ Christian J. Albut

Christian J. Albut (CA Bar No. 283257)

Attorneys for Defendants

BRYCE EGBERT, ALI GARAWI, DEEPER DIVE LA MANAGEMENT, LLC, and FINAL BELL CORP.

Attestation (L.R. 5-4.3.4): The filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

**ALBUT LAW, P.C.**
11622 El Camino Real, Suite 100
San Diego, CA 92130
Tel: (619) 375-0241 / Fax: (858) 764-2

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system on the interested party(ies) in this action as follows:

| | |
|---|---|
| David F. Olsky, Esq.<br>Olsky Law LLC<br>3065 Center Green Dr.<br>Boulder, CO 80301<br>E-Mail: David.Olsky@olskylaw.com | Attorneys for Plaintiff, SPARTAN EAGLE LEASING CAPITAL, LLC |

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

/s/ Christian J. Albut
Christian J. Albut, Esq.