*Pro Hac Vice*
David F. Olsky (CO Bar No. 46694)
David.olsky@olskylaw.com
Olsky Law LLC
3065 Center Green Dr.
Boulder, CO 80301
Phone: (720) 362-2930

Monique Cain
Cain Legal
4429 E. Village Rd. Suite 209
Long Beach, CA 90808
(562) 517-7702
moniquecain25@gmail.com

JAMES LAKE, ESQ.
James Lake, Bar No. 298060
340 Royal Poinciana Way, #317-101
Palm Beach, Florida 33480
(949) 307-3665
jim@spartan-eagle.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPARTAN EAGLE LEASING CAPITAL, LLC,<br><br>v.<br><br>BRYCE EGBERT, TAISIIA POPOVA, EGBERT ENTERPRISES, LLC, DEEPER DIVE LA MANAGEMENT, LLC, DEEPER DIVE LA, LLC, ALI GARAWI, GREEN ACRE MANAGEMENT, INC., THOMAS FORINELLI, FINAL BELL CORP., GARRY RIVERA, ALAN MAO, JAMES ESPOSITO, HERITAGE MISSOURI, LLC and DOES 1-100, inclusive,<br><br>Defendants. | **CASE NO.: 2:24-cv-08896-JAK-AYP**<br><br>**PLAINTIFF'S SUPPLEMENTAL REPORT CONCERNING ITS REQUEST FOR AN INFORMAL DISCOVERY CONFERENCE** |

Per Magistrate's Order dated August 20, 2026, Plaintiff Spartan Eagle Leasing Capital, LLC ("Plaintiff") hereby submits its Supplemental Report Concerning Its Request for an Informal Discovery Conference. In further support for its request, Plaintiff states as follows.

After the Magistrate issued the August 20 Order, Plaintiff and Defendants conferred and were able to significantly reduce the number of disputes. Appendix A to this Supplement is a copy of the Parties' understanding concerning the resolved disputes, and also a joint request to extend the discovery deadline by three months in light of the anticipated productions and additional time necessary to complete the depositions thereafter. The remaining disputes are as follows:

## I. Collection and Production of Materials Relating to Ali Garawi and Tom Fornarelli.

Plaintiff seeks documents and information concerning Ali Garawi and Tom Fornarelli, and how they came into possession of Plaintiff's equipment – and then refused to give it back. They are named defendants (Mr. Fornarelli as a principal of Final Bell) and are key custodians and witnesses. Relevant Requests for Production ("RFPs") include the following:

**31. All documents and communications concerning how, beginning no later than July 2023, Ali Gawari and Thomas Forinelli became involved in, and participated in discussions and correspondence with Plaintiff concerning ownership changes, management changes, and retrieval of Plaintiff's Equipment, including all separate communications (texts and emails), draft or finalized purchase agreements, employment agreements, management agreements, licensing agreements or otherwise.**

**32. All documents and communications concerning Ali Garawi,Thomas Forinelli and Final Bell's relationship with Deeper Dive LA Management LLC.**

**33. All documents and communications concerning Ali Garawi, Thomas Forinelli, and Final Bell's role, employment, management and/or operation of Deeper Dive LA Management LLC.**

Defendants will not agree to search for or produce responsive documents. Defendants take the position that Defendant Garawi and Fornarelli (Defendant Final Bell's principal) were not relevant as they did not sign the Master Equipment Lease. Defendants ignore the facts alleged in the First

Amended Complaint. Per the First Amended Complaint, beginning in July 2024, James Lake (Plaintiff's principal) was referred to Garawi and Fornarelli about the return of Plaintiff's equipment. *See* FAC ¶ 49 ("In July of 2024, Plaintiff was added to a text chain since additional owners were said to be involved in the operations of the DDLA/DDM at the DDLA Facility. (Ex. E, July Text Chain). These additional owners were Ali Garawi, and his company Green Acre Management, and Tom [Fornarelli], through his company Final Bell. These additional owners asserted themselves into the operation of the DDLA facility where the Plaintiff's equipment is located"); see also FAC ¶¶ 50-63. Exhibits to the First Amended Complaint included these very emails and texts, reflecting that Garawi and Final Bell were exercising dominion and control over the equipment and the DDLA facility. *See* Ex. E to FAC, Docket No. 59-5.

As also alleged in the First Amended Complaint – citing again to exhibits attached to the First Amended Complaint – Garawi and Fornarelli also refused to return the equipment despite being shown that DDLA was in default. FAC ¶¶ 57-63, Ex. F to FAC (James Lake Declaration) ¶¶ 19-32 (Docket No. 59-6); Ex. G to FAC (Elan Chan Decl.) ¶¶ 13-26 (Docket No. 59-7); Ex. H to FAC (James Lake September 29, 2024 letter to A. Garawi), (Docket No. 59-8). With it ex parte application for a writ of possession, Plaintiff also submitted to the court the affidavit of a courier who had gone to the DDLA facility to pick up the equipment. Garawi, however, refused to let the Equipment leave the building. Decl. of Shane Carver, Docket No. 2-12.

The documents requested are thus highly relevant at the least to the claims of conversion and civil theft. Whether and the extent to which Garawi and Final Bell exercised dominion and control are elements of each claim, and Garawi and Final Bell have asserted as a defense that they are not liable. Further, the issue in this litigation is who "controlled" the Equipment, which may be individuals not identified on the Lease (such as Garawi and Final Bell). The issue is raised as to whether these were

the *de facto* owners of DDLA, while Mr. Egbert was merely a straw owner, presumably because Mr. Egbert can obtain licensing for the sale of marijuana products and Mr. Garawi likely cannot given his criminal record. The documents requested are thus are highly germane to this dispute.

Defendants should thus be required to collect and search the same ESI for Garawi as they have for the other defendants; should be required to produce documents identifying any proposed acquisitions or relationships between the two; and should be required to run search terms across all ESI that are likely to identify documents responsive to these Requests – i.e., "garawi," "muha meds," "final bell" and "fornarelli." (Muha meds appears to be Mr. Garawi's place of employment.)

## II. Documents Concerning Defendants' Revenue and Profits

Plaintiff's understanding is that the Equipment that it leased was critical to DDLA being able to derive any revenue or profits. This was repeatedly represented by Mr. Egbert and others to Mr. Lake. The following RFPs seek documents related to the revenues and profits:

> **22. All documents and communications concerning any revenues, profits, or other financial benefits derived from the use, operation, or sale of the Equipment by any Defendant.**
>
> **23. All financial statements, balance sheets, profit and loss statements, and other financial records of each Defendant from January 1, 2023, to the present.**
>
> **48. All documents and communications concerning sales records of Deeper Dive LA Management LLC from May of 2023 to the present.**

These records are relevant to Defendants' intent, as well as to Plaintiff's punitive damages relief on its claims of conversion and civil theft. Further, in the order dated October 25, 2024 requiring the return of the Equipment to Plaintiff (Docket No. 38) at p. 5, the Court already ordered the seizure of "any and all books and records related to, reflecting, or associated with any sale, transfer or

disposition of any of" the Equipment. Defendants, however, did not turn over that information and continue to this day to refuse to turn them over.

Defendants have argued that these documents are not relevant to actual damages, but they have conceded that they are relevant to punitive damages, and are potentially discoverable in pretrial discovery in federal court. Defendants have argued that there should be a staged production of these documents and that they should not have to produce them until some later phase of the case.

Plaintiff objects as delay would only force discovery to go on longer and serve no valid purpose than delaying the inevitable. And certain financial records were already required to be produced by the Court's October 25, 2024 order ("books and records" concerning the disposition of the equipment). Plaintiff needs these documents prior to depositions of key witnesses, including Defendants themselves. Defendants should be ordered to produce these documents now.

## III. Mr. Garawi's Communications With The Government Concerning His Employment

During the events at issue, Mr. Garawi was on probation for committing wire fraud. Per his plea agreement, he was required to provide information to the probation department about his employment. Moreover, Mr. Garawi's communications with the government about his plea agreement for fraud are likely to be relevant to issues of intent and impeachment. Plaintiff sought to obtain such documents through RFP No. 27

> **27. All documents and communications concerning the information and representations submitted by Ali Garawi to any agency of the U.S. Government (including without limitation the probation office and the U.S. Attorney's office) required under his plea agreement.**

Citing *United States v. Schlette*, 842 F.2d 1574 (9th Cir. 1988), amended, 854 F.2d 359 (9th Cir. 1988), Defendants have resisted, arguing that such documents are "court records" and subject to the supervision of the Court. Defendants misread this case: *Schlette* involved a request by news

organizations to the Court for the presentence report of the criminal defendant and certain other documents retained by the Court. And the Ninth Circuit *granted* the request, and ordered that these materials be produced from the court docket. *See id.* at 1583–84.

This is not the same. Plaintiff is seeking Defendants' own documents, not those of the Court. There is no privilege or case law of which Plaintiff is aware that would allow Defendants to resist the production of their own relevant documents that they sent to or received from the probation department. Such materials are plainly relevant to the litigation and should be produced.

**IV. "Attorney Eyes Only" Designations In Proposed Protective Order**

In discussions on the Protective Order, Defendants have demanded an additional protection concerning the financial and employee documents that they might be required to produce to Plaintiff. They have demanded an "attorney eyes only" designation that would prevent Plaintiff counsel from sharing with Plaintiff's sole member, James Lake, the information defendant produces under this designation.

Mr. Lake is an attorney and is concurrently representing Plaintiff as a named counsel. He understands his obligations under the confidentiality order and there is no reason to prevent him from seeing any documents produced by Defendants. Mr. Lake is not a competitor; as the owner of the Equipment, the Lease even contains certain provisions *requiring* that Defendants send such information to him. *See* Master Agreement § 22 (requiring that DDLA produce to Plaintiff "as soon as available, and in any event within 120 days after the last day of' each fiscal year of Lessee, a copy of the financial statements of Lessee as of the end of such fiscal year, certified by an independent certified public accounting firm of recognized standing reasonably satisfactory to Lessor, (b) within 45 days after the last day of each fiscal quarter of Lessee a copy of its financial statements as of the end of

such quarter certified by the principal financial officer of Lessee, and (c) such additional information concerning Lessee, any Guarantor, and any Subsidiary as Lessor may reasonably request.”).

The use of “attorney eyes only” designation seems designed only to prejudice Plaintiff by preventing counsel from sharing such information and educating Mr. Lake about the value of his claims. There is no justification for such a strict sharing regimen when there is no reasonable possibility that Defendants’ confidential information will be used against them.

**APPENDIX A**

Plaintiff's Understanding of Issues Resolved Among The Parties for Purposes of the IDC

1) Defendants will supplement their initial disclosures Plaintiffs under Rule 26(a)(1)(A)(i) to identify each individual then known to Defendants whom Defendants may use to support their claims or defenses, together with the subjects of that information, and will continue to supplement under Rule 26(e) as additional such individuals are identified. The supplement shall be served on or before September 15, 2027.

2) Defendants will provide the information requested by Requests for Production ("RFPs") Nos. 28 and 29, with documents sufficient to identify the members, managers, directors, officers, and controlling persons of DDLA and Final Bell Corp., with titles and dates of service. A written disclosure will also be sufficient. The information shall be served on or before September 15, 2026. This production resolves RFP Nos. 28 and 29 in full, subject to any objections that Plaintiffs may have upon receiving the supplement. Defendants do not by this paragraph agree to produce, and expressly preserve their objections to, employment files, home addresses, Social Security or other personal identifiers, and compensation, benefits, and performance records of individuals with no connection to the lease transaction or the equipment. Plaintiffs also reserve their rights to seek further information as appropriate.

3) Defendants will produce the seven categories identified in Defendants' Rule 26(a)(1) disclosures, including the lease and related contract documents. This production shall occur on or before September 15, 2026.

4) Defendants represent as follows

"Defendants have completed a supplemental collection from the following custodians Bryce Egbert; Deeper Dive LA Management, LLC; Final Bell Corp. across business email; personal email used for business; mobile devices, including SMS, iMessage, WhatsApp, and Signal; cloud storage; shared drives; accounting systems; physical files, for the period of the lease until pick up of the equipment. Responsive, non-privileged documents were produced and we will do another round to see if there may be any additional documents.

Defendants state that document count is not the measure of compliance and do not ask Plaintiff to accept the production as complete on that basis. Where a search locates no responsive documents in a category, Defendants will say so, identify what was searched, and state, as Rule 34(b)(2)(C) requires, whether anything is being withheld on the basis of an objection."

The further round of collection and review described above shall be completed, and any additional responsive, non-privileged documents produced, on or before October 2, 2026.

5) Defendants will agree to run the following search terms 2024 against the electronically stored information of custodians Bryce Egbert, Deeper Dive LA Management, LLC, and Final Bell Corp., for the period January 1, 2023 through December 31, 2024: spartan-eagle.com, Spartan, Eagle, Permacool, "Perma cool," Heritage, RFD, "Rolled Film," Centrifuge, Delta, Jim w/2 Lake, James w/2 Lake, Rivera, Mao, Esposito, Egbert, "deeper dive," DDLA, and Novello. Plaintiff will run the same terms against the electronically stored information of its own custodians (except for Spartan, Eagle, spartan-eagle.com, Jim w/2 Lake, or James w/2 Lake) for the same period and produce responsive, non-privileged documents on the same schedule. Plaintiff shall seek at the IDC a resolution on whether Defendants must also search the terms "garawi," "fornarelli," "final bell" and "muha meds."

6) The production from these search terms shall begin by August 31, 2026 and shall be thereafter made on a rolling basis and substantially complete on or before October 2, 2026.

7) Plaintiff shall reserve its position on whether additional terms shall be requested until after it reviews the production. Defendants reserve all objections to any additional search terms, custodians, sources, or date ranges Plaintiff may propose. Plaintiff takes the position that Ali Garawi's electronically stored documents and information also needs to be collected and reviewed for production. Defendants do not agree, and that issue is presented to the Court under paragraph 10 below.

8) The Parties agree to jointly request that the current scheduling order be amended as follows:

Non-Expert Discovery Cut-Off. December 31, 2026.

Initial Expert Disclosures. January 15, 2027

Rebuttal Expert Disclosures. January 29, 2027.

Expert Discovery Cut-Off. February 12, 2027.

Last day to file all motions (including discovery motions). February 12, 2027.

The joint request shall set forth good cause under Rule 16(b)(4), based on the scope of the parties' electronic discovery and the disputes presented at the August 26, 2026 Informal Discovery Conference.

9) All productions under this stipulation are made subject to entry of a protective order. The Parties will lodge a stipulated protective order based on Magistrate Judge Park's standard form, potentially with certain additional terms, on or before September 8, 2026. The Parties will further negotiate in good faith a stipulated ESI protocol addressing custodians, sources,

date ranges, search terms, de-duplication, form of production, privilege logging, and clawback under Federal Rule of Evidence 502(d), to be lodged on or before September 21, 2026.

10) Plaintiff shall supplement its disclosures with the computation of each category of damages required by Rule 26(a)(1)(A)(iii), together with the documents on which each computation is based, on or before September 15, 2026.

Nothing in this stipulation waives, and each party expressly reserves, all objections, privileges, and rights not expressly resolved here, including as to relevance, proportionality, burden, privacy, confidentiality, privilege, and possession, custody, and control.

DATED: August 24, 2026

**OLSKY LAW LLC**

By: *s/ David F. Olsky*
David F. Olsky, pro hac vice
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

Christian Joseph Albut (by CM/ECF)
11622 El Camino Real, Suite 100
San Diego, CA 92130
619-335-0491
Email: christianalbut@hotmail.com
Attorneys for Bryce Egbert, Ali Garawi, and Deeper Dive LA Management LLC

*s/David Olsky*
David Olsky